IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Argon Credit LLC<br><br>   Debtor. | Chapter 11<br><br>Case No. 16-39654<br><br>Hon. _____ |
| In re:<br><br>Argon X LLC<br><br>   Debtor. | Chapter 11<br><br>Case No. 16-39655<br><br>Hon. _____ |

**ORDER AUTHORIZING THE MAINTENANCE OF BANK ACCOUNTS AND CONTINUED USE OF EXISTING BUSINESS FORMS AND CHECKS, AUTHORIZING THE CONTINUED USE OF THE EXISTING CASH MANAGEMENT SYSTEM, WAIVING CERTAIN INVESTMENT AND DEPOSIT GUIDELINES, AND GRANTING**

THIS MATTER, coming to be heard on the *Emergency Joint Motion of the Debtors Authorizing the Maintenance of Bank Accounts and Continued Use of Existing Business Forms and Checks, Authorizing the Continued Use of the Existing Cash Management System, and Waiving Certain Investment and Deposit Guidelines* (the "**Motion**") filed by the debtors and debtors-in-possession in the above-captioned bankruptcy case (collectively, the "**Debtors**"), the Court having determined that proper notice under the circumstances and as required by the Federal Rules of Bankruptcy Procedure was provided and that no other or further notice is necessary, it appearing this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; that venue of these cases and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; that this matter is a core proceeding pursuant to 28 U.S.C. §157(b); and this Court being duly advised in the premises and after due deliberation thereon; and good and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1. For the reasons set forth on the record, the Motion is GRANTED.

2. The Debtors are authorized, but not directed, to maintain and use their existing Cash Management System, as more fully set forth in the Motion.

3. The Debtors are authorized to maintain and use the existing Bank Accounts listed on **Exhibit "A"** (the "**Bank Accounts**") to the Motion in the name and with the account numbers existing immediately prior to the Petition Date.

4. The requirement in the Guidelines promulgated by the United States Trustee for the Northern District of Illinois that the Debtors establish debtor-in possession account(s) or a specific new bank accounts for tax payments is waived.

5. The Debtors shall retain the authority to close or otherwise modify certain of their Bank Accounts and open new debtor-in-possession accounts, or otherwise make changes to their cash management system as they deem necessary to facilitate their Chapter 11 cases and operations, or as may be necessary to comply with the requirements of any debtor-in-possession financing facility or cash collateral usage approved by this Court. In the event that the Debtors open or close any additional bank accounts, such opening or closing shall be timely indicated on the Debtors' monthly operating reports or notice of such opening or closing shall otherwise be timely provided to the Office of the United States Trustee for the Northern District of Illinois and counsel to any official committee of unsecured creditors appointed in these cases (subsequent to its appointment).

6. The Debtors are authorized to deposit funds in and withdraw funds from their Bank Accounts by all usual means, subject to the same access rights and limitations existing prior to the Petition Date, including, but not limited to, checks, wire transfers, automated clearinghouse

transfers, electronic funds transfers, and other debits and to treat the Bank Accounts for all purposes as debtor-in-possession accounts.

7. The Debtors are authorized to continue to use its pre-printed checks, correspondence, and business forms and checks, including, but not limited to, purchase orders, letterhead, envelopes, promotional materials, and other business forms, substantially in the forms existing immediately prior to the Petition Date, without reference to the Debtors' debtor-in-possession status, provided that the Debtors will add the "Debtor-in-Possession" designation to any new checks that they obtain or create postpetition.

8. The bank(s) listed on **Exhibit "A"** to the Motion and any and all other financial institutions receiving or transferring funds from the Debtors (the "**Bank**") are hereby authorized and directed to continue to service and administer the Bank Accounts of the relevant Debtors as a debtor-in-possession without interruption and in the usual and ordinary course, and to receive, process, honor and pay any and all checks, drafts, wires, or ACH transfers drawn on the Bank Accounts by the holders or makers thereof, provided that nothing contained herein shall authorize any such bank to honor any check issued or dated prior to the date of the commencement of these cases, except as otherwise provided by further order of this Court. In no event shall any of the Banks be required to honor overdrafts or to pay any check, wire or other debit against any of the Bank Accounts that is drawn against uncollected funds.

9. The Debtors may continue to pay, and the banks may continue to charge and collect, all customary and usual fees arising from or related to the Bank Accounts.

10. For banks at which the Debtors hold accounts that are not party to a uniform depository agreement with the Office of the United States Trustee for the Northern District of Illinois, the Debtors are authorized, but not required, to use their good-faith efforts to cause the

banks to execute a uniform depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a uniform depository agreement in a form prescribed by the U.S. Trustee are fully reserved.

11. Subject to Section 553 of the Bankruptcy Code, all banks that maintain the Bank Accounts are prohibited from offsetting, affecting, freezing, or otherwise impeding the Debtors' use of any funds in the Bank Accounts on account of, or by reason of, any claim (as defined in Section 101(5) of the Bankruptcy Code) of any such bank against the Debtors that arose before the Petition Date, absent further order of this Court.

12. In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions (including Intercompany Transactions) may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions.

13. Rule 6003(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

14. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

15. The Court shall retain jurisdiction to hear and determine all matters arising from or relating to the interpretation or implementation of this Order.

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE

Prepared by:

*/s/ Matthew T. Gensburg*
Matthew T. Gensburg (ARDC# 6187247)
E. Phillip Groben (ARDC# 6299914)
**DALE & GENSBURG, P.C.**
200 West Adams St., Ste. 2425
Chicago, Illinois 60606
Telephone: (312) 263-2200
Facsimile: (312) 263-2242
mgensburg@dandgpc.com
pgroben@dandgpc.com

**PROPOSED COUNSEL FOR DEBTOR**