**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| Argon Credit LLC | Case No. 16-39654 |
| Debtor. | Hon. _____ |
| In re: | Chapter 11 |
| Argon X LLC | Case No. 16-39655 |
| Debtor. | Hon. _____ |

**FIRST INTERIM ORDER AUTHORIZING DEBTORS' USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION AND RELATED RELIEF**

THIS MATTER came to be heard on the *Emergency Motion of Argon X LLC for Interim Authorize to Use of Cash Collateral Pursuant to 11 U.S.C. §§ 363(c) and 363(e) and Rule 4001(b) of the Federal Rules of Bankruptcy Procedure* (the "**Motion**") filed by the debtors and debtors-in-possession in the above-captioned bankruptcy case (collectively, the "**Debtors**"); the Court having determined that proper notice under the circumstances and as required by Rule 4001(b) of the Federal Rules of Bankruptcy Procedure was provided; the Debtors' use of cash collateral to cover the expenditures set forth on Exhibit A to the Motion is necessary to avoid immediate and irreparable harm to Debtors' estate pending a final hearing on the Motion; and that the adequate protection proposed by the Debtors to be provided to the Debtor's lenders is sufficient to cover any projected diminution in value during the Budget period; and the Court having considered the representations and acknowledgements of the Debtors, as set forth below, along with the pleadings, arguments of counsel, and evidence;

**THE COURT HEREBY FINDS THE FOLLOWING:**

A.	On December 16, 2016 (the "**Petition Date**"), the Debtors filed their voluntary petitions under Chapter 11 of the United States Bankruptcy Code.

B.	The Debtors are in possession of their property and continue to operate and manage their business as a debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code

C.	This Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). Venue of this bankruptcy case and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

D.	Based on the emergency nature and the interim relief granted herein, due and adequate notice of the Motion and the hearing was served on all parties-in-interest requiring notice under these circumstances in accordance with Rule 4001(b) of the Federal Rules of Bankruptcy Procedure.

E.	The proposed adequate protection to Fintech Financial, LLC and Princeton Alternative Income Fund, LP (collectively, the "**Senior Lenders**") and Margon, LLC ("**Junior Lender**", and together with the Senior Lenders, the "**Lenders**") is proposed in good faith and sufficient to cover any projected diminution in value to the Lenders' pre-Petition Date collateral, if any, during the Budget period.

F.	The operating expenses proposed to be paid by the Debtors, as represented in the Budget (defined below), are reasonable and necessary to prevent irreparable injury, loss, or damage to Debtors' estate. This Court concludes that entry of this Interim Order is in the best interests of the estates at this time because its implementation will, among other things, allow for the continued operation of the Debtors' existing business and preservation of value for all constituents.

G.	At the present time, the Debtors have a need for cash in order to fund working

capital, operating expenses, fixed charges, payroll, and other general corporate purposes arising in the Debtors' ordinary course of business, each as necessary for the orderly maintenance and operation of the Debtors' businesses as going concerns.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. **Use of Cash Collateral**. The Debtors are authorized to use the Lenders' cash collateral in accordance with the budget attached hereto as **Exhibit A** (the "**Budget**"); *provided, however,* total disbursements under the Budget may not exceed 10% on a total-disbursements cumulative basis and 10% on a line-item cumulative basis (the "**Budget Variance**"). The Debtors are authorized to use the Lenders' cash collateral to fund working capital, operating expenses, fixed charges, payroll, and all other general corporate purposes arising in the Debtors' ordinary course of business only as shown on the Budget. Nothing in this Order prevents the Lenders from consenting to the use of cash collateral for the payment of ordinary-course postpetition expenses of the estate. Debtors shall provide to Senior Lender on a monthly basis a comparison of actual cash expenditures to budgeted cash expenditures.

2. **Adequate Protection**. The adequate protection provided to the Lenders in this Order is only to the extent that the Lenders' asserted liens and security interests in the Debtors' pre-Petition Date property are perfected, valid, and not avoidable as of the Petition Date. Subject to the Court so finding, the following adequate protection ("**Adequate Protection**") is provided to the Lenders as adequate protection of the Lenders' asserted pre-Petition Date security interests in the Debtors' pre-Petition Date collateral.

   a. From the Petition Date until such time as the Debtors no longer use the Senior Lender's Cash Collateral, the Debtors shall deliver to the Senior Lender the adequate protection payments detailed in their first interim cash collateral budget.

   b. Lenders are each hereby granted, from and after the Petition Date, replacement liens

and security interests in all of the Debtors' assets, including, without limitation, all accounts, receivables, goods, contract rights and chattel paper acquired by the Debtors after the Petition Date, specifically including all cash proceeds arising from such accounts receivables, goods, contract rights and chattel paper acquired by the Debtors after the Petition Date, in the same nature, extent, priority, and validity that such liens, if any, existed on the Petition Date in the amount equal to the aggregate diminution in value of the prepetition collateral to the extent of their interests therein.

    c.    As of the date of this Interim Order, said replacement liens and security interests shall be valid, perfected, enforceable and effective against the Debtors and their successors and assigns, including any trustee or receiver in this or any superseding Chapter 7 cases, without any further action by the Debtors or the Lenders and without the execution, delivery, filing or recordation of any promissory notes, financing statements, security agreements or other documents.  Notwithstanding the foregoing, this Interim Order shall be deemed a security agreement and may be filed as a financing statement and the Debtors shall execute and deliver such notes, security agreements, assignments, financing statements and other documents that the Lenders shall reasonably request to further evidence the liens and security interests granted hereby.

    d.    Said replacement liens and security interests in favor of the Senior Lenders shall constitute a paramount and perfected first priority liens and security interests in such property. In addition to such liens, Senior Lenders shall be entitled to a superpriority administrative expense claim under Sections 503 and 507 of the Bankruptcy Code to the extent there is a diminution in the value of its collateral.

    e.    The Lenders shall each have all the rights and remedies of a secured creditor in

connection with the liens and security interests granted by this Order, except to the extent that such rights and remedies may be affected by the Bankruptcy Code, or otherwise.

3. **Events of Default**. The following shall constitute events of default under this Interim Order ("**Events of Default**"):

a. If the Debtors exceed the Budget Variances without the prior written consent of the Lenders or further authority from the Court;

b. If the Debtors pay obligations not shown on the Budget without the prior written consent of the Lenders or further authority from the Court;

c. If any representation made by the Debtors after the commencement of this Chapter 11 case in any report or financial statement delivered to the Lenders proves to have been false or misleading in any material respect as of the time when made or given (including by omission of material information necessary to make such representation, warranty or statement not misleading);

d. If a trustee or examiner, with authority to affect the operation of the Debtors' business, is appointed in the Debtors' Chapter 11 proceedings without the Lenders' consent;

e. If this case is converted to a case under Chapter 7; or

f. If this case is dismissed.

4. **Remedies Upon Default**. The Senior Lenders shall be entitled to a hearing after three (3) business-days' notice (subject to the Court's availability) regarding the existence and continuation of an Event of Default. The purpose of such expedited hearing is for the Court to decide whether or not such an Event of Default exists and constitutes "cause" within the meaning of Section 362(d)(1) of the Bankruptcy Code; _provided_, _however_, the Senior Lenders are required to file a motion to seek such a hearing prior to noon (CST); if such motion is filed after noon (CST),

then the Senior Lenders shall be entitled to a hearing on four (4) business days' notice. At such hearing, the Senior Lenders shall be entitled to seek any of the following relief with respect to the Debtors:

    a.    the immediate termination of the Debtors' use of the requesting Senior Lender's cash collateral;

    b.    the lifting of the automatic stay under 11 U.S.C. §362 permitting the requesting Senior Lender to take possession of all or any part of the requesting Senior Lender's collateral;

    c.    the entry of an order prohibiting or limiting the Debtors' further use of the requesting Senior Lender's cash collateral; and

    d.    such further or other relief as provided in the Bankruptcy Code, this Interim Order or applicable non-bankruptcy law.

5.    **Term**. Unless otherwise ordered by the Court or extended by written agreement between the Debtors and each of the Lenders, the Debtors' right to use the Lender(s)' cash collateral hereunder shall commence on the Petition Date and expire at the earlier of 5:00 p.m. (CST) on the last day of the time period set forth in the Budget or a final hearing on the Debtors' motion to use cash collateral. Notwithstanding such expiration or other termination, or modification hereof, the Lenders are entitled to the liens, priorities and other rights provided herein.

6.    **Notice and Hearing; Reservation of Rights to Object**. A final hearing (the "**Final Hearing**") shall be scheduled for _____ at _____ ___.m. to consider further relief. This Interim Order shall be binding upon, and inure to the benefit of the Lenders, the Debtors, any official committee(s) or officer that may be appointed and their respective successors and assigns including, without limitation, any trustee appointed in this Chapter 11 case

or any superseding Chapter 7 case.

7. **Professional-Fee Carve Out**. The professional fees and notice/bankruptcy costs provided for in the Budget are to be funded according to the timing set forth in the Budget, and such funds are to be placed into a trust account held by Dale & Gensburg, P.C. and distributed as set forth in any order regarding the employment and payment of such professionals. Notwithstanding anything in this Order to the contrary, for the avoidance of doubt, claims of professionals for professionals fees and for notice/bankruptcy costs against the funds deposited in the trust account in accordance with this paragraph and up to the amount set forth in the Budget shall be senior to any claim of the Lenders or any other entity holding/asserting a lien in the same, whether for pre-Petition Date liens, replacement liens, or adequate-protection liens (the "**Carve Out**").

8. **Notices**.  Except as otherwise stated herein, all notices and demands hereunder shall be in writing and shall be deemed given when addressed as follows: on the earlier of (a) when they are actually delivered to the addressees by hand delivery, facsimile transmission, e-mail or otherwise, or (b) at 11:00 a.m. Chicago time on the Banking Day next following the deposit thereof with any recognized national overnight delivery service properly addressed to the addressees.

If to Debtors:
Matthew T. Gensburg
Dale & Gensburg, P.C.
200 West Adams Street
Suite 2425
Chicago, IL  60606
Fax: (312) 263-2242
E-mail: mgensburg@dandgpc.com

If to Senior Lenders:

XXXXXXXXXX
XXXXXXXXXX
XXXXXX

<u>XXXXX, XX  XXXXX</u>
<u>Email: XXXXXXXXXX</u>

9. The findings of fact and conclusions of law of this Court pursuant to this Interim Order shall be deemed effective upon the entry of this Order. To the extent that such findings may constitute conclusions, and vice versa, they hereby are deemed such.

10. This Interim Order is immediately valid and fully effective upon its entry by the Court.

Dated: _____

_____
UNITED STATES BANKRUPTCY JUDGE

Prepared by:

*/s/ Matthew T. Gensburg*
Matthew T. Gensburg (ARDC# 6187247)
E. Phillip Groben (ARDC# 6299914)
**DALE & GENSBURG, P.C.**
200 West Adams St., Ste. 2425
Chicago, Illinois 60606
Telephone: (312) 263-2200
Facsimile: (312) 263-2242
mgensburg@dandgpc.com
pgroben@dandgpc.com

**PROPOSED COUNSEL FOR DEBTOR**