**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

In re: <u>Argon X, LLC, Debtor</u>

Ch. 7
Case No. 16-39655

<u>FINAL REPORT OF ARGON X, LLC AS DEBTOR IN POSSESSION IN PURSUANT TO BANKRUPTCY RULE 1019(5)</u>

Pursuant to Federal Rule of Bankruptcy Procedure 1019(5) debtor herein Argon X, LLC ("**Argon X**") presents this final report and account.

**I. Cash**

a. Cash balance on hand at date of conversion:  $ 62.01

b. List of bank name and last four digits of account numbers where all cash held on conversion date was located:
  Elk Grove Village Bank & Trust, a branch of Schaumberg Bank & Trust
  Company, N.A.(hereinafter "Elk Grove Village Bank & Trust")     *2287

c. Is the cash balance on hand at conversion stated above subject to a security interest?     Yes.

If so, state the name and address of the secured creditor and the amount unpaid on the security agreement as of the date of conversion:

| Name and Address of Secured Creditor | Amount Unpaid |
|---|---|
| Fund Recovery Services, LLC | $ 37,291,193.98 |
| 100 Canal Pointe Blvd., Ste 208, Princeton, NJ 08540 | |

**II. Accounts Receivable**

a. Total amount due the debtor from other entities or individuals on date the case was converted to a chapter 7 case:     $ 42,091,142.67  (1)

b. Is the account receivable balance stated above subject to a security interest?     Yes.  (2)

c. If so, state the name and address of the secured creditor and the amount unpaid on the security agreement as of the date of conversion:

| Name and Address of Secured Creditor | Amount Unpaid |
|---|---|
| Fund Recovery Services, LLC | $ 37,291,193.98 |
| 100 Canal Pointe Blvd., Ste 208, Princeton, NJ 08540 | |

d. Itemize below all accounts receivable due to the debtor from other entities or individuals on the date that the case was converted to a chapter 7 case:

| Name and Address of Customer | Kind of Obligation/Date of Obligation | Amount due to the debtor |
|---|---|---|
| A portfolio of approximately 9500 loan receivables was turned over to Fund Recover Systems and the Ch. 7 Trustee upon conversion of this proceeding to Chapter 7. | | $ - |
| Princeton Alternative Funding Settlement Reserve Account | | $ - |

### III. Accounts Payable

a. Total unpaid debts incurred during the chapter 11 case:   $ -

b. Itemize below all unpaid debts incurred during the chapter 11 case including unsecured debts, secured debts, wages, administrative expenses, etc., but not any prepetition debts:

| Name and Address of Unpaid Creditor | Kind of Debt/Date Incurred | Amount Unpaid |
|---|---|---|
| Argon Credit LLC obtained all goods and services for the benefit of Argon X LLC. | | $ - |

**IV. Date that Matrix of Unpaid Creditors during the Chapter 11 case was filed:**   12/16/2016

Not later than 14 days after conversion of the case, a schedule of unpaid debts is to be filed. This schedule should be an appropriate matrix for mailing purposes containing the names and address of all unpaid entities since the commencement of the Chapter 11 case.

**V. Original Chapter 11 Assets**

Itemize below the assets of the debtor other than cash or accounts receivable on the date the petition was filed that were disposed of during the chapter 11 case or that were retained but had a reduced or increased value on the date of conversion to the chapter 7 case:

| Description of Asset | Value Scheduled in Schedules A or B/If disposed of, explain disposition | If retained, value on date of conversion |
|---|---|---|
| | The value of the consumer loan portfolio decreased as consumer borrowers made payments on their accounts payable. | Unknown |

**VI. New Chapter 11 Assets**

Itemize below the assets of the debtor other than cash or accounts receivable that were acquired by the debtor during the chapter 11 case and that were disposed of during chapter 11 case or that were retained as assets on the date of conversion to a chapter 7 case. (Note: For individual debtors, this must include post-petition earnings. See 11 U.S.C.§ 1115(a)(2)).

| Description of Asset | Price Paid for Asset/If disposed of, explain disposition | If retained, value on date of conversion |
|---|---|---|

None.

**VII. Executory Contracts and Unexpired Leases**

a. Rejected: List below the unexpired leases and other executory contracts that were rejected during the chapter 11 case, including the name and address of every other party to each contract, the obligations of each party under the contract and the description and value of property covered by the contract:

None.

b. New, assumed, or not rejected: List below the unexpired leases and other executory contracts that were assumed or not rejected and the new executor contracts including leases that were entered into during the chapter 11 case, including the name and address of every other party to each contract, the obligations of each party under

Agron Servicing Agreement between Argon X LLC and Argon Credit LLC- not rejected.

**VIII. Payments to Insiders during course of the Chapter 11 pendency**

| Name | Amount | Purpose |
|---|---|---|

All payments received from consumer loan portfolio was deposited into account owned by Argon Credit LLC.

The Final Report above, consisting of 3 pages and no exhibits, has been prepared for or by the undersigned, who declares under penalty of perjury that the statements contained therein are true and correct to the best of my knowledge, information and belief.

Executed on: 3/3/17    Signed:

Printed name: Howard Korenthal

Title: Chief Restructuring Officer

The debtor has reviewed this Final Report, consisting of 3 pages and no exhibits and declares under penalty of perjury that the statements contained therein are true and correct to the best of my knowledge, information and belief.

Executed on: 3/3/17    Debtor: Argon X LLC

Signed:

Printed name: Howard Korenthal

Title: Chief Restructuring Officer

Executed on:    Co-Debtor, if applicable:

Signed:

Printed name:

(1) The value of loan portfolio was taken from the Debtor's schedules and represents the value of the portfolio to the best of the declarents' knowledge.  This value was used because the declarent lost access to the books and records of the Debtor upon conversion of this proceeding to one under Chapter 7.

(2) Princeton Alternative Funding, LLC (PAF) has the security interest to all assets including accounts receivable.  PAF subsequently transferred its loan and security interest to Fund Recovery Systems.  Furthermore, all receivables have been recorded on the books of Argon X, LLC, which is in accordance with the schedules filed with the courts.