# EXHIBIT 2

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "*Settlement Agreement*") is made as of November 26, 2018, by and between Eugene Crane (the "*Trustee*"), the chapter 7 trustee in the bankruptcy cases of Argon Credit, LLC ("*Argon Credit*") and Argon X, LLC ("*Argon X*" together with Argon Credit, the "*Debtors*"), on the one side and AutoPal Software, LLC (the "*Transferee*," and together with the Trustee, the "*Parties*") on the other side.

### RECITALS

**WHEREAS**, on December 16, 2016 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Illinois (the "*Court*"), which are being jointly administered as Case No. 16-39654;

**WHEREAS**, the Debtors' bankruptcy cases were converted from cases under chapter 11 to cases under chapter 7 on January 11, 2017;

**WHEREAS**, on January 11, 2017, Deborah K. Ebner was appointed the interim chapter 7 trustee of the Debtors' estates;

**WHEREAS**, on April 17, 2017, Deborah K. Ebner resigned as chapter 7 trustee and the Trustee was appointed as interim chapter 7 trustee whose appointment was confirmed by the Court on July 6, 2017 (ECF No. 204);

**WHEREAS**, the Trustee is vested with, *inter alia*, the authority to pursue certain causes of action on behalf of the Debtors' estates, including the avoidance and recovery of transfers under chapter 5 of the Bankruptcy Code;

**WHEREAS**, the Trustee asserts that he holds certain claims against the Transferee under chapter 5 of the Bankruptcy Code for avoidable transfers and recoverable transfers made by the Debtors during the applicable period prior to the Petition Date;

**WHEREAS**, the Trustee issued a demand letter to the Transferee seeking the avoidance and recovery of certain transfers from the Debtors to the Transferee totaling $40,116.60 pursuant to chapter 5 of the Bankruptcy Code (the "*Avoidance Claims*");

**WHEREAS**, the Transferee denies the Trustee's allegations and has asserted certain defenses to the Avoidance Claims; and

**WHEREAS**, the Parties have exchanged information, negotiated and now desire to resolve all matters respecting the Avoidance Claims against the Transferee, upon the terms and conditions set forth below.

**NOW THEREFORE**, for good and valuable consideration, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1.     The Transferee shall deliver to the Trustee the sum of $4,500.00 (the "*Settlement Sum*"), in full satisfaction of the Avoidance Claims against the Transferee.

2.     The Settlement Sum shall be paid by check, issued by the Transferee and delivered to the following address within seven (7) days of the full execution of this Settlement Agreement, and receipt of the same by both parties, as follows:

> Payable to:  Eugene Crane, Chapter 7 Trustee for the estate of Argon Credit, LLC
> Delivered to:  Elizabeth L. Janczak, Esq.
> Freeborn & Peters LLP
> 311 S. Wacker Dr., Suite 3000
> Chicago, Illinois 60606

3.     Upon execution of this Settlement Agreement and approval of the same by the Court, and subject to the provisions of this Settlement Agreement, the Trustee, on behalf of the Debtors' estates, shall be deemed to have released, waived, and discharged the Transferee from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law or in equity arising from, including but not limited to those claims arising in connection with or related to the Avoidance Claims.

4.     Upon execution of this Settlement Agreement and approval of the same by the Court, and subject to the provisions of this Settlement Agreement, the Transferee shall be deemed to have released, waived and discharged the Trustee, the Debtors and their estates, and their respective professionals from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law or in equity arising on or before the date of this Settlement Agreement, including any claim scheduled or filed in the Debtors' bankruptcy cases and any claim arising from payment of the Settlement Sum pursuant to 11 U.S.C. § 502(h).

5.     Notwithstanding anything contained to the contrary herein, if the Trustee is compelled by an order of a court of competent jurisdiction or required for any other reason to return, disgorge, or repay any portion of the Settlement Sum, or if the payment of any portion of the Settlement Sum is avoided by the Transferee or any other person or entity acting on behalf of the Transferee or its estate, then the releases given by each party to this Settlement Agreement shall be deemed ineffective, null and void and the full amount of the Trustee's claims against the Transferee shall be reinstated without any further order of the Court, subject to credit for the payment made pursuant to paragraphs 1 and 2 herein that is not returned, disgorged, repaid, or avoided to the extent allowed by law.  However, under such circumstance, the Transferee shall be entitled to assert any and all applicable defenses to the reinstated claim.

6.     This Settlement Agreement may be executed in counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same.

7.     The undersigned represent and warrant that they have full authority to execute this Settlement Agreement on behalf of their respective Party or client and have obtained all necessary approvals.  This Settlement Agreement is the resolution of disputed claims and nothing herein shall be deemed an admission against either party.

8.    This Settlement Agreement shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.

9.    This Settlement Agreement may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

10.    The Trustee shall file a motion seeking Court approval of this Settlement Agreement.

**EUGENE CRANE, CHAPTER 7 TRUSTEE FOR THE ESTATES OF ARGON CREDIT, LLC AND ARGON X, LLC**

By: _____
His Counsel

Elizabeth L. Janczak, Esq.
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

**AUTOPAL SOFTWARE, LLC**

By: _____

Printed Name: _Rhett Roberts_

Title: _President_