# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Case No. 16-39654 |
| ) | (Jointly Administered) |
| ARGON CREDIT, LLC, *et al.*, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | Hon. Deborah L. Thorne |
| ) | |
| EUGENE CRANE, the duly appointed and ) | |
| serving Chapter 7 Trustee for the estates of ) | |
| Argon Credit, LLC and Argon X, LLC, ) | |
| ) | Case No. 18-_____ |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MEGHAN HUBBARD, ) | |
| ) | |
| Defendant. ) | |

### COMPLAINT TO AVOID AND RECOVER TRANSFERS
### PURSUANT TO 11 U.S.C. §§ 502(d), 547, 548 AND 550

Eugene Crane, the chapter 7 trustee (the "*Trustee*") for the estates of Argon Credit, LLC ("*Argon Credit*") and Argon X, LLC ("*Argon X*," together with Argon Credit, the "*Debtors*"), by and through his undersigned counsel, files this complaint (the "*Complaint*") to avoid and recover transfers and for related relief pursuant to sections 502(d), 547, 548 and 550 of title 11 of the United States Code (the "*Bankruptcy Code*"), and Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), against Meghan Hubbard (the "*Defendant*"), and hereby alleges as follows:

### JURISDICTION AND VENUE

1.  This Court has subject matter jurisdiction over this adversary proceeding which arises under title 11 of the Bankruptcy Code, and arises in and relates to a case under the

Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*"), Case No. 16-39654, under 28 U.S.C. §§ 157 and 1334 and Internal Operating Procedure 15(a) of this Court.

2.This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

4.The statutory predicates for the relief requested herein are sections 502(d), 547, 548 and 550 of the Bankruptcy Code and Bankruptcy Rule 7001(1).

## BACKGROUND

5.On December 16, 2016 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court.

6.On December 21, 2016, the Court entered an order directing the joint administration of the Debtors' bankruptcy cases.

7.On January 11, 2017, the Debtors' bankruptcy cases were converted from cases under chapter 11 to cases under chapter 7.

8.The Trustee was appointed as interim chapter 7 trustee on April 17, 2017 and confirmed by this Court on July 6, 2017.

9.Accordingly, the Trustee maintains the right to prosecute and settle the claims asserted in this Complaint.

10.On information and belief, the Defendant is an individual residing in Illinois and regularly conducts business in Chicago, Illinois.

## **COUNT I**

### **(Avoidance of Preferential Transfers Pursuant to 11 U.S.C. § 547(b))**

11.     The Trustee repeats and re-alleges the allegations of paragraphs 1 through 10 as though fully set forth herein.

12.     During the (90) day period prior to the Petition Date (the "*Preference Period*"), the Debtors continued to operate their business affairs, including the transfer of property, either by checks, cashier checks, wire transfers, direct deposit or otherwise to certain entities, including the Defendant.

13.     During the Preference Period, Argon Credit made one or more transfers to the Defendant totaling at least $28,964.00 (collectively, the "*Transfers*" and individually, a "*Transfer*").

14.     A list of the Transfers is attached hereto and incorporated herein as <u>Exhibit A</u>.

15.     Upon information and belief, the Defendant was a creditor, within the meaning of section 101(10)(A) of the Bankruptcy Code, of Argon Credit at the time of each of the Transfers.

16.     Each Transfer constituted a transfer of an interest of Argon Credit in property; namely, cash from a deposit account in Argon Credit's name.

17.     Each of the Transfers was a transfer to, or for the benefit of, the Defendant because each Transfer either reduced or fully satisfied a debt then owed by Argon Credit to the Defendant.

18.     Upon information and belief, each Transfer was made for, or on account of, an antecedent debt owed by Argon Credit to the Defendant before such Transfers were made.

19. Based on the facts and circumstances of these cases and the presumption of insolvency set forth in section 547(f) of the Bankruptcy Code, each Transfer was made while Argon Credit was insolvent.

20. Each Transfer was made on or within ninety (90) days prior to the Petition Date.

21. Each Transfer enabled the Defendant to receive more than it would receive if:

 a. Argon Credit's case were a case under chapter 7 of the Bankruptcy Code;

 b. such Transfer had not been made; and

 c. the Defendant received payment of such debt to the extent provided by the provisions of the Bankruptcy Code.

22. By reason of the foregoing, the Trustee may avoid the Transfers as preferential transfers pursuant to section 547(b) of the Bankruptcy Code.

## COUNT II

**(In the Alternative, Avoidance of Fraudulent Transfers Under 11 U.S.C. §548(a)(1)(B))**

23. The Trustee repeats and re-alleges the allegations of paragraphs 1 through 14 as though fully set forth herein.

24. Each Transfer constituted a transfer of an interest of Argon Credit in property; namely, cash from a deposit account in Argon Credit's name.

25. Each Transfer was made within the two years prior to the Petition Date.

26. To the extent any of the Transfers were not made on account of an antecedent debt owed by Argon Credit, Argon Credit did not receive reasonably equivalent value in exchange for the Transfers.

27. Argon Credit's liabilities exceeded its assets at the time of each of the Transfers.

28. Specifically, Argon Credit's balance sheet ending October 31, 2016 reflects assets of $47,522,076.08 and liabilities of $54,099,135.66, resulting in negative $6,577,059.58 in

equity and the balance sheet ending November 30, 2016 reflects assets of $47,946,047.81 and liabilities of $55,108,733.32, resulting in negative $7,162,685.51 in equity.

29. Accordingly, on the date each Transfer was made, Argon Credit:

    a. was insolvent or became insolvent as a result of the Transfer;

    b. was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with Argon Credit was unreasonably small capital; or

    c. intended to incur, or believed it would incur, debts that would be beyond Argon Credit's ability to pay as such debts matured.

30. For these reasons and to the extent any of the Transfers were not made on account of an antecedent debt owed by Argon Credit, the Trustee may avoid the Transfers as fraudulent under 11 U.S.C. § 548(a)(1)(B).

## COUNT III

**(Recovery of Avoidable Transfers Pursuant to 11 U.S.C. § 550)**

31. The Trustee repeats and re-alleges the allegations of paragraphs 1 through 30 as though fully set forth herein.

32. The Defendant was either: (a) the initial transferee of the Transfers, (b) the entity for whose benefit the Transfers were made or (c) an immediate or mediate transferee of an initial transferee.

33. To the extent that the Transfers are avoided pursuant to sections 547 or 548 of the Bankruptcy Code, the Trustee may recover the Transfers or their value, from the Defendant or any mediate or immediate transferee pursuant to section 550 of the Bankruptcy Code.

.

34. By reason of the foregoing, the Trustee may recover the Transfers or the value thereof from the Defendant pursuant to section 550 of the Bankruptcy Code.

## **COUNT IV**

### **(Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

35. The Trustee repeats and re-alleges the allegations of paragraphs 1 through 34 as though fully set forth herein.

36. Section 502(d) of the Bankruptcy Code provides, in relevant part, that the claim of any entity or transferee receiving a payment that is avoidable under sections 547 or 548 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

37. The Defendant is the transferee of the Transfers.

38. The Defendant has, or may claim to have, a claim or claims against Argon Credit's estate.

39. The Defendant has neither paid nor surrendered the Transfers or the value therefor to Argon Credit's estate.

40. The Trustee objects to any and all claims of the Defendant, including without limitation, all pre-petition and post-petition claims pursuant to section 502(d) of the Bankruptcy Code.

41. By reason of the foregoing, any claim which the Defendant has filed must be disallowed pursuant to section 502(d) of the Bankruptcy Code until the Transfers or the value thereof are returned to Argon Credit's estate.

WHEREFORE, the Trustee requests the entry of a judgment against the Defendant granting the following relief:

(a) the Transfers be avoided pursuant to section 547 of the Bankruptcy Code, as applicable;

(b) the Transfers be avoided pursuant to section 548 of the Bankruptcy Code, as applicable and to the extent not avoided under section 547 of the Bankruptcy Code;

(c) the Defendant be directed to return the amount of the Transfers to Argon Credit's estate pursuant to section 550 of the Bankruptcy Code;

(d) any claims of the Defendant be disallowed pursuant to section 502(d) of the Bankruptcy Code unless and until the amount of such Transfers are returned to Argon Credit's estate;

(e) the Court award the Trustee pre-judgment interest at the legally allowable rate;

(f) the Court assess all fees and costs of this action against the Defendant; and

(g) the Trustee be granted such other and further relief as is just and proper.

Dated:  December 14, 2018         **EUGENE CRANE, CHAPTER 7 TRUSTEE**

By: /s/ Shelly A. DeRousse
    One of His Attorneys

Shelly A. DeRousse, Esq.
Elizabeth L. Janczak, Esq.
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
sderousse@freeborn.com
ejanczak@freeborn.com

# EXHIBIT A

*In re Argon Credit, LLC et al.*
**Transfers to Meghan Hubbard During Preference Period**

| Vendor Name | Debtor | Date | Check No. or Wire | Amount |
|---|---|---|---|---|
| Meghan Hubbard | Argon Credit, LLC | 10/21/2016 | Check 2685 | $12,100.00 |
| | Argon Credit, LLC | 11/4/2016 | Check 2712 | $16,864.00 |
| | | **Total:** | | $28,964.00 |