# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-39654 |
| | ) | (Jointly Administered) |
| ARGON CREDIT, LLC, *et al*, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: January 21, 2020 at 9:30 a.m. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on January 21, 2020 at 9:30 a.m., the undersigned shall appear before the Honorable Deborah L. Thorne in Courtroom 613, or whomever may be sitting in her place and stead, at the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, 219 S. Dearborn Street, Chicago, Illinois and will then and there present the *Motion for Entry of an Order: (I) Pursuant to Bankruptcy Rule 9019 Approving Settlement with Broadmark Capital, LLC, (II) Approving Payment of Contingency Fee, and (III) Approving Request for Limited Notice*, a copy of which is attached hereto and herewith served upon you.

Dated: December 30, 2019              **EUGENE CRANE, CHAPTER 7 TRUSTEE**

                                      By: /s/ Elizabeth L. Janczak
                                          One of His Attorneys

                                      Shelly A. DeRousse, Esq.
                                      Elizabeth L. Janczak, Esq.
                                      FREEBORN & PETERS LLP
                                      311 South Wacker Drive, Suite 3000
                                      Chicago, Illinois 60606-6677
                                      Telephone: 312.360.6000
                                      Facsimile:  312.360.6520
                                      sderousse@freeborn.com
                                      ejanczak@freeborn.com

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-39654 |
| | ) | (Jointly Administered) |
| ARGON CREDIT, LLC, *et al*, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: January 21, 2020 at 9:30 a.m. |

**CERTIFICATE OF SERVICE**

  I, Elizabeth L. Janczak, an attorney, hereby certify that on December 30, 2019, I caused a true and correct copy of the foregoing *Notice of Motion* and *Motion for Entry of an Order: (I) Pursuant to Bankruptcy Rule 9019 Approving Settlement with Broadmark Capital, LLC, (II) Approving Payment of Contingency Fee, and (III) Approving Request for Limited Notice* to be filed electronically with the Court and served upon the following parties by the manner listed.

                      /s/ Elizabeth L. Janczak

**CM/ECF Service List**

Harold Abrahamson aralawfirm@aol.com
Gabriel Aizenberg aizenbergg@gtlaw.com, malisc@gtlaw.com; chilitdock@gtlaw.com; stibbep@gtlaw.com; mendeloffs@gtlaw.com; ickesp@gtlaw.com
Kimberly Bacher Kimberly.Bacher@usdoj.gov, kimberlyabacher@hotmail.com
Paul M Bauch pbauch@lakelaw.com, smohan@lakelaw.com; 5242@notices.nextchapterbk.com
Rachel Blise rblise@foley.com
Michael A Brandess mbrandess@sfgh.com, bkdocket@sfgh.com
Terence Campbell tcampbell@cotsiriloslaw.com, protert@cotsiriloslaw.com
Eugene Crane ecrane@craneheyman.com, il41@ecfcbis.com; jmunoz@cranesimon.com; dkobrynski@cranesimon.com
Eugene Crane ecrane@cranesimon.com, jmunoz@cranesimon.com; dkobrynski@cranesimon.com; gheyman@craneheyman.com
Eugene Crane ecrane@cranesimon.com, il41@ecfcbis.com; jmunoz@cranesimon.com; dkobrynski@cranesimon.com
Jeffrey C Dan jdan@cranesimon.com, sclar@cranesimon.com; mjoberhausen@cranesimon.com
Shelly A. DeRousse sderousse@freeborn.com, bkdocketing@freeborn.com
William J Factor wfactor@wfactorlaw.com, wfactorlaw@gmail.com; bharlow@wfactorlaw.com; wfactor@ecf.inforuptcy.com; wfactormyecfmail@gmail.com; factorwr43923@notify.bestcase.com
Jonathan P Friedland jfriedland@sfgh.com, bkdocket@sfgh.com
Matthew T. Gensburg MGensburg@gcklegal.com

E. Philip Groben    pgroben@gcklegal.com, bcervantes@gcklegal.com, rrodriguez@gcklegal.com
Valerie A Hamilton    vhamilton@sillscummis.com
Jill M Hutchison    jhutchison@cotsiriloslaw.com, bdardar@cotsiriloslaw.com
Elizabeth L Janczak    ejanczak@freeborn.com, bkdocketing@freeborn.com
Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
Derek V. Lofland    derekloflandesq@gmail.com
Sara E Lorber    slorber@wfactorlaw.com, slorber@ecf.inforuptcy.com; nbouchard@wfactorlaw.com; bharlow@wfactorlaw.com
Edward Miller    edmilleresq@aol.com
Karthik Nagarur    knagarur@gmail.com
Jeffrey K. Paulsen    jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com; jpaulsen@ecf.inforuptcy.com
Nancy A Peterman    petermann@gtlaw.com, chilitdock@gtlaw.com; greenbergc@gtlaw.com; stibbep@gtlaw.com; powersr@gtlaw.com
Lars A Peterson    lpeterson@lowis-gellen.com
Peter J Roberts    proberts@foxrothschild.com, cknez@foxrothschild.com
Carolina Y. Sales    csales@lakelaw.com, smohan@lakelaw.com; 5241@notices.nextchapterbk.com
Christina Sanfelippo    csanfelippo@foxrothschild.com, orafalovsky@foxrothschild.com
Steven S. Shonder    Steve@ShonderLegal.com, sshonder@me.com
M. Gretchen Silver    ustpregion11.es.ecf@usdoj.gov, gretchen.silver@usdoj.gov; denise.delaurent@usdoj.gov
Arthur G Simon    asimon@cranesimon.com, sclar@cranesimon.com;slydon@cranesimon.com
Michael J. Small    msmall@foley.com, thardy@foley.com;DocketFlow@foley.com
Peter S Stamatis    peter@stamatislegal.com
Justin R. Storer    jstorer@lakelaw.com, 5217@notices.nextchapterbk.com;ECF@Lakelaw.com
Brian P Welch    bwelch@burkelaw.com, gbalderas@burkelaw.com
Jeffrey Wilens    jeff@lakeshorelaw.org

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-39654 |
| | ) | (Jointly Administered) |
| ARGON CREDIT, LLC, *et al*, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: January 21, 2020 at 9:30 a.m. |

**MOTION FOR ENTRY OF AN ORDER: (I) PURSUANT TO
BANKRUPTCY RULE 9019 APPROVING SETTLEMENT WITH BROADMARK
CAPITAL, LLC, (II) APPROVING PAYMENT OF CONTINGENCY FEE
AND (III) APPROVING REQUEST FOR LIMITED NOTICE**

Eugene Crane (the "*Trustee*"), the chapter 7 Trustee in the above captioned cases, by and through his undersigned counsel, hereby moves (the "*Motion*") this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") for entry of an order approving settlement between the Trustee and Broadmark Capital, LLC ("*Broadmark*"), approving payment of the contingency fee owed to Freeborn & Peters LLP ("*Freeborn*"), and approving limited notice of this Motion. In support of the Motion, the Trustee states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1408.

3. The predicate for the relief requested in this Motion is Bankruptcy Rule 9019.

# BACKGROUND

## I.   General Case Background

4.   On December 16, 2016 (the "*Petition Date*"), Argon Credit, LLC ("*Argon Credit*") and Argon X, LLC ("*Argon X*," together with Argon Credit, the "*Debtors*") filed voluntary petitions for relief under chapter 11 of title 11 of the United State Code (the "*Bankruptcy Code*").

5.   On January 11, 2017, the Debtors' bankruptcy cases were converted from cases under chapter 11 to cases under chapter 7.

6.   The Trustee was appointed as interim chapter 7 trustee on April 17, 2017 and confirmed by the Court on July 6, 2017.

7.   On July 11, 2017, the Court entered an order authorizing the Trustee to employ Freeborn as special counsel to, among other things, pursue chapter 5 causes of action on a contingency fee basis.  (ECF No. 207).  Pursuant to the court-approved terms of Freeborn's engagement, Freeborn is entitled to a contingency fee of: (i) 30% of the cash value of the settlement prior to filing a lawsuit (the "*Pre-Suit Contingency Fee*") or 40% of the cash value of the settlement after filing a lawsuit (the "*Post-Suit Contingency Fee*," together with the Pre-Suite Contingency Fee, the "*Settlement Amount Contingency Fee*"), (ii) plus the cash equivalent value of any claim waiver obtained (the "*Claim Waiver Contingency Fee*").

## II.   The Broadmark Settlement

8.   On December 14, 2018, the Trustee filed a complaint (the "*Complaint*") against multiple defendants, including Broadmark.  The Complaint asserted claims against co-defendants for, among other things, breach of fiduciary duty and avoidance and recovery of fraudulent and preferential transfers.  As against Broadmark, the Trustee asserted claims for avoidance and

2

recovery of $528,333.33 in transfers and disallowance of its claims pursuant to 11 U.S.C. §§ 502, 548, and 550.

9.  Broadmark provided the Trustee with certain information in support of its asserted defenses and the parties subsequently engaged in negotiations regarding resolution of the claims asserted in the Complaint.

10. To resolve their disputes, the parties entered into a settlement agreement (the "*Settlement Agreement*") fully resolving the claims asserted in the Complaint. A true and correct copy of the Settlement Agreement is attached hereto as Exhibit 1.

11. The relevant terms of the Settlement Agreement are as follows:[1]

- Broadmark shall pay the Trustee the sum of $42,500.00 (the "*Settlement Sum*") in full satisfaction of the Avoidance Claims (as defined in the Settlement Agreement);

- Broadmark shall waive all claims against the Trustee, the Debtors and their estates, relating to the Avoidance Claims and Adversary Proceeding (as defined in the Settlement Agreement) including a $2.6 million proof of claim filed against Argon Credit and any claim arising under section 502(h) of the Bankruptcy Code; and

- The Trustee, on behalf of the Debtors' estates, shall release Broadmark from all claims arising from, in connection with, or related to the Avoidance Claims and Adversary Proceeding (as defined in the Settlement Agreement).

**RELIEF REQUESTED**

12. By this Motion, the Trustee seeks entry of an order approving the Settlement Agreement pursuant to Bankruptcy Rule 9019(a) and entry of an order approving the Settlement Amount Contingency Fee owed to Freeborn.

---

[1] The discussion of the settlement with Broadmark set forth in this Motion is merely a summary of terms. All parties-in-interest should read the entire Settlement Agreement to understand the entire scope of the parties' agreements. In the event of any discrepancy, the terms of the Settlement Agreement shall govern.

3

### A. Approval of the Settlement Agreement

13. Pursuant to Bankruptcy Rule 9019(a), "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). Such settlements should be approved by a court if they are fair and reasonable and in the best interests of the debtor's estate. *See Depoister v. Mary M. Halloway Found.*, 36 F.3d 582, 586 (7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to determine whether the proposed compromise is fair and equitable and in the best interests of the bankruptcy estate.") (internal citations omitted); *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992) (holding that Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the settlement is in the best interests of the estate"); *In re Energy Coop., Inc.*, 886 F.2d 921, 926-27 (7th Cir. 1989) (providing that "[t]he benchmark for determining the propriety of a bankruptcy settlement is whether the settlement is in the best interests of the estate"); *In re Griffen Trading Co.*, 270 B.R. 883, 903 (Bankr. N.D. Ill. 2001), *aff'd*, 270 B.R. 905 (N.D. Ill. 2001) (citing *LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987)).

14. Compromises are tools for expediting the administration of the case and reducing administrative costs and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000) ("Judges naturally prefer to settle complex litigation than to see it litigated to the hilt, especially when it is litigation in a bankruptcy proceeding – the expenses of administering the bankruptcy often consume most or even all of the bankrupt's assets."); *Meyers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy."); *In re A&C Props.*, 784 F.2d 1377, 1381 (9th Cir. 1986).

4

15.    The Court should grant a trustee's request for approval of a settlement except in the very limited circumstance where a proposed settlement "falls below the lowest point in the range of reasonableness."  *Energy Coop.*, 886 F.2d at 929; *Official Comm. of Unsecured Creditors of Artra Group, Inc. v. Artra Group, Inc. (In re Artra Group, Inc.)*, 300 B.R. 699, 702 (Bankr. N.D. Ill. 2003) (same); *In re Rimsat, Ltd.*, 224 B.R. 685, 688 (Bankr. N.D. Ind. 1997) (providing that the court is required only "to canvas the issues in order to determine whether the settlement falls below the lowest point in the range of reasonableness"); *In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).

16.    In determining whether a proposed settlement is appropriate, neither an evidentiary hearing nor a rigid mathematical analysis is required.  *Depoister*, 36 F.3d at 586, 588 (evidentiary hearing not required); *In re Energy Coop.*, 886 F.2d at 928-29 (rigid mathematical analysis of settlement values not required); *In re Am. Reserve Corp.*, 841 F.2d at 163 (mini-trial not required).  Rather, the Seventh Circuit offers the following guidelines:

> Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits. Among the factors the bankruptcy judge should consider in [the] analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay.

*Am. Reserve Corp.*, 841 F.2d at 161 (citations omitted).

17.    The Settlement Agreement satisfies this standard.  Broadmark has agreed to pay a $42,500.00 and waive all claims it has against the Debtors' estates.  The Trustee submits that this settlement is well within the reasonable range of possible litigation outcomes taking into account the defenses Broadmark has raised, the documentation it has provided in support of those defenses, and the value of Broadmark's full claims waiver a $2.6 million pre-petition claim. Additionally, it avoids the costs of litigation which may be substantial and could significantly reduce or eliminate any recovery, particularly given the amount at issue.

5

18. This settlement allows the Trustee to avoid the uncertainty associated with litigation while maximizing the value of the Debtors' estates for the benefit of their creditors.

19. Accordingly, the Trustee submits that the Court should approve the Settlement Agreement pursuant to Bankruptcy Rule 9019(a).

### B. Approval of the Settlement Amount Contingency Fee

20. The Trustee also requests approval to pay Freeborn the Settlement Amount Contingency Fee per the terms of Freeborn's retention of which Freeborn is entitled to a Post-Suit Contingency Fee of 40%.[2]

21. The Trustee submits that Freeborn is entitled to the Settlement Amount Contingency Fee totaling $17,000.00 calculated as follows:

| Transferee | Settlement Amount | Settlement Amount Contingency Fee Owed |
|---|---|---|
| Broadmark | $42,500.00 | $17,000.00 |
| Total: | $42,500.00 | $17,000.00 |

22. Accordingly, the Trustee requests that the Court approve, on an interim basis, payment to Freeborn of $17,000.00 from the settlement proceeds, representing the total Settlement Amount Contingency Fee owed from the settlement.

### REQUEST FOR LIMITED NOTICE

23. Bankruptcy Rule 2002(a)(3) requires twenty-one (21) days' notice to all parties-in-interest for motions to approve compromises. The Trustee requests that the Court approve limited notice of this Motion to all parties who have appeared and requested notice in these cases because the Trustee wishes to reduce costs incurred in serving this Motion on several hundred

---

[2] The Trustee is not requesting payment of any Claim Waiver Contingency Fees at this time, but reserves the right to request authority to pay such fees in the future.

creditors, particularly in light of the amounts at issue in this settlement. Accordingly, the Trustee submits that cause exists to approve limited notice of this Motion.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order: (i) approving the Settlement Agreement with Broadmark, (ii) approving payment to Freeborn, on an interim basis, of $17,000.00 representing the total Settlement Amount Contingency Fee, (iii) approving limited notice of this Motion, and (iv) granting such other and further relief as this Court deems just and proper.

Dated: December 30, 2019　　　　　　　　**EUGENE CRANE, CHAPTER 7 TRUSTEE**

　　　　　　　　　　　　　　　　　　　　By: /s/ Elizabeth L. Janczak
　　　　　　　　　　　　　　　　　　　　　　One of His Attorneys

　　　　　　　　　　　　　　　　　　　　Shelly A. DeRousse, Esq.
　　　　　　　　　　　　　　　　　　　　Elizabeth L. Janczak, Esq.
　　　　　　　　　　　　　　　　　　　　FREEBORN & PETERS LLP
　　　　　　　　　　　　　　　　　　　　311 South Wacker Drive, Suite 3000
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606-6677
　　　　　　　　　　　　　　　　　　　　Telephone: 312.360.6000
　　　　　　　　　　　　　　　　　　　　Facsimile: 312.360.6520
　　　　　　　　　　　　　　　　　　　　sderousse@freeborn.com
　　　　　　　　　　　　　　　　　　　　ejanczak@freeborn.com