IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | Chapter 7 |
| ARGON CREDIT LLC, | ) | Case No. 16-39654 |
| | ) | Judge: THORNE |
| Debtor(s). | ) | |

## NOTICE OF MOTION

*To the following persons or entities who have been served via electronic mail:*
U.S. Bankruptcy Trustee: USTPRegion11.ES.ECF@usdoj.gov
Eugene Crane, Chapter 7 Trustee: ecrane@cranesimon.com

*To the following persons or entities who have been served via U.S. Mail:*
　　See attached list.

Please take notice that I shall appear before the following named Bankruptcy Judge, or any other Judge presiding in his stead at 219 South Dearborn St., Chicago, IL, and in the following courtroom (or any other place posted), and present the attached **Motion for Relief from Automatic Stay,** at which time and place you may appear.

| | |
|---|---|
| JUDGE: | THORNE |
| ROOM: | 613 |
| DATE: | February 11, 2020 |
| TIME: | 9:30 AM |

## PROOF OF SERVICE

A copy of this Notice of Motion and attachments were deposited at the United States Post Office, Wheeling, Illinois, 60090, with sufficient postage prepaid, by Christine H. Clar, or served electronically by the bankruptcy court, under oath and under all penalties of perjury.

DATE OF SERVICE:　January 24, 2020　　　　　　/s/ Christine H. Clar_____
　　　　　　　　　　　　　　　　　　　　　　　Christine H. Clar, A.R.D.C. #6202332

Attorney for the Debtor(s)
DAVID M. SIEGEL & ASSOCIATES
790 Chaddick Drive
Wheeling, IL  60090
847/520-8100
davidsiegelbk@gmail.com

*To the following persons or entities who have been served via U.S. Mail:*

Brian and Lourdes Bauman
320 N. Aldine Ave.
Park Ridge, IL  60068

Argon Credit
200 W. Jackson, 9th floor
Chicago, IL  60606

Matthew Gensburg and E. Philip Groben
Gensburg Calandriello & Kanter
200 W. Adams St., #2425
Chicago, IL  60606

Eugene Crane/J. Dan/A. Simon
Crane Simon Clar & Dan
135 S. LaSalle, Ste. 3705
Chicago, IL  60603

Shelly DeRouse/Elizabeth Janczak
Freeborn & Peters
311 S. Wacker Drive, Ste. 3000
Chicago, IL  60606

Brian Welch
Burke, Warren, MacKay & Serritella
330 N. Wabash, 21st Floor
Chicago, IL  60611

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN THE MATTER OF:              )
                                 )    Chapter 7
ARGON CREDIT LLC,            )    Case No. 16-39654
                                 )    Judge: THORNE
        Debtor(s).              )

## MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES BRIAN AND LOURDES BAUMAN, by and through their attorneys, David

M. Siegel & Associates, LLC, to present this Motion, and in support thereof states as follows:

1)      Jurisdiction is proper and venue is fixed in this Court with respect to these

parties.

2)      On January 25, 2016, BRIAN AND LOURDES BAUMAN filed a voluntary petition

for relief pursuant to Chapter 13 under Title 11 USC (Case No. 16-02198, Judge Barnes), and the

Chapter 13 plan was confirmed on March 17, 2016. That Marilyn O. Marshall was appointed

Trustee in this case.

3)      On February 5, 2016 First Associates Loan Servicing, LLC as agent for Argon Credit

filed a proof of claim, Claim No. 7.1 on the Claims Register, for an unsecured non-priority claim in

the amount of $3,653.58 (Exhibit A). The claim was transferred to Argon Credit on February 2,

2017 (Exhibit B).

4)      On May 19, 2017 the Chapter 13 Trustee, Marilyn O. Marshall, started distributing

funds to Argon Credit. Argon Credit accepted funds from the Trustee until January 19, 2018, and

received a total of $1,228.87.

5)      Payments sent from February 16, 2018 through the current disbursal have been

voided by the Trustee as they have not been cashed. A total of 20 payments have not been accepted

by Argon Credit.

6)      On December 16, 2016 Argon Credit filed for a Chapter 11 Bankruptcy, in the Northern District of Illinois.  Judge Thorne was appointed to this case.

7)      On January 11, 2017 the Chapter 11 case was converted to a Chapter 7 bankruptcy. The Chapter 7 Trustee is Eugene Crane.

8)      On January 9, 2020, Brian and Lourdes Bauman filed an Objection to Claim No. 7.1 (Argon Credit) as it was no longer accepting payment from the Chapter 13 Trustee, and this inaction was holding up the discharge of the Bauman's Chapter 13 Bankruptcy.

9)      The Objection to Claim No. 7.1 will not be sustained by Judge Barnes until Relief from the Automatic Stay is granted in this case.

10)     As the Claim of Argon Credit has been abandoned since February 2018, the Relief from the Automatic Stay should be granted.

11)     This proposal is made in good faith and without the intent to defraud creditors.

WHEREFORE, BRIAN AND LOURDES BAUMAN, pray that this Honorable Court enter an Order for Relief from the Automatic Stay of 11 U.S.C. Sec. 362 and Sec. 1301 permitting the Objection of Claim No. 7.1 to be sustained, and for other such relief as the Court deems fair and proper.

Respectfully Submitted,

/s/ Christine H. Clar_____
Christine H. Clar, A.R.D.C. #6202332
Attorney for the Debtor(s)

DAVID M. SIEGEL & ASSOCIATES, LLC
790 Chaddick Drive
Wheeling, IL  60090
847/520-8100

# EXHIBIT
# A

**Fill in this information to identify the case:**

Debtor 1  Brian K Bauman

Debtor 2  Lourdes C Bauman
(Spouse, if filing)

United States Bankruptcy Court for the: Northern District of Illinois

Case number  1:16-bk-02198

# Official Form 410

# Proof of Claim

12/15

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents.** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:  Identify the Claim

| | |
|---|---|
| 1. **Who is the current creditor?** | First Associates Loan Servicing, LLC as agent for Argon Credit <br> Name of the current creditor (the person or entity to be paid for this claim) <br><br> Other names the creditor used with the debtor _____ |
| 2. **Has this claim been acquired from someone else?** | ☑ No <br> ☐ Yes. From whom? _____ |

3. **Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| First Associates Loan Servicing, LLC <br> Name | First Associates Loan Servicing, LLC <br> Name |
| 2356 Moore Street, Suite 104 <br> Number     Street | 15373 Innovation Drive, Suite 300 <br> Number     Street |
| San Diego          CA          92110 <br> City          State          ZIP Code | San Diego          CA          92128 <br> City          State          ZIP Code |
| Contact phone  619-692-9254 | Contact phone  858-432-5121 |
| Contact email  gary@garyholtlaw.net | Contact email <br> bankruptcy@1stassociates.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

_ _ _ _ — _ _ _ _ — _ _ _ _ — _ _ _ _

| | |
|---|---|
| 4. **Does this claim amend one already filed?** | ☑ No <br> ☐ Yes. Claim number on court claims registry (if known) _____     Filed on _____ <br> MM / DD / YYYY |
| 5. **Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No <br> ☐ Yes.  Who made the earlier filing? _____ |

**Part 2:    Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _2_ _2_ _2_ ____ |

| | |
|---|---|
| 7. How much is the claim? | $_____3,653.58_. Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>personal unsecured loan |

| | |
|---|---|
| 9. Is all or part of the claim secured? | ☑ No<br>☐ Yes.  The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $_____<br>**Amount of the claim that is secured:** $_____<br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $_____<br><br>**Annual Interest Rate (when case was filed)_____%**<br>☐ Fixed<br>☐ Variable |

| | |
|---|---|
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition. $_____ |

| | |
|---|---|
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No | |
|---|---|---|
| | ☐ Yes. *Check all that apply:* | **Amount entitled to priority** |
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| | ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $_____ |
| | * Amounts are subject to adjustment on 4/01/16 and every 3 years after that for cases begun on or after the date of adjustment. | |

---

**Part 3:  Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    02/05/2016
                    MM / DD / YYYY

/s/ Allen Isabelo
_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Allen Isabelo | | |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Authorized Agent for Creditor | | |
| Company | First Associates Loan Servicing, LLC c/o Law Offices of Gary Holt | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 2356 Moore Street, Suite 104 | | |
| | Number      Street | | |
| | San Diego | CA | 92110 |
| | City | State | ZIP Code |
| Contact phone | 619-692-9254 | Email | aj.isabelo@garyholtlaw.net |

# Loan Payoff

Date Printed: 01/28/2016

BRIAN BAUMAN
320 N ALDINE AVE
PARK RIDGE IL 60068-3012

| | |
|---|---|
| Loan Number | AC-700222 |
| Short Name | BAUMAN, BRIAN |
| Interest Paid Through | 12/03/2015 |
| Principal Paid Through | 12/03/2015 |
| Loan Date | 09/04/2015 |
| Maturity Date | 03/04/2017 |
| Payoff Date | 01/25/2016 |
| Interest Rate | 95.00000% |
| Per Diem | $8.15769 |
| Principal Balance | $3,194.38 |
| Accrued Interest | $424.20 |
| Fees Due | $25.00 |
| Late Charges Due | $10.00 |
| Payoff Amount | $3,653.58 |

Mail to:
P.O. Box 503550
San Diego, CA 92150-3550

DocuSign Envelope ID: 3AD070CE-9B98-49B2-A170-3005447EC75D

Account Number: 700222

| Date: September 04, 2015 | Lender:<br>Argon Credit<br>760 Village Center Drive, Suite 230<br>Burr Ridge, IL 60527 | Borrower(s):<br>Brian Bauman,<br>320 N Aldine ave Park Ridge, IL 60068 |
|---|---|---|
| Loan Amount: 3,500.00 | Payment: 371.30 | Term: 18 |

FEDERAL TRUTH IN LENDING ACT ("TILA") DISCLOSURES

| TRUTH IN LENDING DISCLOSURES | | | |
|---|---|---|---|
| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you | AMOUNT FINANCED The amount of credit provided to you or on your behalf | TOTAL OF PAYMENTS The amount you will have paid when you have made all scheduled payments |
| 95.0000% | $3,183.40 | $3,500.00 | $6,683.40 |

Your payment schedule will be:

| Payment Number | Amount of Payments | When Payments are Due |
|---|---|---|
| 1 | $ 371.30 | 10/04/2015 |
| 2 | $ 371.30 | 11/04/2015 |
| 3 | $ 371.30 | 12/04/2015 |
| 4 | $ 371.30 | 01/04/2016 |
| 5 | $ 371.30 | 02/04/2016 |
| 6 | $ 371.30 | 03/04/2016 |
| 7 | $ 371.30 | 04/04/2016 |
| 8 | $ 371.30 | 05/04/2016 |
| 9 | $ 371.30 | 06/04/2016 |
| 10 | $ 371.30 | 07/04/2016 |
| 11 | $ 371.30 | 08/04/2016 |
| 12 | $ 371.30 | 09/04/2016 |
| 13 | $ 371.30 | 10/04/2016 |
| 14 | $ 371.30 | 11/04/2016 |
| 15 | $ 371.30 | 12/04/2016 |
| 16 | $ 371.30 | 01/04/2017 |
| 17 | $ 371.30 | 02/04/2017 |
| 18 | $ 371.30 | 03/04/2017 |

Security:      You are giving a security interest to Argon Credit to my account.
              * Recurring ACH Authorization
              * ACH Authorization for Returned Check Charge

Late Charge:    Illinois residents: If a payment is more than 10 days late, you will be charged a late charge of $10.00 on installments of $200 or
              less and 5% of installment over $200.

              Utah reidents: If a payment is more than 7 days late you will be charged a late charge of $25.

Prepayment:    If you pay off early, you may be entitled to a refund of part of the finance charge.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds.

DocuSign Envelope ID: 3AD070CF-9868-49B2-A170-3005447E7504

Itemization of the Amount Financed of <u>$3,500.00</u>                    Account Number: 700222

<u>$3,500.00</u> Amount given to you directly

**Terms.** In this Consumer Loan Agreement ("Loan Agreement"), the words "customer," "you," "your," and "I" mean the customer listed above and electronically signing below. The words "Lender," "Licensee," "we," "us," and "our" mean Argon Credit LLC, a consumer installment lender making small consumer loans, and consumer installment loans. We make this small consumer loan to Utah residents pursuant to the Utah Consumer Installment Loan Act. We are regulated by the Utah Department of Financial Institutions, Division of Financial Institution (the "Division"). The Division's website is http://www.dfi.utah.gov/. Please be advised that matters involving improprieties in the making of the loan or in a loan collection practices may be referred to the Division at the following address and telephone number: Utah Department of Financial Institutions, P.O. Box 146800, Salt Lake City, UT 84114; Phone: (801)538-8830. For Illinois residents we make this small consumer loan persuant to the Illinois Consumer Installment Loan Act. We are regulated by the Illinois Department of Financial and Professional Regulation, Division of Financial Institutions(the "Division"). The Division's website is http://www.idfpr.com. Please be advised that matters involving improprieties in the making of the loan or in loan collection practices may be referred to the Division at the following address and telephone number: Illinois Department of Financial and Professional Regulation, Division of Financial Institutions, consumer Credit Section, 100 W. Randolph, Suuite 9100, Chicago, IL 60601; Phone (888) 298-8089.

**Completing the Transaction, Proceeds, and ACH CREDIT AUTHORIZATION.** We deliver the proceeds of this loan directly to your Bank Account via an ACH Credit, unless the proceeds of this loan are used to repay your obligation to us. Therefore, you hereby voluntarily authorize us, our successors or assigns, to initiate an automatic credit entry to your banking account: **Account type:   Checking; bank routing and transit number: ; and Account Number: .** To complete your loan, you must electronically sign this Loan Agreement by clicking the "I agree" button below. We will then approve or deny the Loan Agreement within three business days of the date you sign this Loan Agreement. If we approve the loan agreement, then we will (i) fund the loan in accordance with this Loan Agreement, and (ii) use commercially reasonable effort to credit the proceeds from this Loan Agreement in the bank account listed herein on or before **09/06/2015** ("Effective Date"), unless this is a refinance transaction and the proceeds are applied to pay off your outstanding loan with us. If this is a refinancing, the Effective Date shall be the date of this Loan Agreement. Unavoidable delays as a result of inadvertent processing errors and/or "acts of God" may extend the time for the deposit. We will begin to earn the Finance Charge on the Effective Date.

**Supporting Materials.** You agree to upload or fax (866) 266-1246 to us all Supporting Materials required by us, if any, including but not limited to bank statements, official documentation of income (your most recent paystub, a receipt reflecting payment of governments benefits, a tax return, or documentation prepared by your source of the income) and any other materials requested by us to process the loan (collectively "Supporting Materials"). You represent to us that we will receive the Supporting Materials at the location listed above by the end of the business day following the date that you sign this Loan Agreement. We are relying on your representation in providing disclosures to you. You authorize us to verify all information provided by you. If there is any missing or erroneous information, you authorize us to verify and correct such information. If this Loan Agreement is refinancing an existing agreement with us, then the provisions herein referring to Supporting Materials do not apply since we should already be in possessions of such materials.

**Promise to Pay and Interest.** You promise to pay the above lender at the above address the Total Payments stated above, the dates set for by the Payments Schedule above any other permitted charges. You promise to timely pay us the amount owing hereunder by making installment payments on the dates listed in the schedule of payments ("Payment Date(s)") set forth above. On each Payment Date you will pay us, at the address indicated above, or at such other address as we direct you in writing, the amount stated in cash, by electronic debit to your account if authorized, or as we otherwise agree in writing. Time is of the essence. If any Payment Date falls on a date we are not open for business, then you agree to pay us on the next business day, and we will credit such payment as if we received it on the appropriate Payment Date.

**581 Charges for Small Consumer Loans of $1,500 or less.** You agree to pay interest at an annual rate of no more than 99%. You agree that the interest is recomputed and calculated on the assumption that all

payments will be made when due. We begin to earn Finance charges on **09/06/2015. This only applies to Illinois residents.**      Account Number: 700222

**Charges after Default.** If two or more installments are delinquent one full month or more on any due date, we may reduce the unpaid balance by the refund credit which would be required for prepayment in full on the due date of the most recent maturing installment in default. Therefore, and in lieu of any other default or deferment charges, you agree to pay interest at the rate of **95.00** per annum on the unpaid balance until fully paid. Furthermore, fifteen (15) days after the final installment as originally scheduled or deferred, we may compute and charge interest on any balance remaining unpaid, including unpaid default or deferent charges at the rate of **95.00** per annum, until fully paid. At the time of payment of said final installment, we will send notice to you stating any amounts unpaid.

### JURY TRIAL WAIVER AND ARBITRATION CLAUSE.

By signing below, or clicking any button signaling your assent, you agree to the Jury Trial Waiver and Arbitration Clause ("Clause"):

### Background and scope.

| | | |
|---|---|---|
| What is arbitration? | An alternative to court. | In arbitration, a third party ("Arbiter") solves Disputes in a hearing ("hearing"). You, related third parties, and we, waive the right to go to court. Such "parties" waive jury trials. |
| Is it difficult from court and jury trials? | Yes. | The hearing is private and less formal than court. Arbiters may limit pre-hearing fact finding, called "discovery." The decision is final. Courts rarely overturn Arbiters. |
| Who does the Clause cover? | You, Us, and Others. | This Clause governs the parties, their heirs, successors, assigns, and third parties related to any Dispute. |
| Which Disputes are covered? | All Disputes. | In this Clause, the word "Disputes" has the broadest possible meaning. This Clause governs all "Disputes" involving the parties, This includes all claims even indirectly related to your application and agreements with us. This includes related to information you previously gave us. It includes all past agreements. It includes extensions, renewals, refinancing's, or payment plans. It includes claims related to collections, privacy, and customer information. It includes claims about the Clause's validity and scope. It includes claims about whether to arbitrate. |
| Are you waiving rights? | Yes. | You waive your rights to: <br>1. Have juries solve Disputes. <br>2. Have courts, other than small-claims courts, solve Disputes. <br>3. Serve as a private attorney general or in a representative capacity. <br>4. Be in class action. |
| Are you waiving class action rights? | Yes. | **COURTS AND ARBITERS WON'T ALLOW CLASS ACTIONS.** You waive your right to be in a class action, as a representative and a member. Only individual arbitration, or small-claims courts, will solve Disputes. **Unless reversed on appeal, if a court invalidates this waiver, the Clause will be void.** |
| What law applies? | The Federal Arbitration Act ("FAA"). | This transaction involves interstate commerce, so the FAA governs. If a court finds the FAA doesn't apply, and the finding can't be appealed, then your states law governs. The Arbiter must apply substantive law consistent with the FAA. The Arbiter must follow statutes of limitation and privilege claims. |
| Can the parties try to solve Disputes first? | Yes. | We can try to solve Disputes if you call us at (800) 414-0063. If this doesn't solve the Dispute, mail us notice, within 100 days of the Dispute date. In your notice, tell us details and how you want to solve it. We will try to solve the Dispute. If we make a written offer ("Settlement Offer"), you can reject it and arbitrate. If we don't solve the Dispute, either party may start arbitration. To start arbitration, contact an Arbiter or arbitration group listed below. No party will disclose settlement proposals to the Arbiter during arbitration. |

| How should you contact us? | By mail. | Send mail to: Argon Credit, 760 Village Center Drive, Suite 230, Burr Ridge, IL [@comanyZip]. You can call us at (800) 414-0063. |
|---|---|---|
| Can small-claims court solve some Disputes? | Yes. | Each party has the right to arbitrate, or to go to small-claims court if the small-claims court has the power to hear the Dispute. Arbitration will solve all Disputes that the small-claims court does not have the power to hear. If there is an appeal from small-claims court, or if a Dispute changes so that the small-claims court loses the power to hear it, then the Dispute will only be heard by an Arbiter. |
| Do other options exist? | Yes. | Both parties may use lawful self-help remedies. This includes set-off or repossession and sale of any collateral. Both parties may seek remedies which don't claim money damages. This includes pre-judgment seizure, injunctions, or equitable relief. |
| Will this Clause continue to govern? | Yes, unless otherwise agreed. | The Clause stays effective unless the parties sign an agreement stating it doesn't. The Clause governs if you rescind the transaction. It governs if you default, renew, prepay, or pay. It governs if your contract is discharged through bankruptcy. The Clause remains effective, despite a transaction's termination, amendment, expiration, or performance. |

**Process.**

| How does the arbitration notice? start? | Mailing a | Either party may mail the other a request to arbitrate, even if a lawsuit has been filed. The notice should describe the Dispute and relief sought. The receiving party must mail a response within 20 days. If you mail the demand, you may choose the arbitration group. Or, your demand may state that you want the parties to choose a local Arbiter. If related third parties or we mail the demand, you must respond in 20 days. Your response must choose an arbitration group or propose a local Arbiter. If it doesn't, we may choose the group. |
|---|---|---|
| Who arbitrates? | AAA, JAMS, or an agreed Arbiter. | You may select the American Arbitration Association ("AAA") (1-800-778-7879) http://www.adr.org (http??www.adr.org) or JAMS (1-800-352-5267) http://www.jamsadr.com (http://www.jamsadr.com). The parties may also agree in writing to a local attorney, retired judge, or Arbiter in good standing with an arbitration group. The Arbiter must arbitrate under AAA or JAMS consumer rules. You may get a copy of these rules from such group. Any rules that conflict with any of our agreements with you, don't apply. If these options aren't available, and the parties can't agree on another, a court may choose the Arbiter. Such Arbiter must enforce your agreements with us, as they are written. |
| Will the hearing be held nearby? | Yes. | The Arbiter will order the hearing 30 miles of your home or where the transaction occurred. |
| What about appeals? | Appeals are limited. | The Arbiters decision will be final. A party may file the Arbiter's award with the proper court. Arbitration will solve appeals of a small-claims court judgment. A party may appeal under the FAA. If the amount in controversy exceeds $10,000.00, a party may appeal the Arbiter's finding. Such appeal will be a three-Arbiter panel from the same arbitration group. The appeal will be de novo, and solved by majority vote. The appealing party bears appeal costs, despite the outcome. |

**Arbitration Fees and Awards.**

| Will we advance Arbitration Fees? | Yes, but you pay your costs. | We will advance your "Arbitration Fees" if you ask us to. This includes filing, administrative, hearing, and Arbiter's fees. You pay your attorney fees and other expenses. |
|---|---|---|
| Are damages and attorney fees possible? | Yes, if allowed by law. | The Arbiter may award the same damages as a court. Arbiters may award reasonable attorney fees, and expenses, if allowed by law. |
| Will you pay Arbitration Fees if you win? | No. | If the Arbiter awards you funds, you don't reimburse us the Arbitration Fees. |
| Will you ever pay Arbitration Fees? | Yes. | If the Arbiter doesn't award you funds, then you must repay the Arbitration Fees. If you must pay Arbitration Fees, the amount won't exceed state court costs. |

DocuSign Envelope ID: 3AD07QC5-9899-49B2-A170-3905447EC1CA

| | | |
|---|---|---|
| Can an award be explained? | Yes. | A party request details from the Arbiter, within 14 days of the ruling. Upon such, the Arbiter will explain the ruling in writing. |

## Other Options.

| | | |
|---|---|---|
| If you don't want to arbitrate, can you still get a transaction? | Yes. You can get our services and decide not to arbitrate. | Consider these choices: 1. **Informal Dispute Resolution**. Contact us, and attempt to settle any Disputes. 2. **Small-claims Court**. Seek to solve Disputes in small-claims court, within state law limits. 3. **Opt-Out of Arbitration**. Sign and then timely opt-out. |
| Can you opt-out of the Clause? | Yes. Within 60 days. | Write us within 60 calendar days of signing your agreement to opt-out of the Clause for that agreement. List your name, address, account number and date. List that you "opt out." If you opt out, it will only apply to that agreement. |

**One loan outstanding.** You may only have one small consumer loan outstanding with us at any time.

**Deferment Charge.** We may grant a deferment of wholly unpaid installments, and you agree to pay a deferment charge. For purposes of this Loan Agreement, a deferment postpones the scheduled due date of the earliest unpaid installment and all subsequent installments as originally scheduled, or previously deferred, for a period equal to the deferment period. The deferment period is that period during which no installment is scheduled to be paid by reason of the deferment. You agree to pay a deferment charge for a one month deferment period in an amount equal to the applicable interest for the installment period immediately following the due date of the last undeferred payment. You agree we may make a proportionate charge for deferment for periods of more or less than one month. We earn the deferment charge pro rata during the deferment period, and it is fully earned on the last day of the deferment period. Should you prepay your loan in full during a deferment period, we shall refund the unearned deferment charge in addition to any other refund or credit made for prepayment of the loan in full. You will not incur a delinquency charge on any installment upon which we agree to defer and for which we charge a deferral charge. Furthermore, if we accelerate the maturity of loan, we will not make or collect a deferral charge for any period following the date acceleration is declared.

**Consumer reporting service for Illinois and Utah resdidents.** You acknowledge that within 90 days after we enter into this Loan Agreement, we will enter information about the loan into the "certified database" as required by Illinois or Utah law respectively.

**Security.** Pursuant to Comment 2(a)(25) of the Federal Reserve Board Official Staff Commentary to **Regulation Z 226.2**, we have disclosed to you that our interest in those ACH Authorizations you have agreed to are a security interest for Truth-in-Lending purposes only, because federal and state law do not clearly address whether our interest in ACH Authorization are a "security interest." However, the federal Truth-in-Lending disclosures are not intended to create a security interest under state law and shall not be evidence of or an admission by us that this transaction is anything other than a consumer installment loan authorized by state Law.

**Security to rescind, partial Prepayment, and Prepayment in Full.** To rescind you must deliver to us a sum of money equal to the Principal Amount before the close of business on the next day of business after the Effective Date, and we will refund or rebate to your account any earned finance charge. We will not charge you any amount for resending the loan. You may also prepay us in part or in full at any time, without incurring an additional charge, fee, or penalty. To make arrangements for a rescission or prepayment, you must contact us by email at support@argoncredit.com or phone (800) 414-0063. We will then communicate with you to arrange an authorization to debit funds from your bank account, or make other arrangements for the prepayment. Partial Prepayments will not alter the payment Schedule. At the time of prepayment in full, the unpaid balance of your loan shall consist only of: (i) the unpaid principle of the debt; and (ii) any delinquency or deferral and other allowable charges that may have been assessed prior to prepayment. If you prepay this loan in full by cash, renewal, refinancing or a new loan, then we will refund any unearned interest or unearned portion of the monthly installment account handling charge, whichever is applicable. We calculate the unearned interest or unearned portion of the monthly installment account handling charge based on a method that is at least as favorable to you as the actuarial in accordance with 205 **ILCS 6670/17.2(2)(d)**. If applicable, we will also refund any

DocuSign Envelope ID: 3AD07DCF-9889-49B2-A170-3005447EFEE8

unearned deferment charges as set forth above.
Utah Code requires that we inform you that under Subsection (3)(a) of the Utah Check Cashing and Deferred Deposit Lending Registration Act (hereinafter the "Act") a person receiving a deferred deposit loan may make a partial payment in increments of at least $5 on the principal owed on the deferred deposit loan without incurring additional charges above the charges provided in the written contract.      Account Number: 700222

Under Subsection (3)(b) of the Act, a person receiving a deferred deposit loan may rescind the deferred deposit loan on or before 5 p.m. of the next business day without incurring any charges.

Under Subsection (4)(b) of the Act, the deferred deposit loan may not be rolled over without the person receiving the deferred deposit loan requesting the rollover of the deferred deposit loan.

Under Subsection (4)(c) of the Act, the deferred deposit loan may not be rolled over if the rollover requires the person to pay the amount owed by the person under the deferred deposit loan in whole or in part more than 10 weeks after the day on which the deferred deposit loan is executed.

The name and address of a designated agent required to be provided the department under Subsection 7-23-201(2)(d)(vi); and(B)  shall be our general counsel, Jeremy D. Eveland, MBA, JD with the law firm of Eveland & Associates, PLLC, whose address is 8833 South Redwood Road, Suite C, West Jordan, Utah 84088 and a service of process may be made to the designated agent.

By entering into this Agreement and entering your digital signature hereto, you affirmatively state that you have received (i) a copy of the written contract; and (ii) written notice that if you are seeking a deferred deposit loan whether you are eligible to enter into an extended payment plan, and whether we provide an extended payment plan; and (iii) we have provided the information in this agreement in a conspicuous manner and prior to you entering into the deferred deposit loan review with you the deferred deposit loan the terms of the deferred deposit loan including all of the provisions contained in this contract.

**Application of Payments.**  We credit all payments in the order in which they become due.

**Default, Attorney's fees, and Post Judgment Interest.** You will be in default if you fail to make a scheduled payment on or before the due date or if you fail to comply with any of the terms of this Loan Agreement, including providing any required Supporting Materials in a timely manner. If you default, we can exercise our rights under this loan agreement and other rights under the law and may accelerate the balance of the loan. We may require you to immediately pay in full the applicable amount financed, finance charge, and any other amounts due. We may initiate proceedings against you in accordance with the terms of the Jury Trial Waiver and Arbitration Clause. Pursuant to *205 ILCS 670/15d*, you agree pay us costs and disbursements, including reasonable attorney's fees, incurred in legal proceedings in accordance with the Jury Trial Waiver and Arbitration Clause, to collect any amount owing to us after default. If we accelerate the balance owing for any reason and judgment obtained, you agree that the unpaid balance of the debt will be calculated, less any legal offset, as if payment in full had been made on the date judgment was entered. Pursuant to *735 ILCS 5/2-1303*, interest on the judgment shall be the rate of *95.00* per annum.
You will be in default if you fail to make a scheduled payment on or before the due date or if you fail to comply with any of the terms of this Loan Agreement, including providing any required Supporting Materials in a timely manner. If you default, we can exercise our rights under this loan agreement and other rights under the law and may accelerate the balance of the loan. We may require you to immediately pay in full the applicable amount financed, finance charge, and any other amounts due. We may initiate proceedings against you in a court of law having jurisdiction over you or another court of law in the State of Utah. As a material part of the Loan Agreement, you agree pay us all costs and disbursements, including costs of service of process and court filing fees, and our reasonable attorney's fees, to collect any amount owing to us after default. If we accelerate the balance owing for any reason and judgment obtained, you agree that the unpaid balance of the debt will be calculated, less any legal offset, as if payment in full had been made on the date judgment was entered. Interest on the judgment shall be the rate of 95.00 per annum.

**Delinquency Charge.** Illinois residents, if you have not paid us within 10 days following any scheduled installment due date, you agree to pay a delinquency charge equal to (i) 5% of the installment on installments in excess of $200, or (ii) $10 on installments of $200 or less.The charge may not be collected more than once for

the same default. We may collect the charge at the time of the default or at any time thereafter. If we deduct charge from any payment received after default occurs, and the deduction results in the default of a subsequence installment, we will not collect a charge for the resulting default.

Utah residents, if you have not paid us with 7 days following any scheduled installment due date, you agree to pay a delinquency charge of $25. The charge may not be collected more than once for the same default. We may collect the charge at the time of the default or at any time thereafter. If we deduct charge from any payment received after default occurs, and the deduction results in the default of a subsequence installment, we will not collect a charge for the resulting default.     Account Number: 700222

**Returned Check Service Charge and ACH AUTHORIZATION for Returned Check Charge.** Pursuant to **205 ILCS 670/15d(4),** you will be charged the amount not to exceed $25 plus any actual expenses incurred if any check or draft given by you as a payment on this loan is not honored because of insufficient or uncollected funds or because no such amount exists. You authorize us to make a one-time electronic fund transferred from your account to collect such returned or dishonored payment charge. You hereby voluntarily authorize us, our successors and assigns to initiate such automatic debit entry to your checking account as follows: **:; Account type: Checking; Bank routing number: ; and Account number: .** You also authorize us to re-initiate such ACH debit a total of two additional times (if necessary) for the same amount if the ACH debt is dishonored. You understand and acknowledge that you many terminate this authorization by notifying us in such time and manner as to afford us and your bank a reasonable opportunity to act on it. You also authorize us to verify all of the information you have provided, including past and/or current information. If there is any missing or erroneous information in or with your application regarding your bank, bank routing and transit number, or account number, then you authorize us to verify and correct such information. You will acknowledge that the origination of this ACH transaction to your account must comply with the provisions of the U.S. law.

Utah Code 7-15-1 et. seq. applies to each debit as if it were a check written from your account.  Pursuant to said section, if you default on any payment, you may receive notice that allows us to collect up to triple the amount of the check and recover all reasonable attorney fees and costs.

**Electronic Check Re-Presentment Policy.** In the event a check is returned unpaid for insufficient or uncollected funds, we may re-present the check electronically. In the ordinary course of business, the check will not be provided to you with your bank statement, but a copy can be retrieved by contracting your financial institution.

**Our rights and Remedies.** By choosing any one or more of the remedies provided, we do not give up our right to use another remedy later. By deciding not to use any remedy if you are in default for a particular event, we do not give up our right to consider the same event a default if it happens again. We may delay or refrain from enforcing any of our rights without waving those rights. We reserve all other rights under the laws of Utah.

> **NOTICE OF FURNISHINGS NEGATIVE INFORMATION. WE MAY REPORT INFORMATION ABOUT YOUR ACCOUNT TO CREDIT BUREAUS. LATE PAYMENTS, MISSED PAYMENTS, OR OTHER DEFAULTS ON YOUR ACCOUNT MAY BE REFLECTED IN YOUR CREDIT REPORT.**

**Governing Law and Assignment.** Illinois and Utah law governs this agreement depending on the your state of residency. Ownership of this Loan Agreement (and rights thereunder, including with respect to principle and interest) shall be registered in a record of ownership maintained by us, acting solely for this purpose as your irrevocably appointed agent. Any assignment of transfer of, or participation in, this Loan Agreement (or rights thereunder) will be valid only if and when it is registered in such record of ownership. You shall treat each person whose name is registered in the record of ownership as the owner, assignee or participant, as applicable, for all purpose of this Loan Agreement, including, but not limited to, the rights to payments of principle and interest. We may assign or transfer this Loan Agreement or any of our Rights.

> **Payment Method**
> You may choose to repay by either of the following options below. The payment method checked below is based on your previous selection. You understand that we will process your payments provided in the Payment Schedule above by the method checked below.

DocuSign Envelope ID: 3AD07DCF-9899-49B3-A170-3005447F4CCC

Depository Name:
Routing Number:
Account Number:                              Account Number: 700222

**X Direct ACH Debit.** By selecting the Direct ACH Debit option, you hereby authorize us to initiate an electronic debit to your checking account indicated above, hereinafter called "Your Bank Account," at the depository financial institution named below, hereinafter called the "Depository". You authorize us to electronically debit your Bank Account in accordance with these provisions for amounts owing on each scheduled payment date or thereafter. You also authorize us to re-initiate such ACH debit a total of two additional times (if necessary for the same amount if the ACH debit is dishonored. You acknowledge that the origination of an electronic debit to your account must comply with the provisions of the U.S. law.

**Your Bank Account Information.** If there is any missing or erroneous information regarding Depository or Your Bank Account then you will authorize us to verify and correct the information. You acknowledge that the account on which authorization is drawn is a legitimate, open, and active account.

**Dates.** You acknowledge that this authorization is an authorization to initiate an electronic debit to Your Bank Account on or after each scheduled payment date.

**Termination.** You understand and acknowledge that you may terminate this authorization by notifying us in such time and manner as to afford us and Depository a reasonable opportunity to act on it.

**Partial Payments.** If you make any partial prepayments, then you authorize us to vary the amount of the electronic debit as needed to reflect those partial prepayments.

**Range of Debits and Notice of Variation.** Our debits to your account will be in an amount between the amount of the scheduled payment and the total amount of any scheduled payments past due at the time we initiate the debit, plus any additional charges and/or fees incurred under this Loan Agreement, or a lesser amount owing based on your payment history. We will not debit your account for more than the total amount of scheduled payments past due at the time we initiate the debit (plus additional charges and/or fees, as applicable), even if we accelerate the balance of the loan. If a debit amount will fall outside of the specific range, then we will email you notification of the amount of the debit and the date on or after which we will debit such amount, at least ten calendar days before the scheduled debit.

**Additional Amounts.** You further authorize us to initiate separate electronic debits to Your Account for any applicable amounts provided in this Loan Agreement. You also authorize us to initiate separate electronic debits to Your Account for any applicable fee resulting from a dishonored payment, in accordance with this Loan Agreement.

**Full Force and Effect.** This authorization will remain in full force and effect until we have received written notification from you of its termination and in such manner as to afford us and Depository a reasonable opportunity to act on it.

**OPTIONAL REVOCABLE ELECTRONIC FUND TRANSFER AND DEBIT CARD AUTHORIZATION:**

**[X] DEBIT CARD.** By selecting the Debit Card option, you hereby voluntarily authorize Argon Credit ("Lender") our agents, successors or assigns, to initiate preauthorized Debit card transactions via the VISA OR MASTERCARD OR STAR networks, for both credits and debits entries to your debit card or bank account ("Your Account") and Loan Agreement and Disclosure Notices, and the below payment schedule, which are hereby incorporated into this Debit Card Authorization. All terms herein shall have the same meaning as in your Loan Agreement. You acknowledge this Agreement is being signed in accordance with the Electronic Signatures Act and that you have received notice of Electronic Disclosures as part of this Loan Agreement.

Debit Account Information
Card Type:
Issuer / Issuing Bank:
Debit Card Number:
Expiration Date:

DocuSign Envelope ID: 3AD070CF-9889-49B2-A170-3005447EC1CF

Case 16-02198    Claim 7-1    Filed 02/05/16    Desc Main Document      Page 13 of 17

CVV (3 digits) :

**PAYMENTS.**

Account Number: 700222   If the Loan Agreement is approved, we will use commercially reasonable efforts to deposit the loan proceeds into Your Account on September 04, 2015 ("Disbursement Date"); however, unavoidable delays as a result of inadvertent processing errors and/or "acts of God" may extend the time for the deposit. You authorize us to initiate debit entries on the Payment Dates as well as any extended payment dates thereafter and to re-initiate the debit entries up to two times per debit in accordance with applicable state law, in accordance with the payment schedule below and the terms of your Loan Agreement. If any due date falls on a Saturday, Sunday or bank holiday, your payment will be deducted on the next business day. Please note that you have the right to receive notice of all electronic funds transfers from Your Account that vary in amount from the payment schedule, and that by signing this Debit Card Authorization, you acknowledge that we have elected to offer you a range of amounts for debit entries (instead of providing you with notice of each electronic funds transfer that varies in amount). The range of each debit will be between the amount of your regular payment, plus any insufficient funds fee ($25.00) plus any deferment payments, and any amounts previously overdue. For any amount outside of this specified range, we will send you a notice before initiating such debit. In the event of an overpayment, we will promptly refund any such overpayment to your account, unless the amount is less than one dollar ($1.00).

**PREPAYMENT**. If you make a payment of the full amount due of any installment or your entire loan balance no less than three (3) business days before the scheduled payment date, we will use commercially reasonable efforts to stop the automatic debit for that period. You may pay off your loan at any time and there is no pre-payment penalty.

**INSUFFICIENT FUNDS**. If any debit or payment is returned unpaid, you authorize us to make an electronic funds transfer/debit entry from Your Account to collect an insufficient funds fee of twenty-five dollars ($25.00) per item.

**TERM OF DEBIT CARD AUTHORIZATION**. The term of this Debit Card Authorization shall be until your Loan is paid in full or it is revoked by you or us. If you Default on your Loan, or there is a balance remaining after the scheduled final due date of the loan, you authorize us to continue to debit your account until the unpaid balance is paid in full. While you are authorizing us to continue these debits, we are under no obligation to do so.

**CANCELLATION OF DEBIT CARD AUTHORIZATION**. You understand and acknowledge that you may revoke the Debit Card Authorization by notifying us in writing in a time and manner as to afford us and the issuer a reasonable opportunity to act on it. We may also revoke this Debit Card Authorization at any time by written notice to you. In the event this Debit Card Authorization is revoked, you are still responsible for payments due under your Loan Agreement. You may revoke this Debit Card Authorization by email to support@argoncredit.com, or by mail to Argon Credit, 760 Village Center Drive, Suite 230, Please include your loan number.

ALTERNATE METHODS OF PAYMENT. In the event that any Debit Card transaction comes back as insufficient funds, any alternate method of payment you have provided to us may be used. There will be a Returned Item Fee in accordance with your Agreements of twenty-five dollars ($25.00) per item.

PLEASE NOTE THAT YOU ARE NOT REQUIRED TO AGREE TO THIS DEBIT CARD AUTHORIZATION IN ORDER TO OBTAIN A LOAN FROM US. IF YOU WISH TO DISCUSS OTHER PAYMENT METHODS THAT ARE AVAILABLE DO NOT CLICK THE "I AGREE" BUTTON BELOW AND GIVE US A CALL AT 800-414-0063. This Debit Card Authorization is for your convenience. By clicking the "I AGREE" button below you agree to payment via this Debit Card Authorization, you acknowledge that you are voluntarily choosing to pay electronically, that you have received a copy of this agreement, and that you are choosing only to receive notice of varying amounts of debits only when a debit exceeds the range specified above. You also authorize us to verify all of the information that you have provided on your application or to us otherwise. If there is any missing or erroneous information in or with the information that you have provided to us or the loan application regarding your bank, bank routing and transit number, or account number, then you authorize us to verify and correct such information. You agree that this Debit Card Authorization is subject to the approval of the Loan Agreement.

**OPTIONAL ELECTRONIC DEBIT AUTHORIZATION. PLEASE NOTE THAT YOU ARE NOT REQUIRED TO SELECT THIS ELECTRONIC DEBIT AUTHORIZATION TO ENTER A TRANSACTION WITH US. THIS**

**ELECTRONIC DEBIT AUTHORIZATION IS FOR YOUR CONVENIENCE IN PAYING. BY SELECTING THIS OPTION, YOU ACKNOWLEDGE THAT YOU ARE VOLUNTARILY CHOOSING TO PAY ELECTRONICALLY. [X] REMOTELY CREATED CHECK.** By selecting the Remotely Created Check option, you authorize us to create paper checks bearing your typed name and other information as may be required under applicable law, rather than your handwritten signature, drawn on your checking or savings account which you provided to us (listed above) hereinafter called " Your Bank Account," at the depository financial institution named therein, hereinafter called "Depository" and to submit each check for payment to the Depository in the amount of each payment owing to us under this Loan Agreement on or after each scheduled payment date and any payment date included in a Payment Plan, as set forth in the Loan Agreement ("Remotely Created Check"), otherwise known as a demand draft, telecheck, preauthorized draft or paper draft. If a Remotely Created Check is returned unpaid by Depository, then you authorize us to create and submit a Remotely Created Check for any delinquency/ late fees, dishonor fees, processing/ handling fees, or other amounts accrued pursuant to this Loan Agreement. We will not prepare a Remotely Created Check for more than the total amount of scheduled payments past due at the time we prepare such Remotely Created Check (plus additional charges and/or fees, as applicable), even if we accelerate the balance of the loan. You agree that your typed name or other designation mandated by applicable law will constitute your authorized signature fully reflecting your intent to authenticate any such Remotely Created Check. If you believe we charged Your Bank Account in a manner not contemplated by this authorization, then please contact us. You authorize us to vary the amount of the amount of any preauthorized payment by Remotely Created Check as needed to repay amounts owing, as modified by any partial prepayments.

**Optional Electronic Debit Authorization. PLEASE NOTE THAT YOU ARE NOT REQUIRED TO SELECT THIS ELECTRONIC DEBIT AUTHORIZATION TO ENTER A TRANSACTION WITH US. THIS ELECTRONIC DEBIT AUTHORIZATION IS FOR YOUR CONVENIENCE IN PAYING. BY SELECTING THIS OPTION, YOU ACKNOWLEDGE THAT YOU ARE VOLUNTARILY CHOOSING TO PAY ELECTRONICALLY.**

---

**ARGON CREDIT CORPORATION CONSENT FOR ELECTRONIC SIGNATURES, RECORDS, AND DISCLOSURES ("E-CONSENT")**Account Number: 700222

Please read this information carefully and print a copy and/or retain this information electronically for future reference.

**Introduction.** You are submitting a Loan Agreement with Argon Credit Corporation (hereinafter "we," "us," "our," or Argon Credit Corporation). To provide these services, we need your consent to using and accepting electronic signatures, records, and disclosures ("E-Consent"). This form notifies you of your rights when receiving disclosures, notices and information via Argon Credit Corporation. By clicking "I Agree," "Next," or "Submit," or other links assenting to our terms, you acknowledge that you received this E-Consent and that you consent to using electronic signatures, records, and disclosures. Additionally, by clicking "I Agree," "Next," or "Submit," or other links assenting to out terms, you consent to conduct transactions by using electronic disclosures, electronic records, and contract documents ("Disclosures").

**Option for Paper or Non-Electronic Records.** You may request any disclosures in paper copy by logging in and printing a paper copy. You may also mail us your written request to Argon Credit Corporation, 760 Village Center Drive, Suite 230, Burr Ridge, IL 60527. We will provide paper copies at no charge. Argon Credit Corporation will retain all Disclosures as applicable law requires.

**Scope of Consent.** This E-Consent applies to all interactions online concerning you and Argon Credit Corporation and includes those interactions engaged in on any mobile device, including hones, smartphones, and tablets. By exercising the E-Consent, Argon Credit Corporation will process your information and interact during all online interactions with you electronically. We will also send you notices electronically related to our interactions and transactions. Disclosures may be provided online or through your designate e-mail address.

**Consenting to Do Business Electronically.** Before you decide to do business electronically with Argon Credit Corporation, you should consider whether you have the required hardware and software capabilities described below. Account Number: 700222

**Hardware and Software Requirements.** To access and retain the Disclosures electronically, you will need to use the following computer software and hardware; A PC or MAC compatible computer or device capable of accessing the Internet, access to an e-mail account, and an Internet Browser software program that supports at

least 128 but encryption, such as Microsoft™, Internet Explorer, Netscape™, or Mozilla Firefox™. To read some of these documents, you may need a PDF file reader like Adobe™, Acrobat Reader Xpdf™, or Foxit™. If these requirements change while you are maintaining an active relationship with Argon Credit Corporation and the change creates a material risk that you may not be able to receive Disclosures electronically, Argon Credit Corporation will notify you of these changes. You will need a printer or a long-term storage device, such as your computers disk drive, to retain a copy of the Disclosures for reference. You may send us your written questions regarding the hardware and software requirements by mail to; Argon Credit Corporation, 760 Village Center Drive, Suite 230, Burr Ridge, IL 60527.

**Withdrawing Consent.** You are free to withdraw this E-Consent at any time and at no charge. However, if you withdraw this E-Consent before receiving credit, this will prevent you from obtaining credit from us. If at any time you wish to withdraw this E-Consent, you can send us your written request by mail to Argon Credit Corporation, 760 Village Center Drive, Suite 230, Burr Ridge, IL 60527, with the details of such request. If you decide to withdraw this E-Consent, the legal effectiveness, validity, and enforceability of prior electronic Disclosures will not be affected.

**Change to Your Contact Information.** You should keep us informed of any change in your electronic address or mailing address. You may update such information by logging into the website and providing the updated information. You may also send us your writing update by mail to our address above.

**YOUR ABILITY TO ACCESS DISCLOSURES.** BY CLICKING "I AGREE," "NEXT," OR "SUBMIT," OR OTHER LINKS, YOU CONSENT TO OUR TERMS. YOU ACKNOWLEDGE THAT YOU CAN ACCESS THE DISCLOSURES IN THE DESIGNATED FORMATS DESCRIBED ABOVE. Once you give your consent, you can log into the website to access these documents.

**CONSENT.** BY CLICKING "I AGREE," "NEXT," OR "SUBMIT," OR OTHER LINKS, YOU CONSENT TO OUR TERMS. YOU ACKNOWLEDGE YOU HAVE READ THIS INFORMATION ABOUT ELECTRONIC SIGNATURES, RECORDS, DISCLOSURES, AND DOING BUSINESS ELECTRONICALLY. YOU CONSENT TO USING ELECTRONIC SIGNATURES, HAVING ALL DISCLOSURES PROVIDED OR MADE AVAILABLE TO YOU IN ELECTRONIC FORM AND TO DOING BUSINESS WITH US ELECTRONICALLY. YOU ACKNOWLEDGE THAT YOU MAY REQUEST A PAPER COPY OF THE ELECTRONIC RECORDS AND DISCLOSURES, WHICH WE WILL PROVIDE TO YOU AT NO CHARGE. IF YOU REFRAIN FROM PROCEEDING THEN YOU NEITHER WISH TO USE ELECTRONIC SIGNATURES NOR CONDUCT THIS TRANSACTION ELECTRONICALLY. YOU ALSO ACKNOWLEDGE THAT YOUR CONSENT TO ELECTRONIC DISCLOSURES IS REQUIRED TO RECEIVE SERVICES FROM US OVER THE INTERNET.

---

**Cell Phone Number:**
**Transaction Robocalls (Including SMS Text Messages) to My Cellular Phone.** Receipt of cellular phone calls (including text messages) may be subject to service provider charges. If you have listed a cell phone number above or provided an updated cell phone number, then you authorize us to call (including sending SMS text messages) using an automatic telephone dialing system or prerecorded message to your cell phone number to provide account information and services. We may follow up in order to assist you with completion of your application, address any technical problems associated in completing your application, notification of transaction approval, payments reminders and collection efforts. If you do not want to receive robocalls (including SMS text messages) about your transaction you can unsubscribe by sending an email to support@argoncredit.com with the subject line "STOP Transaction Robocalls."

---

**Additional Acknowledgements.** By Signing this Loan Agreement you acknowledge it was filled in before you did so and that you have received a completed copy of it. You represent that you are not a debtor under any proceeding in bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code. This Loan Agreement shall not constitute a negotiable instrument. **You acknowledge that you have read, understand, and agree to all of the terms of this Loan Agreement.** Account Number: 700222

---

**Utah residents may contact the Utah Department of Financial Institutions (DFI) for information re**

DocuSign Envelope ID: 3AD07DCF-9889-49B3-A170-3005447B2D4F

**assistance with credit problems at 801-538-8830.**

**Illinois residents may contact the Illinois Department of Financial and Professional Regulation; Div Services; Consumer Credit Section; 100 W. Randolph, Suite 9-100; Chicago IL 60601 for informatio credit or assistance with credit problems.**

**Customer Representations.** By Signing this Loan Agreement:  Account Number: 700222

1. You acknowledge that it was filled in before you did so, and that you have received a competed copy of it. You agree that the information you provided to us prior to entering into this Loan Agreement is accurate;

2. You warrant that you are not a debtor under any proceedings of bankruptcy and have not intention to file a petition for relief under any chapter of the United State Bankruptcy Code;

3. You agree that you are over 18 years of age;

4. You acknowledge that you have read, understand, and agree to all of the terms of the Privacy Policy;

5. You acknowledge that before entering into this Loan Agreement, that we provided you a pamphlet, prepared by the Utah Department of Financial Institutions (DFI), or Illinois Dept. of Financial Regulation depending on your home state, describing general information about consumer credit and about a consumer's rights and responsibilities in a small consumer loan transaction.

6. You acknowledge that we must limit the amount of this Loan Agreement, and that the amount of all payment(s) required do not exceed 22.5% of your gross monthly income, as demonstrated by official documentation, such as your most recent paystub, a receipt reflecting payment of government benefits, a tax return or documentation prepared by your source of the income.

7. You acknowledge that you have read, understand, and agree to all of the terms of this loan agreement, including the Jury trial Waiver and Arbitration Clause.

**In addition to agreeing to the terms of the agreement, I acknowledge, by my signature below, receipt from Argon Credit Corporation a pamphlet regarding small consumer loans.**

DocuSign Envelope ID: 3AD070CF-9899-49B3-A170-3005447EC1CF

## NOTICE TO BORROWER

**(1) Do not sign this agreement before you read it or if it contains blank spaces. (2) You are entitled to a completely filled-in copy of this agreement. (3) Under the law, you have the right to pay off in advance the full amount due and under certain conditions to obtain a partial refund of the finance charge.**

By signing below buyer agrees to all the terms and conditions of this contract, and acknowledges receipt of a copy of this contract.

**AMOUNT FINANCED:**

I understand that the amount financed is a principle amount loaned by the Lender to me as a borrower. Furthermore I understand that Lender funds the associated account. The amount financed may include amounts for fees, credit pull and underwriting. I also understand that I am responsible to repay this loan in full as the Contract terms have disclosed clearly.

**DEFAULT:** You will be in default on this Contract if one of the following occurs (except as prohibited by law:)

1. You fail to perform any obligation that you have undertaken in this Contract
2. We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our costs for collecting amounts owing, including, and without limitation, court costs, attorneys' fees, and fees for repossession, repair, storage, and sale of the property securing this contract. If any borrower is held in default, we may exercise remedies against all borrowers.

**REMEDIES:** If you are in default on this Contract, we me pursue all the remedies provided by law and this contract:

1. We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.
2. We may pay taxes, assessment, or other liens or make repairs to the Property if you have not done so. We are not required to do so. Any amount we pay will be added to the amount you owe us and will be due immediately. This amount will earn finance charges from the date paid at the post maturity rate described in the PROMISE TO PAY AND PAYMENT TERMS section until paid in full.
3. We may require you to make the Property available to us at the place we designate that is reasonably convenient to you and us.
4. We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises. We may then sell the Property and apply what we receive as provided by law to our reasonable expenses and then toward your obligations.
5. Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not waive our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

**OBLIGATION INDEPENDENT:** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

1. You must pay this contract even if someone else has also signed it.
2. We may release any co-buyer or guarantor and you will still be obligated to pay this Contract
3. We may release any security and you will still be obligated to pay this Contract.
4. If we give up any of our rights, it will not affect your duty to pay this Contract.
5. If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract

**WAIVER:** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or (3) give notice that we intend to make, or are making, this Contract immediately due

DocuSigned by:

*Brian Bauman*

_____    _____
Borrower Signature                                      Co-Borrower Signature

Account Number: 700222

# EXHIBIT
# B

B 2100A (Form 2100A) (12/15)

# UNITED STATES BANKRUPTCY COURT

### Northern District of Illinois

In re  Brian and Lourdes Bauman            ,          Case No.  16-02198

## TRANSFER OF CLAIM OTHER THAN FOR SECURITY

A CLAIM HAS BEEN FILED IN THIS CASE or deemed filed under 11 U.S.C. § 1111(a). Transferee hereby gives evidence and notice pursuant to Rule 3001(e)(2), Fed. R. Bankr. P., of the transfer, other than for security, of the claim referenced in this evidence and notice.

| | |
|---|---|
| Argon Credit | First Associates Loan Servicing, LLC as agent for Argon Credit |
| **Name of Transferee** | **Name of Transferor** |

Name and Address where notices to transferee should be sent:
   200 West Jackson, 9th Floor
   Chicago, IL 60606

Court Claim # (if known): ____7____
Amount of Claim: _____$3,653.58_____
Date Claim Filed: ____02/05/2016____

Phone:  800-414-0063
Last Four Digits of Acct #: ____222____

Phone:  858-432-5121
Last Four Digits of Acct. #: ____222____

Name and Address where transferee payments should be sent (if different from above):

Phone: _____
Last Four Digits of Acct #:_____

I declare under penalty of perjury that the information provided in this notice is true and correct to the best of my knowledge and belief.

By: /s/ Anthony Gonzales            Date: _02/02/2017_____
      Transferee/Transferee's Agent

*Penalty for making a false statement:* Fine of up to $500,000 or imprisonment for up to 5 years, or both.  18 U.S.C. §§ 152 & 3571.

NTCASCLM

# United States Bankruptcy Court

### Northern District of Illinois
### Eastern Division
### 219 S Dearborn
### 7th Floor
### Chicago, IL 60604

In Re:

Brian K Bauman
320 N. Aldine Ave.
Park Ridge, IL 60068
SSN: xxx–xx–0560 EIN: N.A.

Lourdes C. Bauman
320 N. Aldine Ave.
Park Ridge, IL 60068
SSN: xxx–xx–0551 EIN: N.A.

Case No. : 16–02198
Chapter : 13
Judge :    Timothy A. Barnes

## NOTICE TO ASSIGNOR OF FILING OF ASSIGNMENT/TRANSFER OF CLAIM

TO : First Associates Loan Servicing, LLC

Pursuant to Bankruptcy Rule 3001(e), you are hereby advised that there has been filed in this office an assignment to Argon Credit of your claim in the above matter, designated Claim No. 7 in the amount of $3653.58.   If no objections are filed by you on or before February 23, 2017 the Court shall substitute Argon Credit in your place and stead as a claimant.   If objections to the assignment of claim are filed, a hearing will be scheduled by the court. You will be notified of the date of this hearing.

For the Court,

Dated: February 2, 2017

Jeffrey P. Allsteadt , Clerk
United States Bankruptcy Court