## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-39654 |
| | ) | (Jointly Administered) |
| ARGON CREDIT, LLC, *et al*, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: October 15, 2020 at 9:00 a.m |
| | ) | |

## <u>NOTICE OF MOTION</u>

TO: See attached list

PLEASE TAKE NOTICE that on October 15, 2020 at 9:00 a.m., I will appear before the Honorable Deborah L. Thorne, or any judge sitting in her place, and present the *Motion for Entry of an Order: (I) Pursuant to Bankruptcy Rule 9019 Approving Settlement with Certain Adversary Defendants and (II) Approving Payment of Contingency Fee*. Parties-in-interest may obtain a copy of the Motion by contacting undersigned counsel.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID and password for this hearing will be provided by chambers at a later date. These credentials can also be found on the judge's page on the court's web site, at https://www.ilnb.uscourts.gov/content/judge-deborah-l-thorne.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated:  September 24, 2020

**KAREN R. GOODMAN, CHAPTER 7
TRUSTEE**

By: /s/ Elizabeth L. Janczak
    One of Her Attorneys

Shelly A. DeRousse, Esq.
Elizabeth L. Janczak, Esq.
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
sderousse@freeborn.com
ejanczak@freeborn.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-39654 |
| | ) | (Jointly Administered) |
| ARGON CREDIT, LLC, *et al*, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: October 15, 2020 at 9:00 a.m |
| | ) | |

<u>**CERTIFICATE OF SERVICE**</u>

I, Elizabeth L. Janczak, an attorney, hereby certify that on September 24, 2020, I caused a true and correct copy of the foregoing *Notice of Motion* and *Motion for Entry of an Order: (I) Pursuant to Bankruptcy Rule 9019 Approving Settlement with Certain Adversary Defendants and (II) Approving Payment of Contingency Fee*, to be filed with the Court and served upon the following parties by the manners listed.

_____/s/ Elizabeth L. Janczak_____

<u>**CM/ECF Service List (Notice and Motion)**</u>

Harold Abrahamson    aralawfirm@aol.com
Gabriel Aizenberg    aizenbergg@gtlaw.com, malisc@gtlaw.com; chilitdock@gtlaw.com;
stibbep@gtlaw.com; mendeloffs@gtlaw.com; ickesp@gtlaw.com
Kimberly Bacher    Kimberly.Bacher@usdoj.gov, kimberlyabacher@hotmail.com
Paul M Bauch    pbauch@lakelaw.com, smohan@lakelaw.com;
5242@notices.nextchapterbk.com
Rachel Blise    rblise@foley.com
Michael A Brandess    mbrandess@sfgh.com, bkdocket@sfgh.com
Terence Campbell    tcampbell@cotsiriloslaw.com, protert@cotsiriloslaw.com
Jeffrey C Dan    jeffd@goldmclaw.com
Shelly A. DeRousse    sderousse@freeborn.com, bkdocketing@freeborn.com
William J Factor    wfactor@wfactorlaw.com, wfactorlaw@gmail.com;
bharlow@wfactorlaw.com; wfactor@ecf.inforuptcy.com; wfactormyecfmail@gmail.com;
factorwr43923@notify.bestcase.com
Jonathan P Friedland    jfriedland@sfgh.com, bkdocket@sfgh.com
Matthew T. Gensburg    MGensburg@gcklegal.com
Karen R Goodman    kgoodman@cranesimon.com, il24@ecfcbis.com;
dkobrynski@cranesimon.com; kgoodman@ecf.axosfs.com; abell-powell@cranesimon.com
Karen R Goodman    kgoodman@cranesimon.com, abell-powell@cranesimon.com
E. Philip Groben    pgroben@gcklegal.com, bcervantes@gcklegal.com,
rrodriguez@gcklegal.com
Valerie A Hamilton    vhamilton@sillscummis.com

Jill M Hutchison    jhutchison@cotsiriloslaw.com, bdardar@cotsiriloslaw.com
Elizabeth L Janczak    ejanczak@freeborn.com, bkdocketing@freeborn.com
Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
Derek V. Lofland    derekloflandesq@gmail.com
Sara E Lorber    slorber@wfactorlaw.com, slorber@ecf.inforuptcy.com;
nbouchard@wfactorlaw.com; bharlow@wfactorlaw.com
Edward Miller    edmilleresq@aol.com
Karthik Nagarur    knagarur@gmail.com
Jeffrey K. Paulsen    jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;
jpaulsen@ecf.inforuptcy.com
Nancy A Peterman    petermann@gtlaw.com, chilitdock@gtlaw.com; greenbergc@gtlaw.com;
stibbep@gtlaw.com
Lars A Peterson    lpeterson@lgcounsel.com
Peter J Roberts    proberts@cozen.com, peter-roberts-1301@ecf.pacerpro.com;
cknez@cozen.com
Carolina Y. Sales    csales@lakelaw.com, smohan@lakelaw.com;
5241@notices.nextchapterbk.com
Christina Sanfelippo    csanfelippo@foxrothschild.com, orafalovsky@foxrothschild.com
Steven S. Shonder    Steve@ShonderLegal.com, sshonder@me.com
David M Siegel    davidsiegelbk@gmail.com, R41057@notify.bestcase.com;
johnellmannlaw@gmail.com
M. Gretchen Silver    ustpregion11.es.ecf@usdoj.gov, gretchen.silver@usdoj.gov;
denise.delaurent@usdoj.gov
Arthur G Simon    asimon@cranesimon.com, sclar@cranesimon.com;slydon@cranesimon.com
Michael J. Small    msmall@foley.com, thardy@foley.com;DocketFlow@foley.com
Peter S Stamatis    peter@stamatislegal.com
Justin R. Storer    jstorer@lakelaw.com, 5217@notices.nextchapterbk.com;ECF@Lakelaw.com
Jeffrey Wilens    jeff@lakeshorelaw.org

## U.S. Mail Service List (Notice of Motion Only)

See attached mailing matrix.

Label Matrix for local noticing
0752-1
Case 16-39654
Northern District of Illinois
Eastern Division
Thu Sep 17 12:18:50 CDT 2020

Addison Professional Financial Sear
7076 Solutions Center
Chicago, IL 60677-7000

Ahmed Belhabib
808 Canyon Terrace Ln.
Folsom, CA 95630-1872

Gabriel Aizenberg
Greenberg Traurig LLP
77 W Wacker
 #3100
Chicago, IL 60601-4904

AmOne Corporation
12331 SW 3rd St
Suite 700
Fort Lauderdale, FL 33325-2813

American Airlines ICU
PO Box 619001
MD2100
Dallas TX 75261-9001

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern, PA 19355-0701

Andy C. Warshaw, Esq.
1200 Main St., Suite G
Irvine, CA 92614-6749

Argon Credit LLC
200 W. Jackson Blvd.
Suite 900
Chicago, IL 60606-6986

Argon X LLC
200 W. Jackson Blvd.
Suite 900
Chicago, IL 60606-6986

Ashleigh L. Bingham
258 Green St.
Park Forest, IL 60466-1610

Ashley M. Dabney
3116 W. Belmont Ave., Apt. B
Chicago, IL 60618-5706

Ashley Stuart
9137 Ga. Hwy. 135
Naylor, GA 31641-2049

Audrey L. Willis
Office of the Chapter 13 Trustee, MDAL
P.O. Box 173
Montgomery, AL 36101-0173

B Money Holdings
2569 College Hill Circle
Schaumburg, IL 60173-5204

Kimberly Bacher
Office of the U. S. Trustee, Region 11
219 S Dearborn Room 873
Chicago, IL 60604-2027

(p)BANK OF AMERICA
PO BOX 982238
EL PASO TX 79998-2238

Barclays Bank Delaware
ERC PO Box 57610
Jacksonville FL 32241

Barrile, John M
200 W Jackson
Chicago, IL 60606-6910

Bates, Birttney T
914 Great Plaines
Matteson, IL 60443-2477

Bates, LaTonya
P.O. Box 168
Frankfort, IL 60423-0168

Brian and Lourdes Bauman
320 N. Aldine Ave.
Park Ridge, IL 60068-3012

Beattie, Mary
32429 W River Rd
Wilmington, IL 60481-9578

Bernard Marsiglia
100 Forest Pl., Apt. 501
Oak Park, IL 60301-1196

Bethke, John T
6037 W 99th St
Oak Lawn, IL 60453-3663

Blue Treble Solutions, LLC
2009 Fairoak Ct.
Naperville, IL 60565-2842

Borden, Alea
1312 W George Street Apt 3
Chicago, IL 60657-4102

Michael A Brandess
Sugar, Felsenthal, Grais & Helsinger LLP
30 N. LaSalle St.
Ste. 3000
Chicago, IL 60602-3481

Breen, Brian M
8500 Westberry Ln
Tinley Park, IL 60487-7537

Broadmark Capital, LLC
M. Brandess Sugar Felsenthal
Grais & Hammer
30 N. LaSalle St.Ste 3000
Chicago, IL 60602-3481

Brown, Derrick
11615 S Hale Ave
Chicago, IL 60643-4821

Bruce W. Breitweiser
1504 W Washington Street
Bloomington, IL 61701

Budd Larner, P.C.
150 John F. Kennedy Pkwy
Short Hills, NJ 07078-2703

Byron Faermark
1900 S Highland Ave  Suite 100
Lombard, IL 60148-4998

Calloway, Evelyn
5803 W Erie St #3S
Chicago, IL 60644-1457

Candace Harison
20 N. Tower Rd.
Oak Brook, IL 60523-1126

Canete, Ira V
1050 S School St
Lombard, IL 60148-4025

Cardinal Trust
77 W Wacker Dr
Suite 3100
Chicago IL 60601-4904

Chapter 13 Trustee, Middle District of Alaba
P.O Box 173
Montgomery, AL 36101-0173

Charles Augello
9023 Gardner Dr.
Alpharetta, GA 30009-2193

Charles Beattie
35 Woodlake Blvd., Apt. 1205
Gurnee, IL 60031-3279

Chris Walker
4138
Ridgefield Dr.
Columbus, GA 31907-6224

Christine Sammons
3250 Cannon Bay Dr.
Cumming, GA 30041-7721

Christopher Hinsley
720 Wellington Ave.
Elk Grove Village, IL 60007-3366

Clayton Pringle
911 West George St.
Banning, CA 92220-4341

Coates, Charles
3535 W Armitage Ave Unit 2F
Chicago, IL 60647-3602

Cogent Communications Chicago
221 N. LaSalle Street
Chicago, IL 60601-1514

Collins, Keyoma R
2708 Oxford Dr
Markham, IL 60428-4762

Commonwealth Edison Co
3 Lincoln Center
Attn: Bankruptcy  Section
Oak Brook Terrace IL 60181-4204

Conversant LLC
P.O. Box 849725
Los Angeles, CA 90084-9725

CyberRidge
c/o Nortridge Software
2 S. Pointe Dr., Ste 250
Lake Forest, CA 92630-8537

(p)DIRECTV LLC
ATTN BANKRUPTCIES
PO BOX 6550
GREENWOOD VILLAGE CO 80155-6550

Dabney, Ashley M
3116 W. Belmont Avenue #2
Chicago, IL 60618-5706

Dale & Gensburg PC
200 W Adams St
Ste 2425
Chicago, IL 60606-5251

Jeffrey C Dan
Goldstein & McClintock LLLP
111 West Washington
Suite 1221
Chicago, IL 60602-3482

Daniels, Panichi
61 W 146th St
Riverdale, IL 60827-2853

Data Sales Co., Inc.
3450 West Burnsville Pkwy
Burnsville, MN 55337-4203

Deborah Martin
413 Flint Trl
Jonesboro, GA 30236-1313

Paul R Defilippo
Wollmuth Maher & Deutsch LLP
500 Fifth Avenue 12th Floor
New York, NY 10110-1292

Denise Ortiz
c/o Golden & Cardona-Loya LLP
3130 Bonita Road, Ste. 200B
Chula Vista, CA 91910-3263

Dennis Nix
24701 Raymond Way
Lake Forest, CA 92630-4741

Department of Treasury-Internal Revenue Serv
PO Box 7346
Philadelphia, PA 19101-7346

DevBridge Group, LLC.
343 W. Erie St. Suite 600
Chicago, IL 60654-5789

Diekelman, Adam K
511 W Division St #512
Chicago, IL 60610-1826

Douglas Harvey
3836 South Hurt Rd.
Smyrna, GA 30082-3518

Drane, Cecelia D
719 N. 7th St.
Maywood, IL 60153-1054

Dube, Matthew R
226 N Adams St
Hinsdale, IL 60521-3126

Enova International, Inc.
175 W. Jackson Blvd. Suite 1000
Chicago, IL 60604-2863

Enova International, Inc.
200 W. Jackson St., 9th Floor
Chicago, IL 60606-6986

Erica White
10343 Linder Ave.
Oak Lawn, IL 60453-4678

Erickson, Nathan R
655 W Irving Park Rd Apt 1408
Chicago, IL 60613-3136

Ferro, Peter A
2377 Holt Rd
Minooka, IL 60447-8912

Fintech Financial, LLC
Attn: Mindi Vavra
101 Research Park Dr.
Mission, SD 57555

Florian Fox
10606 Charles St.
Huntley, IL 60142-7131

Franchise Tax Board
Bankruptcy Section MS A340
PO BOX 2952
Sacramento, CA 95812-2952

Jonathan P Friedland
Sugar Felsenthal Grais & Helsinger LLP
30 North LaSalle Street
Suite 3000
Chicago, IL 60602-3481

Fukawa, Kim K
2462 N Orchard St  #1
Chicago, IL 60614-2624

Fund Recovery Services, LLC
Sills Cummis & Gross, PC
Attn: V. Hamilton
600 College Road East
Princeton, NJ 08540-6636

Gallop Solutions, Inc.
P.O. Box 796575
Dallas, TX 75379-6575

Gary Zumski
4204 E. Frontage Rd.
Rolling Meadows, IL 60008-2520

Matthew T. Gensburg
Gensburg Calandriello & Kanter, P.C.
200 W Adams St., Ste. 2425
Chicago, IL 60606-5251

Gonzalez, James R
808 Alann Dr
Joliet, IL 60435-3821

Gonzalez, Mayra
4048 S Albany Ave
Chicago, IL 60632-2445

Karen R Goodman ESQ
Crane, Simon, Clar & Dan
135 South LaSalle Street
Suite 3705
Chicago, IL 60603-4101

Karen R Goodman ESQ
Crane, Simon, Clar & Goodman
135 S. LaSalle Street
Suite 3705
Chicago, IL 60603-4101

E. Philip Groben
Gensburg Calandriello & Kanter, P.C.
200 West Adams St., Ste 2425
Chicago, IL 60606-5251

Valerie A Hamilton
Sills Cummis Gross, P.C.
600 College Road East
Princeton, NJ 08540-6636

Heather Miller
25 Elm Dr.
Bethany, IL 61914-9516

Heather Nicholas
11496 Autumn Hill Drive
Sandy, UT 84094-5671

Heidi Smith
388 Alicia Ave.
Talladega, AL 35160-2945

Hicks, Kevin
4527 W Monroe St
Chicago, IL 60624-2519

Howard, Cory K
1624 W Division St #504
Chicago, IL 60622-3833

InContact, Inc.
75 West Towne Ridge Tower 1
Sandy, UT 84070-5528

James Ciesielski
210 N. 14th St.
Lanett, AL 36863-6454

James Hansen
2065 East County Rd. 1300
Carthage, IL 62321-3511

Jamillah Omar
8945 S. Dorchester Ave.
Chicago, IL 60619-7005

Jandice Tidwell
798 County Rd. 245
Scottsboro, AL 35768-5115

Jason Petty
5263 Highland Trace Circle
Birmingham, AL 35215-2872

Jason Sparling
103 East 5th
Spring Valley, IL 61362-1420

(p)JEFFERSON CAPITAL SYSTEMS LLC
PO BOX 7999
SAINT CLOUD MN 56302-7999

Joann Brooks
2241 Mokingbird Ln.
Washington, IL 61571-3338

Joseph Coler
4480 Highwood Park. Dr.
Atlanta, GA 30344-7051

Kamie McKay
3756 Galaway Ct.
Moreno Valley, CA 92555

Karthik Nagarur
c/o Apollo Legal Services, LLC
3900 N. Lake Shore Dr., #4D
Chicago, IL 60613-3462

Krivich, Alexandria N
21847 W Kentwood Dr
Plainfield, IL 60544-7050

Lachandra Jones
3539 Oakshire Way
Atlanta, GA 30354-3630

Lagina Dardy
1807 Highland Ave., Apt. 1
Dublin, GA 31021-3644

Lakeshore Law Center
Jeffrey Wilens, Esq.
18340 Yorba Linda Blvd.
No. 107-610
Yorba Linda, CA 92886-4058

Larry McDuffie
134 GlenDale Rd.
Leesburg, GA 31763-4714

Latoria Williams
3840 Culver Rd.
Tuscaloosa, AL 35401-9511

James N Lawlor
Wollmuth Maher & Deutsch LLP
500 Fifth Ave
12th Floor
New York, NY 10110-1292

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St
Room 873
Chicago, IL 60604-2027

Lending Tree
PO Box 840470
Dallas, TX 75284-0470

Leroy Commander
600 Hunter St.
Thomson, GA 30824-1513

LexisNexis Risk Solutions
230 Park Ave.
7th Floor
New York, NY 10169-0935

Little Owl
322 E. Michigan St. Suite 302
Milwaukee, WI 53202-5005

Little Owl Argon, LLC
322 East Michigan St., Suite 302
Milwaukee, WI 53202-5005

Derek V. Lofland
Derek V. Lofland, Attorney At Law
2038 and One Half N Spaulding Ave.
Unit 2
Chicago, IL 60647

Macy's Card
PO Box 8113
Mason OH 45040-8113

Macy's Department Stores
PO Box 8218
Mason OH 45040-8218

Madanyan, Harry
6261 W 128th Pl
Palos Heights, IL 60463-2325

Marco Boykin-Hunter
649 Candle Ln.
Birmingham, AL 35214-4874

Margon LLC
Nancy A Peterman
77 W Wacker
Suite 3100
Chicago IL 60601-4904

Maria Colindres
6928
Agnes Ave. #4
North Hollywood, CA 91605-6922

Marjorie Fulmer
211 Mantle Dr.
Madison, AL 35757-7597

Mark Tiffler Trust
760 Village Center Dr., Ste. 200
32 Ruffled Heathers
Lemont, IL 60439-7746

Mark Triffler Declaration
of Trust
Nancy A Peterman
77 W Wacker Dr
Suite 3100
Chicago IL 60601-4904

Martha Fackiner
5123 Brookwood Valley NE
Atlanta, GA 30309-1455

Matthew Schmarje
608 Queen Anne St.
Woodstock, IL 60098-2841

Mattull, Eric
423 Osage Dr
Dyer, IN 46311-2237

McGee, Anthony E
2208 W 121st Place
Blue Island, IL 60406-1302

Meghan  Hubbard
760 Village Center Drive, Suite 200
Burr Ridge, IL 60527-4507

Scott Mendeloff
Greenberg Traurig, LLP
77 W Wacker Drive
Suite 3100
Chicago, IL 60601-4904

Merit Management Group LP
760 Village Center Dr. Suite 200A
Burr Ridge, IL 60527-4529

Michalski, Rachel M
12933 Norwich St
Plainfield, IL 60585-7908

Michelle Waters
249 Silver Ridge Dr.
Dallas, GA 30157-8272

MicroBilt Corporation
100 Canal Pointe Blvd., Suite 208
Princeton, NJ 08540-7169

Microbilt
1640 Airport Rd., Ste. 115
Kennesaw, GA 30144-7038

Midland Funding LLC
2365 Northside Drive
Suite 300
San Diego CA 92108-2709

Mounce, Tawni L
5117 North Western Ave Apt 1
Chicago, IL 60625-2737

Munsayac, Christian
4904 N Harding Ave
Chicago, IL 60625-6105

Nelson, Rebecca
7209 Oneill Rd
Downers Grove, IL 60516-3769

Niko Evrard
1868 Stow St.
Simi Valley, CA 93063-4265

Noax, LLC
310 E. 90th Dr.
Merrillville, IN 46410-7188

Nunn, Marlon T
7765 S South Shore Dr Apt #2
Chicago, IL 60649-5789

Octavio Cardona-Loya II
3130 Bonita Road, Suite 200-B
Chula Vista, CA 91910-3263

Office of the U.S. Trustee
219 S. Dearborn St.
Room 873
Chicago, IL 60604-2027

Palla Smith
5917 Sunflower Ct.
Ellenwood, GA 30294-3891

Park, Rhonda
3531 Stackinghay Dr
Naperville, IL 60564-8335

Pasquale Caira
7508 Locust Ln.
Plainfield, IL 60586-2550

Patricia Carr
1152 Violet Dr.
Birmingham, AL 35215-7224

Paul Kotowski
7101 N. LeClaire Ave.
Skokie, IL 60077-3480

Penny Mullis
1878 Cook Ct.
Montrose, GA 31065-3237


Peraza Capital
Suite 705
StPetersburg, FL 33701

Peraza Capital and Investment, LLC.
M. Brandess Sugar Felsenthal
Grais & Hammer
30 N. LaSalle St. Ste 3000
Chicago, IL 60602-3481

Percolate Industries
107 Grand St. 2nd Floor
New York, NY 10013-5903


Nancy A Peterman
Greenberg Traurig, LLP
77 West Wacker Drive Ste 2500
Chicago, IL 60601-1643

Lars A Peterson
L&G Law Group LLP
175 W Jackson Blvd
Suite 950
Chicago, IL 60604-2615

Pheareak Phan
25 N. Puente Dr.
Tracy, CA 95391-1147


Porche Taylor
1353 Florin Rd.
Sacramento, CA 95822-4201

(p)PORTFOLIO RECOVERY ASSOCIATES LLC
PO BOX 41067
NORFOLK VA 23541-1067

Princeton Alternative Fund (PAF)
100 Canal Pointe Blvd. Suite 208
Princeton, NJ 08540-7169


Princeton Alternative Income Fund, LP
c/o Sills Cummis & Gross, PC
Attn: V. Hamilton
600 College Road East
Princeton, NJ 08540-6636

Productive Edge, LLC.
11 E. Illinois St. Suite 200
Chicago, IL 60611-5654

RSM
5155 Paysphere Circle
Chicago, IL 60674-0001


RSM US LLP
5155 Paysphere Circle
Chicago, IL 60674-0001

Renita Briley
50 Roswell Ct.
Atlanta, GA 30305-1412

Richard Peterson
247 Talking Rock Trail
Dallas, GA 30132-0910


Rik Williamson
1014 W. S. 2nd
Shelbyville, IL 62565-1804

Robert Demetrius Walker
3590 Towanda Dr.
Atlanta, GA 30349-2334

Robert Half
12400 Collections Center Drive
Chicago, IL 60693-0124


Robert Vaughn
1236 N. Oaklane Rd. Lot 315
Springfield, IL 62707-9771

Peter J Roberts
Cozen O'Connor
123 North Wacker Drive
Suite 1800
Chicago, IL 60606-1770

Mia Victoria I. Rocello


Roderick Williams
195 Echols Way
Acworth, GA 30101-2736

Rossow, Marie E
808 POMEROON ST Apt 306
Naperville, IL 60540-4893

Ruiz, Liza
6149 W Giddings
Chicago, IL 60630-2929


Sammons, Samantha K
3420 N Lakeshore Dr. Apt 7N
Chicago, IL 60657-2887

Sandra Rheuby
421 Mono Drive
Vacaville, CA 95687-5525

Christina Sanfelippo
Fox Rothschild LLP
321 N Clark Street, Ste 1600
Chicago, IL 60654-4614

Schneider, Lisa
1804 S Racine Ave #4-B
Chicago, IL 60608-3214

Schoenberg, Eric
2830 N Damen Ave
Chicago, IL 60618-8204

Seyfarth Shaw LLP
131 S Dearborn St. Suite 2400
Chicago, IL 60603-5577

Shah, Manali
9031 Westminster Dr
Woodridge, IL 60517-7545

Sherry Ann Morris
1205 Ridge Vista Ct.
Lawrenceville, GA 30043-7019

Sherry Morris
Allen Chern/ Douglas R. Lenhardt, Esq.
230 College Ave
Athens, GA 30601-2714

Shirley Crowell
2024 Henry Crumrpton Dr.
Birmingham, AL 35211-4930

David M Siegel
David M. Siegel & Associates
790 Chaddick Drive
Wheeling, IL 60090-6005

M. Gretchen Silver
U S Trustee
219 S. Dearborn St., Room 873
Chicago, IL 60604-2027

Michael J. Small
Foley & Lardner LLP
321 North Clark Street
Suite 2800
Chicago, IL 60654-5313

Stacey Gibson
1656 Eddie Jackson Rd.
Brewton, AL 36426-3986

Steven Wayne McCormick
80 Reynolds Dr.
Rossville, GA 30741-4898

Paul F. Stibbe
Greenberg Traurig, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601-4904

Swoon
8474 Solution Center
Chicago, IL 60677-8004

Synchrony Bank /JCP
PO Box 960090
Orlando FL 32896-0090

Tachiana Beard
1252 Hardy Point Dr.
Evans, GA 30809-5281

Tachiana Beard
c/o Brow & Associates, LLC
Evans, GA 30809

Thomas Dyess
6740 Spice Pond Ln.
Mobile, AL 36613-9320

Thomas Zito
3552 Brookfield Rd.
Birmingham, AL 35226-2055

Timothy Miller
25 Elm Dr.
Bethany, IL 61914-9516

Tomaszkiewicz, Sean
2009 Fairoak Ct
Naperville, IL 60565-2842

Tonya Sasser
1261 Nicole Ave.
Atmore, AL 36502-8205

Tonyetta Andrews
601 Creste Dr.
Decatur, GA 30035-4134

(p)TRANSUNION
555 W ADAMS
CHICAGO IL 60661-3631

Vanessa Waddell
214 Robin Hood
Rome, GA 30161-5874

Velocify
Atn: Billing Department
222 N Sepulveda 18th Floor
El Segundo, CA 90245-5614

Venkatasubramaniam, Shreyas
350 West Oakdale Avenue #1308
Chicago, IL 60657-5657

Virola, Amanda L
5642 W Melrose St. Garden Unit
Chicago, IL 60634-4313

Walter Yarbrough
3011 W. 61st
Chicago, IL 60629-3248

Jeffrey Wilens
Lakeshore Law Center
18340 Yorba Linda Blvd.
Yorba Linda, CA 92886-4058

Jeffrey Wilens
Lakeshore Law Center
18340 Yorba Linda Blvd., Suite 107-610
Yorba Linda, CA 92886-4058

William Harris
302 West Blackburn
Paris, IL 61944-1037

Wolfe, Raviv
571 Vernon Woods Dr.
Valparaiso, IN 46385-9106

Woodworth, Allison J
516 W Melrose St Apt 306
Chicago, IL 60657-3787

Yodlee
Lockbox Dept CH 17505
Palatine, IL 60055-7405

Zumski, Gary
4204 E. Frontage Rd
Rolling Meadows, IL 60008-2520

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Bank of America
PO box 982234
El Paso TX 79948-2234

DIRECTV LLC
Attn: Bankruptcies
POB 6550
Greenwood Village CO 80155-6550

Jefferson Capital System
16 Mcleland Rd
Saint Cloud MN 56303

Portfolio Recovery
120 Corporate Blvd
Ste 100
Norfolk VA 23502

(d)Portfolio Recovery Associates LLC
POB 41067
Norfolk VA 23541-1067

TransUnion
555 West Adams Street
Chicago, IL 60661

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Ad Hoc Committee of Unsecured Creditors

(u)Brittney Gale Alaimo

(u)Christina Alston

(d)American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

(u)Michael P. Bailey

(u)Anitra Aytman Billops

(u)John K. Brigoli

(u)Stephen Craig Brown

(u)Alejandro Camacho

(u)Joseph Canfora

(u)Matthew Cantor

(u)Dennis C. Cantrell

(u)Tiffany N. Comfort                    (u)Patti M. Couture                    (u)Dale & Gensburg, P.C.

(u)Shelly A. DeRousse                    (u)Donald Dotson                       (u)Dennis B. Estrada-Jimenez

(u)FactorLaw                             (u)Pete Ferro                         (u)Lindsay Fore

(u)John Fountaine                        (u)Fund Recovery Services, LLC        (u)Gensburg Calandriello & Kanter, P.C.

(u)Rosemary Gonzalez-Lopez               (u)Sonja Hallmon                       (u)Karensa Hutchens

(u)April D. Johnson                      (u)Joseph Martinez                     (u)Kim L. King
                                         3746 Morning Glory Ave.
                                         AK 99534-8000

(u)Latonya D. Kitchen                    (u)Kutchins, Robbins & Diamond, Ltd.   (u)Little Owl Argon, LLC

(u)Theresa Madrigal                      (u)Margon LLC                          (u)Margon LLC, Mark Triffler, Pete Ferro and

(u)Mark Triffler Declaration of Trust    (u)Yolanda J. McKinney                 (u)Morris Anderson & Associates, Ltd.

(u)Mathew V. Muniz                       (u)Peraza Capital and Investment, LLC  (u)Jerardo Prado

(u)Steven Prescott                    (u)Joseph N. Roberson              (u)Delilah Jasso Rodriguez

(u)Eric Shorter                       (u)Dean Sipe                       (u)Jennifer J. Solorio

(u)Felicia M. Spiller                 (u)Sugar Felsenthal Grais & Hammer, LLP   (u)Sharon S. Tatumausbie

(u)The Cardinal Trust                 (u)Mark Triffler                   (u)Karen Vinson

(u)Lois West                          (u)Samantha Rae Wilder             End of Label Matrix
                                                                         Mailable recipients    215
                                                                         Bypassed recipients     56
                                                                         Total                  271

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-39654 |
| | ) | (Jointly Administered) |
| ARGON CREDIT, LLC, *et al*, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: October 15, 2020 at 9:00 a.m. |
| | ) | |

## MOTION FOR ENTRY OF AN ORDER: (I) PURSUANT TO BANKRUPTCY RULE 9019 APPROVING SETTLEMENT WITH CERTAIN ADVERSARY DEFENDANTS AND (II) APPROVING PAYMENT OF CONTINGENCY FEE

Karen R. Goodman (the "*Trustee*"), the chapter 7 Trustee in the above captioned cases, by and through her undersigned counsel, hereby submits this motion (the "*Motion*") to this Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*") for entry of an order approving settlement between the Trustee and certain defendants in various adversary proceeding and approving payment of the contingency fee owed to Freeborn & Peters LLP ("*Freeborn*").  In support of the Motion, the Trustee states as follows:

### PRELIMINARY STATEMENT

1.      In December 2018, the Trustee (through her predecessor chapter 7 trustee, Eugene Crane) brought several separate adversary proceedings against approximately two dozen defendants asserting claims for, among other things, breach of fiduciary duty and avoidance and recovery of pre-petition transfers under chapter 5 of the Bankruptcy Code. The Trustee has settled or resolved claims against certain of the initial defendants piecemeal, but has now, finally, reached a semi-global settlement with eleven defendants in three separate pending adversary proceedings which will result in gross settlement proceeds of $476,000, plus a $20,000

administrative expense claims waiver and a pre-petition general unsecured claims waiver of approximately $4.3 million.

2.      This settlement is the product of extensive negotiations between the Trustee and the Settling Defendants[1] and will substantially narrow the number of defendants and issues which will proceed in litigation before this Court. As discussed in detail below, the proposed settlements will yield a substantial benefit to the estates. The Trustee requests that the settlements be approved.

## JURISDICTION AND VENUE

3.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a) and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1408.

5.      The predicate for the relief requested in this Motion is Bankruptcy Rule 9019.

## BACKGROUND

### I.      General Case Background

6.      On December 16, 2016 (the "*Petition Date*"), Argon Credit, LLC ("*Argon Credit*") and Argon X, LLC ("*Argon X*," together with Argon Credit, the "*Debtors*") filed voluntary petitions for relief under chapter 11 of title 11 of the United State Code (the "*Bankruptcy Code*").

7.      On January 11, 2017, the Debtors' bankruptcy cases were converted from cases under chapter 11 to cases under chapter 7.

---

[1] The Settling Defendants are: Peter Ferro, Jr., Harry Madanyan, Joseph Canfora, Mark Triffler, John Kuhlman, Bruce Breitweiser, Byron Faermark, Margon LLC, Mark Triffler as trustee of Mark Triffler Declaration of Trust Dated December 5, 1991, Barry Edmonson as Trustee of The Cardinal Trust, and Meghan Hubbard.

8.      Deborah K. Ebner was appointed the interim chapter 7 trustee of the Debtors' estates, but resigned on April 17, 2017.

9.      Eugene Crane was appointed as interim chapter 7 trustee on April 17, 2017 and confirmed by the Court on July 6, 2017.

10.     On July 11, 2017, the Court entered an order authorizing Eugene Crane, as chapter 7 trustee, to employ Freeborn as special counsel to, among other things, pursue chapter 5 causes of action on a contingency fee basis.  (ECF No. 207).  Pursuant to the court-approved terms of Freeborn's engagement, Freeborn is entitled to a contingency fee of: (i) 30% of the cash value of the settlement prior to filing a lawsuit (the "*Pre-Suit Contingency Fee*") or 40% of the cash value of the settlement after filing a lawsuit (the "*Post-Suit Contingency Fee*," together with the Pre-Suit Contingency Fee, the "*Settlement Amount Contingency Fee*"), (ii) plus the cash equivalent value of any claim waiver obtained (the "*Claim Waiver Contingency Fee*").

11.     On June 1, 2020, the Trustee was appointed as the successor chapter 7 trustee after Mr. Crane's resignation.

12.     On July 30, 2020, the Court entered an order authorizing the Trustee to retain Freeborn on the same terms as previously approved with respect to Mr. Crane. (ECF No. 505).

## II.     The Adversary Actions

### A.   The Insider Adversary

13.     On December 14, 2018, Mr. Crane, the then-chapter 7 trustee, filed a complaint against multiple defendants, including Peter Ferro, Jr., Harry Madanyan, Joseph Canfora, Mark Triffler, John Kuhlman, Bruce Breitweiser, and Byron Faermark (collectively, the "*D&O Defendants*") for breach of fiduciary duty as case number 18-ap-00947 (the "*Insider*

3

*Adversary*"). The complaint asserted claims against the D&O Defendants for breach of fiduciary duty to Argon Credit for actions taken pre-petition.

14.     The D&O Complaint alleged that the D&O Defendants breached their fiduciary to Argon Credit by, among other things, engaging in a scheme to funnel assets away from the Debtors and their creditors for which many of them personally benefitted, improperly transferring assets to insiders, and knowingly submitting false or misleading financial reports to the Debtors' secured lender to conceal the transfer of Argon Credit's assets.

15.     The complaint sought damages from the defendants in excess of $6 million.

B.     The Avoidance Claims Adversary

16.     On December 14, 2018, Mr. Crane, the then-chapter 7 trustee, filed a complaint against Margon LLC ("*Margon*"), Mark Triffler as trustee of Mark Triffler Declaration of Trust Dated December 5, 1991 (the "*Triffler Trust*"), Barry Edmonson as Trustee of The Cardinal Trust (the "*Cardinal Trust*") as case number 18-ap-00947 (the "*Avoidance Claims Adversary*"),[2] asserting claims for, among other things, recharacterization of debt to equity under state and federal law and avoidance and recovery of transfers made by Argon Credit under chapter 5 of the Bankruptcy Code.

17.     In particular, the complaint sought to avoid as fraudulent transfers $1,023,611.12 to Margon, $74,722.22 to Triffler Trust, and $99,444.44 to Cardinal Trust.[3]

C.     The Hubbard Adversary

18.     On December 14, 2018, Mr. Crane, the then-chapter 7 trustee, filed a complaint against Meghan Hubbard as case number 18-ap-00942 (the "*Hubbard Adversary*," together with

---

[2] Little Owl Argon LLC is also a named defendant in the Avoidance Claims Adversary but is not a party to these proposed settlements.

[3] In the alternative to the fraudulent transfer claims, the complaint sought to avoid as preferential transfers $197,416.68 to Margon, $74,722.22 to Triffler Trust, and $99,444.44 to Cardinal Trust.

the Insider Adversary and the Avoidance Actions Adversary, the "*Adversary Proceedings*"),

asserting claims for, among other things, avoidance and recovery of alleged preferential transfers

totaling $28,964.00 pursuant to 11 U.S.C. §§ 547 and 550.

## III.    The Proposed Settlements

19.    Since the filing of the complaints, the Trustee (and her predecessor, Mr. Crane)

have been engaged in discussions regarding the merits of the various claims against the

defendants and potential settlement. Settlement discussions proved logistically challenging given

the number of total defendants, types of claims asserted, number of different counsel involved,

and various procedural postures with some defendants answering, others extending their

deadlines, and another moving to dismiss.

20.    After much back-and-forth, and several exchanges of information and documents,

the Trustee and the Settling Defendants have reached a semi-global settlement which will yield

nearly $500,000 in cash and administrative claim waivers to the estates, narrow the scope of the

issues and defendants in the Insider Adversary and Avoidance Actions Adversary, and will result

in the dismissal of the Hubbard Adversary

21.    The semi-global settlement is documented in five (5) separate settlement

agreements discussed below.

### A.    The Margon Group Settlement Agreement

22.    The Trustee exchanged information, negotiated, and agreed to settle disputes with

Settling Defendants Margon, Triffler Trust, Cardinal Trust, Canfora, Triffler, Ferro, and Hubbard

(collectively, the "*Margon Group*"), who are defendants in the Adversary Proceedings. To that

end, the parties entered into a settlement agreement (the "*Margon Group Settlement Agreement*")

fully resolving the parties' disputes. A true and correct copy of the Margon Group Settlement

Agreement is attached hereto as <u>Exhibit 1</u>.

    23.    The relevant terms of the Margon Group Settlement Agreement are summarized

as follows:[4]

- The Margon Group shall pay the Trustee the sum of $371,000.00 (the "*Margon Group Settlement Sum*") in full satisfaction of the claims asserted against them in the Adversary Proceedings.

- The Margon Group Settlement Sum is allocated among the Adversary Proceedings as follows: (i) $191,000.00, inclusive of applicable insurance proceeds under Argon Credit's directors' and officers' insurance policy toward the Insider Adversary, (ii) $180,000.00 toward the Avoidance Claims Adversary and Hubbard Adversary.

- The Margon Group shall waive the claims they asserted against the Debtors, including a claim filed by Margon in the amount of $2,059,964.22, a claim filed by Triffler Trust in the amount of $1,124,444.44, a claim filed by Cardinal Trust in the amount of $1,124,444.44, and a section 503 administrative expense claim Margon asserts it has in the approximate amount of $20,000.00 for post-petition expenses advanced to the estates.

- The settlement is conditioned upon the effective date of settlements between the Trustee and Kuhlman, Faermark, and Breitweiser.

- The Trustee shall release the Margon Group from all claims general and common to the Debtors and their creditors that have been brought or were able to be brought exclusively by the Trustee, and/or arise from or relate to the Debtors, the operation of their business, and/or the Adversary Proceedings, including without limitation the claims for relief asserted or that could have been asserted in the Adversary Proceedings.

- The Margon Group shall release the Trustee, the Debtors, and their estates from any and all claims that arise from or relate to the Debtors or the operation of their business, including any such claims that could have been asserted by the Margon Group in the Adversary Proceedings.

---

[4]The discussion of the settlement with the Margon Group set forth in this Motion is merely a summary of terms. All parties-in-interest should read the entire Margon Group Settlement Agreement to understand the entire scope of the parties' agreements. In the event of any discrepancy, the terms of the Margon Group Settlement Agreement shall govern.

- Upon Court approval and the occurrence of the agreement's effective date, the Trustee will dismiss the Adversary Proceedings against the Margon Group with prejudice.

B.    The Breitweiser Settlement Agreement

24.    The Trustee exchanged information, negotiated, and agreed to settle disputes with Breitweiser who is a defendant in Insider Adversary. To that end, the parties entered into a settlement agreement (the "*Breitweiser Settlement Agreement*") fully resolving the parties' disputes. A true and correct copy of the Breitweiser Settlement Agreement is attached hereto as Exhibit 2.[5]

25.    The relevant terms of the Breitweiser Settlement Agreement are summarized as follows:[6]

- Breitweiser shall pay the Trustee the sum of $12,500.00 (the "*Breitweiser Settlement Sum*") in full satisfaction of the claims asserted against him in the Insider Adversary.

- The settlement is conditioned upon the effective date of settlements between the Trustee and Kuhlman, Faermark, and the Margon Group.

- The Trustee shall release Breitweiser from all claims general and common to the Debtors and their creditors that have been brought or were able to be brought exclusively by the Trustee, and/or arise from or relate to the Debtors, the operation of their business, and/or the Insider Adversary, including without limitation the claims for relief asserted or that could have been asserted in the Insider Adversary.

- Breitweiser shall release the Trustee, the Debtors, and their estates from any and all claims that arise from or relate to the Debtors or the operation of their business, including any such claims that could have been asserted by Breitweiser in the Insider Adversary.

---

[5] The Trustee is awaiting a signature page from Mr. Breitweiser and, accordingly, the Trustee attaches the unsigned version of the approved settlement agreement between the parties.

[6] The discussion of the settlement with Breitweiser set forth in this Motion is merely a summary of terms. All parties-in-interest should read the entire Breitweiser Settlement Agreement to understand the entire scope of the parties' agreements. In the event of any discrepancy, the terms of the Breitweiser Settlement Agreement shall govern.

- Upon Court approval and the occurrence of the agreement's effective date, the Trustee will dismiss the Insider Adversary against Breitweiser.

C. The Faermark Settlement Agreement

26.    The Trustee exchanged information, negotiated, and agreed to settle disputes with Faermark who is a defendant in Insider Adversary. To that end, the parties entered into a settlement agreement (the "*Faermark Settlement Agreement*") fully resolving the parties' disputes. A true and correct copy of the Faermark Settlement Agreement is attached hereto as Exhibit 3.[7]

27.    The relevant terms of the Faermark Settlement Agreement are summarized as follows:[8]

- Faermark shall pay the Trustee the sum of $12,500.00 (the "*Faermark Settlement Sum*") in full satisfaction of the claims asserted against him in the Insider Adversary.

- The settlement is conditioned upon the effective date of settlements between the Trustee and Breitweiser, Kuhlman, and the Margon Group.

- The Trustee shall release Faermark from all claims general and common to the Debtors and their creditors that have been brought or were able to be brought exclusively by the Trustee, and/or arise from or relate to the Debtors, the operation of their business, and/or the Insider Adversary, including without limitation the claims for relief asserted or that could have been asserted in the Insider Adversary.

- Faermark shall release the Trustee, the Debtors, and their estates from any and all claims that arise from or relate to the Debtors or the operation of their business, including any such claims that could have been asserted by Faermark in the Insider Adversary.

---

[7] The Trustee is awaiting a signature page from Mr. Faermark and, accordingly, the Trustee attaches the unsigned version of the approved settlement agreement between the parties.

[8] The discussion of the settlement with Faermark set forth in this Motion is merely a summary of terms. All parties-in-interest should read the entire Faermark Settlement Agreement to understand the entire scope of the parties' agreements. In the event of any discrepancy, the terms of the Faermark Settlement Agreement shall govern.

- Upon Court approval and the occurrence of the agreement's effective date, the Trustee will dismiss the Insider Adversary against Faermark.

    D.   <u>The Kuhlman Settlement Agreement</u>

28.     The Trustee exchanged information, negotiated, and agreed to settle disputes with Kuhlman who is a defendant in Insider Adversary. To that end, the parties entered into a settlement agreement (the "*Kuhlman Settlement Agreement*") fully resolving the parties' disputes. A true and correct copy of the Kuhlman Settlement Agreement is attached hereto as <u>Exhibit 4</u>.

29.     The relevant terms of the Kuhlman Settlement Agreement are summarized as follows:[9]

- Kuhlman shall pay the Trustee the sum of $60,000.00 (the "*Kuhlman Settlement Sum*") in full satisfaction of the claims asserted against him in the Insider Adversary.

- The settlement is conditioned upon the effective date of settlements between the Trustee and Breitweiser, Faermark, and the Margon Group.

- The Trustee shall release Kuhlman from all claims general and common to the Debtors and their creditors that have been brought or were able to be brought exclusively by the Trustee, and/or arise from or relate to the Debtors, the operation of their business, and/or the Insider Adversary, including without limitation the claims for relief asserted or that could have been asserted in the Insider Adversary.

- Kuhlman shall release the Trustee, the Debtors, and their estates from any and all claims that arise from or relate to the Debtors or the operation of their business, including any such claims that could have been asserted by Kuhlman in the Insider Adversary.

- Upon Court approval and the occurrence of the agreement's effective date, the Trustee will dismiss the Insider Adversary against Kuhlman.

---

[9]The discussion of the settlement with Kuhlman set forth in this Motion is merely a summary of terms. All parties-in-interest should read the entire Kuhlman Settlement Agreement to understand the entire scope of the parties' agreements. In the event of any discrepancy, the terms of the Kuhlman Settlement Agreement shall govern.

E.   The Madanyan Settlement Agreement

30.     The Trustee exchanged information, negotiated, and agreed to settle disputes with Madanyan who is defendant in Insider Adversary. To that end, the parties entered into a settlement agreement (the "*Madanyan Settlement Agreement*")[10] fully resolving the parties' disputes. A true and correct copy of the Madanyan Settlement Agreement is attached hereto as Exhibit 5.

31.     The relevant terms of the Madanyan Settlement Agreement are summarized as follows:[11]

- Madanyan shall pay the Trustee the sum of $10,000.00 (the "*Madanyan Settlement Sum*") in full satisfaction of the claims asserted against him in the Insider Adversary.

- The settlement is conditioned upon the effective date of settlements between the Trustee and Breitweiser, Faermark, Kuhlman, and the Margon Group.

- The Trustee shall release Madanyan from all claims general and common to the Debtors and their creditors that have been brought or were able to be brought exclusively by the Trustee, and/or arise from or relate to the Debtors, the operation of their business, and/or the Insider Adversary, including without limitation the claims for relief asserted or that could have been asserted in the Insider Adversary.

- Madanyan shall release the Trustee, the Debtors, and their estates from any and all claims that arise from or relate to the Debtors or the operation of their business, including any such claims that could have been asserted by Kuhlman in the Insider Adversary.

- Upon Court approval and the occurrence of the agreement's effective date, the Trustee will dismiss the Insider Adversary against Madanyan.

---

[10] The Margon Group Settlement Agreement, Breitweiser Settlement Agreement, Faermark Settlement Agreement, Kuhlman Settlement Agreement, and Madanyan Settlement Agreement shall collectively be referred to herein as the "Settlement Agreements."

[11] The discussion of the settlement with Madanyan set forth in this Motion is merely a summary of terms. All parties-in-interest should read the entire Madanyan Settlement Agreement to understand the entire scope of the parties' agreements. In the event of any discrepancy, the terms of the Madanyan Settlement Agreement shall govern.

## RELIEF REQUESTED

32.     By this Motion, the Trustee seeks entry of an order approving the Settlement

Agreements pursuant to Bankruptcy Rule 9019(a) and entry of an order approving the Settlement

Amount Contingency Fee owed to Freeborn.

### A.  Approval of the Settlement Agreements

33.     Pursuant to Bankruptcy Rule 9019(a), "[o]n motion by the trustee and after notice

and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a).

Such settlements should be approved by a court if they are fair and reasonable and in the best

interests of the debtor's estate. *See Depoister v. Mary M. Halloway Found.*, 36 F.3d 582, 586

(7th Cir. 1994) ("In conducting a hearing under Rule 9019(a), the bankruptcy court is to

determine whether the proposed compromise is fair and equitable and in the best interests of the

bankruptcy estate.") (internal citations omitted); *In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir.

1992) (holding that Bankruptcy Rule 9019(a) authorizes the court to approve a settlement if "the

settlement is in the best interests of the estate"); *In re Energy Coop., Inc.*, 886 F.2d 921, 926-27

(7th Cir. 1989) (providing that "[t]he benchmark for determining the propriety of a bankruptcy

settlement is whether the settlement is in the best interests of the estate"); *In re Griffen Trading

Co.*, 270 B.R. 883, 903 (Bankr. N.D. Ill. 2001), *aff'd*, 270 B.R. 905 (N.D. Ill. 2001) (citing

*LaSalle Nat'l Bank v. Holland (In re Am. Reserve Corp.)*, 841 F.2d 159, 161 (7th Cir. 1987)).

34.     Compromises are tools for expediting the administration of the case and reducing

administrative costs and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th

Cir. 2000) ("Judges naturally prefer to settle complex litigation than to see it litigated to the hilt,

especially when it is litigation in a bankruptcy proceeding – the expenses of administering the

bankruptcy often consume most or even all of the bankrupt's assets."); *Meyers v. Martin (In re*

*Martin*), 91 F.3d 389, 393 (3d Cir. 1996) ("To minimize litigation and expedite the administration of a bankruptcy estate, compromises are favored in bankruptcy."); *In re A&C Props.*, 784 F.2d 1377, 1381 (9th Cir. 1986).

35.     The Court should grant a trustee's request for approval of a settlement except in the very limited circumstance where a proposed settlement "falls below the lowest point in the range of reasonableness." *Energy Coop.*, 886 F.2d at 929; *Official Comm. of Unsecured Creditors of Artra Group, Inc. v. Artra Group, Inc. (In re Artra Group, Inc.)*, 300 B.R. 699, 702 (Bankr. N.D. Ill. 2003) (same); *In re Rimsat, Ltd.*, 224 B.R. 685, 688 (Bankr. N.D. Ind. 1997) (providing that the court is required only "to canvas the issues in order to determine whether the settlement falls below the lowest point in the range of reasonableness"); *In re Telesphere Commc'ns, Inc.*, 179 B.R. 544, 553 (Bankr. N.D. Ill. 1994).

36.     In determining whether a proposed settlement is appropriate, neither an evidentiary hearing nor a rigid mathematical analysis is required. *Depoister*, 36 F.3d at 586, 588 (evidentiary hearing not required); *In re Energy Coop.*, 886 F.2d at 928-29 (rigid mathematical analysis of settlement values not required); *In re Am. Reserve Corp.*, 841 F.2d at 163 (mini-trial not required).  Rather, the Seventh Circuit offers the following guidelines:

> Central to the bankruptcy judge's determination is a comparison of the settlement's terms with the litigation's probable costs and probable benefits. Among the factors the bankruptcy judge should consider in [the] analysis are the litigation's probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience, and delay.

*Am. Reserve Corp.*, 841 F.2d at 161 (citations omitted).

37.     The proposed semi-global settlement with the Settling Defendants satisfies this standard. The Settling Defendants have agreed to pay a total settlement sum of $476,000.00 summarized as follows:

| Settling Defendant | Settlement Sum |
|---|---|
| Margon Group | $381,000.00 |
| Breitweiser | $12,500.00 |
| Faermark | $12,500.00 |
| Kuhlman | $60,000.00 |
| Madanyan | $10,000.00 |
| **Total:** | **$476,000.00** |

38.     The Settling Defendants have also agreed to waive their pre-petition claims against the estates which and Margon has agreed to waive its asserted $20,000.00 post-petition administrative expense claim.   Thus, the total value to the estates is $496,000 in cash and administrative expense claims waivers plus more than $4.3 million in pre-petition general unsecured claims (approximately 10% of the general unsecured claims pool).

39.     The Trustee submits that this settlement is well within the reasonable range of possible litigation outcomes taking into account the defenses the Settling Defendants have asserted, the information they have provided in support of those defenses, and the value of the claims waives to the estates. In particular, each of the Settling Defendants had varying levels of responsibility and involvement in Argon Credit's operations impacting their potential liability for breach of fiduciary duty. With the exception of Ferro, none of the Settling Defendants were officers of Argon Credit.

40.     Additionally, this settlement avoids the costs of litigation which are likely to be substantial and the risk of non-collection, especially given that there are limited directors' and officers' liability insurance proceeds available all of which are being contributed as part of this semi-global settlement.

41.     This settlement allows the Trustee to avoid the uncertainty associated with litigation while maximizing the value of the Debtors' estates for the benefit of their creditors.

Accordingly, the Trustee submits that the Court should approve the Settlement Agreement pursuant to Bankruptcy Rule 9019(a).

### B. Approval of the Settlement Amount Contingency Fee

42.     The Trustee also requests approval to pay Freeborn the Settlement Amount Contingency Fee per the terms of Freeborn's retention of which Freeborn is entitled to a Post-Suit Contingency Fee of 40%.

43.     The Trustee submits that Freeborn is entitled to the Settlement Amount Contingency Fee totaling $80,000.00 calculated as: (i) 40% of the $180,000.00 settlement sum ($72,000.00) paid by the Margon Group in settlement of the Avoidance Claims Adversary and Hubbard Adversary,[12] plus (ii) 40% of the cash value of the $20,000.00 administrative expense claim waiver ($8,000.00) by Margon.[13]

44.     Accordingly, the Trustee requests that the Court approve, on an interim basis, payment to Freeborn of $80,000.00 from the settlement proceeds, representing the total Settlement Amount Contingency Fee owed from the settlement.

### NOTICE

45.     The Trustee has served notice of this Motion on the Debtors, U.S. Trustee, and all creditors pursuant to Bankruptcy Rule 2002 and stated that copies of the complete Motion may be obtained from counsel for the Trustee upon request. The Trustee submits that such notice is appropriate under the circumstances.

---

[12] Freeborn's fees for services related to the Insider Adversary are payable at an hourly rate to be paid at such time as Freeborn submits and the Court approves an application for such fees.

[13] The Trustee is not requesting payment of any Claim Waiver Contingency Fees on account of the waiver of the Settling Defendants' pre-petition general unsecured claims at this time, but reserves the right to request authority to pay such fees in the future.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order: (i) approving the Settlement Agreements with the Settling Defendants, (ii) approving payment to Freeborn, on an interim basis, of $80,000.00 representing the total Settlement Amount Contingency Fee, and (iii) granting such other and further relief as this Court deems just and proper.

Dated:  September 24, 2020                    **KAREN  R.  GOODMAN,  CHAPTER  7 TRUSTEE**

By: /s/ Elizabeth L. Janczak
      One of Her Attorneys

Shelly A. DeRousse, Esq.
Elizabeth L. Janczak, Esq.
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:  312.360.6520
sderousse@freeborn.com
ejanczak@freeborn.com

15