# EXHIBIT 1

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "*Settlement Agreement*") is made as of August 5, 2020, by and between Karen R. Goodman (the "*Trustee*"), the chapter 7 trustee in the bankruptcy cases of Argon Credit, LLC ("*Argon Credit*") and Argon X, LLC ("*Argon X*" and, together with Argon Credit, the "*Debtors*") on the one side, and Margon LLC ("*Margon*"), Mark Triffler as trustee of Mark Triffler Declaration of Trust Dated December 5, 1991 (the "*Triffler Trust*"), Barry Edmonson as trustee of The Cardinal Trust (the "*Cardinal Trust*"), Joseph Canfora ("*Canfora*"), Mark Triffler ("*Triffler*"), Peter Ferro, Jr. ("*Ferro*"), and Meghan Hubbard ("*Hubbard*" and, together with Margon, Triffler Trust, Cardinal Trust, Canfora, Triffler, and Ferro, the "*Settling Defendants*") on the other side.

## RECITALS

**WHEREAS**, on December 16, 2016 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*"), which are being jointly administered as Case No. 16-39654;

**WHEREAS**, the Debtors' bankruptcy cases were converted from cases under chapter 11 to cases under chapter 7 on January 11, 2017;

**WHEREAS**, on January 11, 2017, Deborah K. Ebner was appointed the interim chapter 7 trustee of the Debtors' estates;

**WHEREAS**, on April 17, 2017, Deborah K. Ebner resigned as chapter 7 trustee and Eugene Crane (the "*Predecessor Trustee*") was appointed as interim chapter 7 trustee whose appointment was confirmed by the Bankruptcy Court on July 6, 2017;

**WHEREAS**, on June 1, 2020, the Trustee was appointed as the successor chapter 7 trustee after Mr. Crane's resignation;

**WHEREAS**, on December 14, 2018, the Predecessor Trustee filed an adversary proceeding case number 18-ap-00948 in the Bankruptcy Court against Ferro, Canfora, and Triffler, among others (the "*Insider Adversary*");

**WHEREAS**, on December 14, 2018, the Predecessor Trustee filed an adversary proceeding case number 18-ap-00947 in the Bankruptcy Court against Margon, the Triffler Trust, and the Cardinal Trust, among others (the "*Avoidance Claims Adversary*");

**WHEREAS**, on December 14, 2018, the Predecessor Trustee filed an adversary proceeding case number 18-ap-00942 in the Bankruptcy Court against Hubbard (the "*Hubbard Adversary*" and, together with the Insider Adversary and Avoidance Claims Adversary, the "*Adversary Proceedings*");

**WHEREAS**, the Trustee has stepped into the shoes of the Predecessor Trustee as plaintiff in the Adversary Proceedings;

**WHEREAS**, on May 30, 2017, Margon filed a proof of claim against Argon Credit in the total amount of $2,059,964.22, with a secured claim of $497,750.00, as Claim No. 17 (the

"*Margon Proof of Claim*");

**WHEREAS**, after the Petition Date, Margon incurred certain costs and expenses related to the preservation of the Debtors' estates, including the expense of shipping the Debtors' records to the Predecessor Trustee, for which it claims it is entitled to reimbursement from the estate as an administrative priority claim pursuant to Section 503 of the Bankruptcy Code or such other applicable law, in an approximate amount of $20,000.00 (the "*Margon Administrative Claim*" and, together with the Margon Proof of Claim, the "*Margon Claims*");

**WHEREAS**, on May 30, 2017, the Cardinal Trust filed a proof of claim against Argon Credit in the amount of $1,124,444.44, as Claim No. 16 (the "*Cardinal Trust Proof of Claim*");

**WHEREAS**, on May 30, 2017, the Triffler Trust filed a proof of claim against Argon Credit in the amount of $1,124,444.44, as Claim No. 18 (the "*Triffler Trust Proof of Claim*" and together with the Cardinal Trust Proof of Claim and the Margon Claims, the "*Claims*");

**WHEREAS**, the Settling Defendants assert that they have certain defenses to the claims asserted by the Trustee in the Adversary Proceedings; and

**WHEREAS**, the Parties have exchanged information, negotiated and now desire to resolve all matters respecting the Adversary Proceedings and the Claims, upon the terms and conditions set forth below.

**NOW THEREFORE**, for good and valuable consideration, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1. **The Parties.** Trustee, Debtors, and the Settling Defendants shall include any and all of their respective current and former predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, executives, shareholders, partners, members, agents, sureties, insurers, employees, attorneys, purchasers, relatives, heirs, and trusts.

2. **Settlement Sum.** The Settling Defendants shall deliver to the Trustee the sum of $371,000.00 (the "*Settlement Sum*") in full satisfaction of the claims asserted against them in the Adversary Proceedings, which shall be comprised of cash payments from the Settling Defendants and remaining proceeds of the directors and officers insurance policy (the "*Insurance Proceeds*"), which covers the claims raised in the Insider Adversary.

3. **Payment of Settlement Sum.** The Settlement Sum shall be paid by wire transfer or one or more checks delivered to the Trustee. Settling Defendants shall provide payment contemporaneously with the execution of this Settlement Agreement. The Insurance Proceeds shall be provided to the Trustee from the insurance carrier as soon as practicable. The Settlement Sum will be held by the Trustee or her counsel in an IOLTA account until an order approving the Settlement Agreement is entered by the Bankruptcy Court, at which time it will be transferred to the Debtors' estates. The Settlement Sum shall be paid as follows:

<u>**By Wire Transfer**</u>:

Using the wire transfer instructions and form attached hereto as <u>Exhibit A</u>.

**By Check(s)**:

Payable to:   Karen R. Goodman, Chapter 7 Trustee for the estate of Argon Credit, LLC

Delivered to:   Arthur G. Simon, Esq.
Crane, Simon, Clar & Goodman
135 S. LaSalle Street, Suite 3705
Chicago, Illinois 60603

4. **Claims Waiver**. The Settling Defendants agree to waive the Claims they have asserted against the Debtors and such claims shall be deemed satisfied in full by this Settlement Agreement.

5. **Conditions of Settlement**. This Settlement Agreement is intended to be one part of a semi-global settlement between the Trustee and the Settling Defendants, among other defendants, and is conditioned upon the occurrence of the effective date of settlements between the Trustee and John A. Kuhlman ("*Kuhlman*"), Byron Faermark ("*Faermark*"), and Bruce Breitweiser ("*Breitweiser*"), after such settlements have been approved by the Bankruptcy Court and payment of such settlements have cleared the Trustee's bank account. This Settlement Agreement is also conditioned upon the clearance through the Trustee's bank account of payment of the remaining proceeds of the Insurance Policy.

6. **Effective Date**. This Settlement Agreement will become effective upon the first date on which all of the following conditions have been met (the "*Effective Date*"): (i) the full execution of this Settlement Agreement by each of the Parties; (ii) entry of a final, non-appealable order approving this Settlement Agreement entered by the Bankruptcy Court; (iv) the date on which the Settlement Sum clears the Trustee's bank account; (v) entry of a final, non-appealable order approving settlements between the Trustee and Kuhlman, Faermark, and Breitweiser; and (vi) the date on which payments owed by Kuhlman, Faermark, and Breitweiser to the Trustee pursuant to settlements with those defendants have cleared the Trustee's bank account.

7. **Dismissal of Adversary Proceedings**. Within five business days after the later of (i) an order by the Bankruptcy Court authorizing the Trustee to implement the terms of this Agreement becomes a final order and (ii) the Effective Date of this Settlement Agreement, the Trustee will cause each of the Adversary Proceedings to be dismissed, with prejudice pursuant to Federal Rule of Bankruptcy Procedure 7041(a)(1)(A) and such dismissal order shall state that the Bankruptcy Court shall retain jurisdiction to enforce this Settlement Agreement. The notice of dismissal shall expressly provide that each of the Adversary Proceedings will be dismissed with prejudice with each party to bear its own costs.

8. **Trustee's Release**. The Trustee, solely in her capacity as Chapter 7 trustee for the Debtors, hereby releases each of the Settling Parties from any and all claims, demands, obligations, debts, and causes of action of every kind or nature, in law or equity, whether now known or unknown, vested or contingent, that are general and common to the Debtors and their creditors, that have been brought or were able to be brought exclusively by the Trustee, and/or arise from or relate to the Debtors, the operation of their business, and/or the Adversary

3

Proceedings, including without limitation the claims for relief asserted or that could have been asserted in the Adversary Proceedings. Notwithstanding the forgoing, the Trustee's Release is not a release, waiver, or discharge of obligations of the Settling Parties under this Agreement.

9. **Settling Parties' Release.** Each of the Settling Parties hereby releases the Trustee, solely in her capacity as the Chapter 7 Trustee for the Debtors, the Debtors, and the Debtors' bankruptcy estates, from any and all claims, demands, obligations, debts, and causes of action of every kind or nature, in law or equity, whether now known or unknown, vested or contingent, that arise from or relate to the Debtors or the operation of their business, including any such claims that could have been asserted by the Settling Parties in the Adversary Proceedings. Notwithstanding the forgoing, the Settling Parties' Release is not a release, waiver, or discharge of obligations of the Trustee under this Agreement.

10. **Scope of Releases.** It is the intention of the Parties that, notwithstanding the possibility that the Parties or their counsel discover or gain a more complete understanding of the facts, events or law pertaining in any way to the Adversary Proceedings which, if presently known or fully understood, would have affected the releases in ¶¶ 8-9, this Agreement shall be deemed to have fully, finally and forever settled any and all claims encompassed by the release set forth in ¶¶ 8-9, without regard to the subsequent discovery or existence of different or additional facts, events or law. The Parties expressly waive any and all rights they may have under any statute or common law principle which would limit the effect of the releases in ¶¶ 8-9 to those claims actually known or suspected to exist at the time of the effectiveness of the releases in ¶¶ 8-9. The Parties represent and warrant that they own the rights released herein and they have not assigned or transferred or purported to assign or transfer any of such rights to any other person or entity..

11. **Allocation of Consideration.** The consideration paid by the Settling Defendants shall be allocated as follows: (i) $191,000.00 of the Settlement Sum, including the Insurance Proceeds shall be allocated collectively toward settlement of the Insider Adversary; and (ii) $180,000.00 of the Settlement Sum and the Claims waivers shall be allocated toward the Avoidance Claims Adversary and Hubbard Adversary. This Settlement Agreement is intended to settle the claims against the Settling Defendants in all of the Adversary Proceedings and is contingent upon the payment of the full Settlement Sum, among other things, and nothing in this paragraph shall be construed as the Trustee's agreement to accept partial payment of the Settlement Sum for settlement of any one of the Adversary Proceedings without payment of the full Settlement Sum.

12. **Bankruptcy Court Approval.** Within seven (7) days after the full execution of this Settlement Agreement, the Trustee shall file a motion in the Bankruptcy Court seeking entry of an order approving this Settlement Agreement.

13. **Counterparts.** This Settlement Agreement may be executed in counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same. This Settlement Agreement may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

14. **Authority to Enter into Settlement Agreement.** The undersigned represent and warrant that they have full authority to execute this Settlement Agreement on behalf of their respective Party or client and have obtained all necessary approvals. This Settlement Agreement

is the resolution of disputed claims and nothing herein shall be deemed an admission against any Party.

15. **Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

16. **Governing Law.** This Settlement Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of Illinois, without regard to the conflicts of law or principles thereof.

17. **No Admission of Liability.** This Agreement constitutes a compromise of disputed claims, and neither this Agreement nor any of its provisions, terms or conditions constitutes an admission of liability or wrongdoing on the part of any of the Parties. Neither can this Agreement and its provisions, terms or conditions be offered or received into evidence in any action or proceeding as evidence of an admission of liability or wrongdoing.

18. **Successors.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.

**TRUSTEE:**

KAREN R. GOODMAN,
CHAPTER 7 TRUSTEE FOR THE
ESTATES OF ARGON CREDIT,
LLC AND ARGON X, LLC

By: _/s/ Karen R Goodman_
Printed Name: _Karen R Goodman_
Title: _Trustee_

**SETTLING DEFENDANTS:**

MARGON LLC

By: _____
Printed Name: _Peter A Ferr___
Title: _Manager_

MARK TRIFFLER as trustee of MARK
TRIFFLER DECLARTION OF TRUST
Dated December 5, 1991

By: _____
Printed Name: _Mark Triffler_
Title: _Trustee_

5

**BARRY EDMONSON as trustee of THE CARDINAL TRUST**

By: _____

Printed Name: Barry Edmonson

Title: Trustee

**JOSEPH CANFORA**

By: _____
Joseph Canfora

**MARK TRIFFLER**

By: _____
Mark Triffler

**PETER FERRO, JR.**

By: _____
Peter Ferro, Jr.

**MEGHAN HUBBARD**

By: _____
Meghan Hubbard

6

## ACH Setup Instructions

Please fax this form to the bank initiating the ACH

**Date:** _____

### Beneficiary Bank Information

**Bank name & address:**

Metropolitan Commercial Bank

99 Park Avenue

New York, NY, 10016

**Bank ABA number:**

████████

**Bank phone number:**

(212) 365-6739

### Beneficiary Information

Account Number: ████████ _____

Beneficiary Name: Argon Credit, LLC   Case no. 16-39654 _____

Reference: _____

**Dollar Amount:** _____(not required)

### Contact Information

Fiduciary Name: Karen R. Goodman, Trustee _____

Contact Phone Number: 312-641-6777 _____