# EXHIBIT 2

# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "*Settlement Agreement*") is made as of September 11, 2020, by and between Karen R. Goodman (the "*Trustee*"), the chapter 7 trustee in the bankruptcy cases of Argon Credit, LLC ("*Argon Credit*") and Argon X, LLC ("*Argon X*" and, together with Argon Credit, the "*Debtors*") on the one side, and Bruce Breitweiser (the "*Settling Defendant*") on the other side.

## RECITALS

**WHEREAS**, on December 16, 2016 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*"), which are being jointly administered as Case No. 16-39654;

**WHEREAS**, the Debtors' bankruptcy cases were converted from cases under chapter 11 to cases under chapter 7 on January 11, 2017;

**WHEREAS**, on January 11, 2017, Deborah K. Ebner was appointed the interim chapter 7 trustee of the Debtors' estates;

**WHEREAS**, on April 17, 2017, Deborah K. Ebner resigned as chapter 7 trustee and Eugene Crane (the "*Predecessor Trustee*") was appointed as interim chapter 7 trustee whose appointment was confirmed by the Bankruptcy Court on July 6, 2017;

**WHEREAS**, on June 1, 2020, the Trustee was appointed as the successor chapter 7 trustee after Mr. Crane's resignation;

**WHEREAS**, on December 14, 2018, the Predecessor Trustee filed an adversary proceeding case number 18-ap-00948 in the Bankruptcy Court against the Settling Defendant, Joseph Canfora ("*Canfora*"), Mark Triffler ("*Triffler*"), Peter Ferro, Jr. ("*Ferro*"), Meghan Hubbard ("*Hubbard*"), Byron Faermark ("*Faermark*"), and John A. Kuhlman ("*Kuhlman*"), among others (the "*Insider Adversary*");

**WHEREAS**, on December 14, 2018, the Predecessor Trustee filed an adversary proceeding case number 18-ap-00947 in the Bankruptcy Court against Margon LLC ("*Margon*"), Mark Triffler as trustee of Mark Triffler Declaration of Trust Dated December 5, 1991 (the "*Triffler Trust*"), Barry Edmonson as trustee of The Cardinal Trust (the "*Cardinal Trust*"), among others (the "*Avoidance Claims Adversary*");

**WHEREAS**, on December 14, 2018, the Predecessor Trustee filed an adversary proceeding case number 18-ap-00942 in the Bankruptcy Court against Hubbard (the "*Hubbard Adversary*" and, together with the Insider Adversary and Avoidance Claims Adversary, the "*Adversary Proceedings*");

**WHEREAS**, the Trustee has stepped into the shoes of the Predecessor Trustee as

plaintiff in the Adversary Proceedings;

**WHEREAS**, the Settling Defendant assert that he has certain defenses to the claims asserted by the Trustee in the Insider Adversary; and

**WHEREAS**, the Parties have exchanged information, negotiated and now desire to resolve all matters respecting the Insider Adversary, upon the terms and conditions set forth below.

**NOW THEREFORE**, for good and valuable consideration, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1. **The Parties.** Trustee, Debtors, and the Settling Defendant shall include any and all of their respective current and former predecessors, successors, assigns, parents, subsidiaries, affiliates, officers, directors, executives, shareholders, partners, members, agents, sureties, insurers, employees, attorneys, purchasers, relatives, heirs, and trusts.

2. **Settlement Sum.** The Settling Defendant shall deliver to the Trustee the sum of $12,500.00 (the "*Settlement Sum*") in full satisfaction of the claims asserted against him in the Insider Adversary, which shall be comprised of cash payments from the Settling Defendant and remaining proceeds of the directors and officers insurance policy (the "*Insurance Proceeds*") which covers the claims raised in the Insider Adversary.

3. **Payment of Settlement Sum.** The Settlement Sum shall be paid by wire transfer or one or more checks delivered to the Trustee. Settling Defendant shall provide payment contemporaneously with the execution of this Settlement Agreement. The Insurance Proceeds shall be provided to the Trustee from the insurance carrier as soon as practicable. The Settlement Sum will be held by the Trustee or her counsel in an IOLTA account until an order approving the Settlement Agreement is entered by the Bankruptcy Court, at which time it will be transferred to the Debtors' estates. The Settlement Sum shall be paid as follows:

**By Wire Transfer**:

Using the wire transfer instructions and form attached hereto as Exhibit A.

**By Check(s)**:

Payable to:   Karen R. Goodman, Chapter 7 Trustee for the estate of Argon Credit, LLC

Delivered to: Arthur G. Simon, Esq.
Crane, Simon, Clar & Goodman
135 S. LaSalle Street, Suite 3705
Chicago, Illinois 60603

If the Court denies the motion to approve the Settlement Agreement, the Settlement Sum shall be returned to the Defendant(s) within 14 days

4. **Claims Waiver**. The Settling Defendant agrees to waive the Claims he has asserted against the Debtors and such claims shall be deemed satisfied in full by this Settlement Agreement.

5. **Conditions of Settlement**. This Settlement Agreement is intended to be one part of a semi-global settlement between the Trustee and the Settling Defendant, among other defendants, and is conditioned upon the occurrence of the effective date of settlements between the Trustee and Canfora, Triffler, Ferro, Hubbard, Faermark, Kuhlman, Margon, Triffler Trust, and Cardinal Trust after such settlements have been approved by the Bankruptcy Court and payment of such settlements have cleared the Trustee's bank account. This Settlement Agreement is also conditioned upon the clearance through the Trustee's bank account of payment of the remaining proceeds of the Insurance Policy.

6. **Effective Date.** This Settlement Agreement will become effective upon the first date on which all of the following conditions have been met (the "*Effective Date*"): (i) the full execution of this Settlement Agreement by each of the Parties; (ii) entry of a final, non-appealable order approving this Settlement Agreement entered by the Bankruptcy Court; (iv) the date on which the Settlement Sum clears the Trustee's bank account; (v) entry of a final, non-appealable order approving settlements between the Trustee and Canfora, Triffler, Ferro, Hubbard, Faermark, Kuhlman, Margon, Triffler Trust, and Cardinal Trust; and (vi) the date on which payments owed by Canfora, Triffler, Ferro, Hubbard, Faermark, Kuhlman, Margon, Triffler Trust, and Cardinal Trust to the Trustee pursuant to settlements with those defendants have cleared the Trustee's bank account.

7. **Dismissal of Insider Adversary**. Within five business days after the later of (i) an order by the Bankruptcy Court authorizing the Trustee to implement the terms of this Agreement becomes a final order and (ii) the Effective Date of this Settlement Agreement, the Trustee will cause the Insider Adversary to be dismissed against the Settling Defendant, with prejudice pursuant to Federal Rule of Bankruptcy Procedure 7041(a)(1)(A) and such dismissal order shall state that the Bankruptcy Court shall retain jurisdiction to enforce this Settlement Agreement. The notice of dismissal shall expressly provide that the Insider Adversary will be dismissed against the Settling Defendant with prejudice with each party to bear its own costs.

8. **Trustee's Release**. The Trustee, solely in her capacity as Chapter 7 trustee for the Debtors, hereby releases the Settling Defendant from any and all claims, demands, obligations, debts, and causes of action of every kind or nature, in law or equity, whether now known or unknown, vested or contingent, that are general and common to the Debtors and their creditors, that have been brought or were able to be brought exclusively by the Trustee, and/or arise from or relate to the Debtors, the operation of their business, and/or the Insider Adversary, including without limitation the claims for relief asserted or that could have been asserted in the Insider Adversary. Notwithstanding the forgoing, the Trustee's Release is not a release, waiver, or discharge of obligations of the Settling Defendant under this Agreement.

9. **Settling Defendant's Release**. The Settling Defendant hereby releases the Trustee, solely in her capacity as the Chapter 7 Trustee for the Debtors, the Debtors, and the Debtors' bankruptcy estates, from any and all claims, demands, obligations, debts, and causes of action of every kind or nature, in law or equity, whether now known or unknown, vested or contingent, that arise from or relate to the Debtors or the operation of their business, including any such claims that could have been asserted by the Settling Defendant in the Insider

Adversary. Notwithstanding the forgoing, the Settling Defendant's Release is not a release, waiver, or discharge of obligations of the Trustee under this Agreement.

10. **Scope of Releases**. It is the intention of the Parties that, notwithstanding the possibility that the Parties or their counsel discover or gain a more complete understanding of the facts, events or law pertaining in any way to the Insider Adversary which, if presently known or fully understood, would have affected the releases in ¶¶ 8-9, this Agreement shall be deemed to have fully, finally and forever settled any and all claims encompassed by the release set forth in ¶¶ 8-9, without regard to the subsequent discovery or existence of different or additional facts, events or law. The Parties expressly waive any and all rights they may have under any statute or common law principle which would limit the effect of the releases in ¶¶ 8-9 to those claims actually known or suspected to exist at the time of the effectiveness of the releases in ¶¶ 8-9. The Parties represent and warrant that they own the rights released herein and they have not assigned or transferred or purported to assign or transfer any of such rights to any other person or entity.

11. **Bankruptcy Court Approval.** Within seven (7) days after the full execution of this Settlement Agreement, the Trustee shall file a motion in the Bankruptcy Court seeking entry of an order approving this Settlement Agreement.

12. **Counterparts.** This Settlement Agreement may be executed in counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same. This Settlement Agreement may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

13. **Authority to Enter into Settlement Agreement.** The undersigned represent and warrant that they have full authority to execute this Settlement Agreement on behalf of their respective Party or client and have obtained all necessary approvals. This Settlement Agreement is the resolution of disputed claims and nothing herein shall be deemed an admission against any Party.

14. **Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

15. **Governing Law.** This Settlement Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of Illinois, without regard to the conflicts of law or principles thereof.

16. **No Admission of Liability.** This Agreement constitutes a compromise of disputed claims, and neither this Agreement nor any of its provisions, terms or conditions constitutes an admission of liability or wrongdoing on the part of any of the Parties. Neither can this Agreement and its provisions, terms or conditions be offered or received into evidence in any action or proceeding as evidence of an admission of liability or wrongdoing.

17. **Successors.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.

**TRUSTEE:**

**KAREN R. GOODMAN,
CHAPTER 7 TRUSTEE FOR THE
ESTATES OF ARGON CREDIT,
LLC AND ARGON X, LLC**

By: _____

Printed Name: _____

Title: _____

**SETTLING DEFENDANT:**

**BRUCE BREITWEISER**

By: _____
        Bruce Breitweiser

# ACH Setup Instructions

Please fax this form to the bank initiating the ACH

**Date:** _____

## Beneficiary Bank Information

**Bank name & address:**

Metropolitan Commercial Bank

99 Park Avenue

New York, NY, 10016

**Bank ABA number:**

▮▮▮▮▮▮▮▮

**Bank phone number:**

(212) 365-6739

## Beneficiary Information

Account Number: ▮▮▮▮▮▮_____

Beneficiary Name: Argon Credit, LLC    Case no. 16-39654 _____

Reference: _____

**Dollar Amount:** _____(not required)

## Contact Information

Fiduciary Name: Karen R. Goodman, Trustee _____

Contact Phone Number: 312-641-6777 _____