UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

Eastern Division

| | | |
|---|---|---|
| In Re: | ) | BK No.:   16-39654 |
| ARGON CREDIT, LLC, et al. | ) | (Jointly Administered) |
| | ) | |
| | ) | Chapter:  7 |
| | ) | Honorable Deborah L. Thorne |
| | ) | |
| Debtor(s) | ) | |

**ORDER GRANTING MOTION FOR ENTRY ORDER: (I) PURSUANT TO BANKRUPTCY
RULE 9019 APPROVING SETTLEMENT WITH CERTAIN ADVERSARY DEFENDANTS,
AND (II) APPROVING PAYMENT OF CONTINGENCY FEE**

This matter coming before the Court upon the motion (the "Motion") of Karen R. Goodman (the "Trustee"), the chapter 7 Trustee in the above-captioned cases, for entry of an order approving the Trustee's settlement with Peter Ferro, Jr., Harry Madanyan, Joseph Canfora, Mark Triffler, John Kuhlman, Bruce Breitweiser, Byron Faermark, Margon LLC ("Margon"), Mark Triffler as trustee of Mark Triffler Declaration of Trust Dated December 5, 1991 ("Triffer Trust"), Barry Edmonson as Trustee of The Cardinal Trust ("Cardinal Trust"), and Meghan Hubbard , and approving payment of the contingency fee to Freeborn & Peters LLP ("Freeborn"); due and proper notice having been given under the circumstances; Little Owl Argon, LLC having filed a limited objection and Fund Recovery Services, LLC having filed a notice of objection, Little Owl Argon, LLC and Fund Recovery Services, LLC both having appeared and were heard by the Court at the hearing the Motion; and for good cause shown;

IT IS HEREBY ORDERED that:

1) The settlement between the Trustee, on the one hand, and Margon, Triffler Trust, Cardinal Trust, Joseph Canfora, Mark Triffler, Peter Ferro, Jr., and Meghan Hubbard, on the other hand, the terms of which are set forth in the Settlement Agreement attached to the Motion as Exhibit 1, is hereby approved.

2) The settlement between the Trustee and Bruce Breitweiser, the terms of which are set forth in the Settlement Agreement attached to the Motion as Exhibit 2, is hereby approved.

3) The settlement between the Trustee and Byron Faermark, the terms of which are set forth in the Settlement Agreement attached to the Motion as Exhibit 3, is hereby approved.

4) The settlement between the Trustee and John Kuhlman, the terms of which are set forth in the Settlement Agreement attached to the Motion as Exhibit 4, is hereby approved.

5) The settlement between the Trustee and Harry Madanyan, the terms of which are set forth in the Settlement Agreement attached to the Motion as Exhibit 5, is hereby approved.

6) The Trustee is authorized to pay Freeborn, on an interim basis, the amount of $80,000.00 representing the Settlement Amount Contingency Fee (as defined in the Motion) due and owing on account of the settlement approved in this Order.

7) Notwithstanding anything to the contrary in the settlement agreements approved by this order, the

terms of the settlement agreements shall only release claims of the estate or the Trustee and shall not release or have any effect on non-derivative, direct claims of third parties, or on defenses to such claims.

Enter:

Honorable Deborah L. Thorne

United States Bankruptcy Judge

Dated:    10/20/2020

**Prepared by:**

Elizabeth L. Janczak

Freeborn & Peters LLP

311 S. Wacker Dr. Suite 3000

Chicago, IL 60606