# EXHIBIT 1

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "*Settlement Agreement*") is made as of November 23, 2020, by and between Karen R. Goodman (the "*Trustee*"), the chapter 7 trustee in the bankruptcy cases of Argon Credit, LLC ("*Argon Credit*") and Argon X, LLC ("*Argon X*" and, together with Argon Credit, the "*Debtors*") on the one side, and Gary Zumski (the "*Settling Defendant*") on the other side.

## RECITALS

**WHEREAS**, on December 16, 2016 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the U.S. Bankruptcy Court for the Northern District of Illinois (the "*Bankruptcy Court*"), which are being jointly administered as Case No. 16-39654;

**WHEREAS**, the Debtors' bankruptcy cases were converted from cases under chapter 11 to cases under chapter 7 on January 11, 2017;

**WHEREAS**, on January 11, 2017, Deborah K. Ebner was appointed the interim chapter 7 trustee of the Debtors' estates;

**WHEREAS**, on April 17, 2017, Deborah K. Ebner resigned as chapter 7 trustee and Eugene Crane (the "*Predecessor Trustee*") was appointed as interim chapter 7 trustee whose appointment was confirmed by the Bankruptcy Court on July 6, 2017;

**WHEREAS**, on June 1, 2020, the Trustee was appointed as the successor chapter 7 trustee after Mr. Crane's resignation;

**WHEREAS**, on December 14, 2018, the Predecessor Trustee filed a complaint as adversary proceeding case number 18-ap-00948 (the "*Adversary Proceeding*") against the Settling Defendant, among others, for claims including breach of fiduciary duty and avoidance and recovery of pre-petition transfers under chapter 5 of the Bankruptcy Code;

**WHEREAS**, the Trustee has stepped into the shoes of the Predecessor Trustee as plaintiff in the Adversary Proceeding;

**WHEREAS**, the Settling Defendant assert that he has certain defenses to the claims asserted by the Trustee in the Adversary Proceeding; and

**WHEREAS**, the Parties have exchanged information, negotiated and now desire to resolve all matters respecting the Adversary Proceeding, upon the terms and conditions set forth below.

**NOW THEREFORE**, for good and valuable consideration, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1.      **Settlement Sum.** The Settling Defendant shall deliver to the Trustee the sum of $75,000.00 (the "*Settlement Sum*") in full satisfaction of the claims asserted against him in the Adversary Proceeding on the following schedule and in the following manner:

      a.  <u>Monthly Payments</u>. The Settlement Sum shall be paid in six (6) monthly installment payments. On or before December 15, 2020, the Settling Defendant shall issue to the Trustee a monthly payment in the amount of $37,500.00. Thereafter, the Settling Defendant shall issue to the Trustee five (5) additional monthly payments each in the amount of $7,500.00 on or before the first day of each month beginning February 1, 2021 with the final monthly payment being due on or before June 1, 2021.

      b.  <u>Delivery</u>. The monthly payments shall be paid by check issued by the Defendant and delivered as follows:

Payable to:      Karen R. Goodman, Chapter 7 Trustee for the estate of Argon Credit, LLC

Delivered to:   Arthur G. Simon, Esq.
                  Crane, Simon, Clar & Goodman
                  135 S. LaSalle Street, Suite 3705
                  Chicago, Illinois 60603

2.      **Consent Judgment**. Contemporaneously with this Settlement Agreement and as an inducement to the Trustee to enter into this Settlement Agreement, the Settling Defendant shall execute the consent judgment (the "*Judgment*") attached hereto as <u>Exhibit 1</u> in the amount of $120,000.00. Settling Defendant shall deliver an executed copy of the Judgment to the Trustee on or before December 15, 2020. The Judgment shall not be enforceable or recordable except upon Settling Defendant's failure to timely make any payment due under this Settlement Agreement and Settling Defendant's failure to cure such default. Upon the expiration of ten (10) days written notice of default and the opportunity to cure, the Trustee shall be permitted to move for, and the Settling Defendant shall not contest, entry of the Judgment if the Settling Defendant fails to timely deliver a monthly payment to the Trustee as set forth in Paragraph 1. The Settling Defendant waives any and all defenses to the entry of and enforcement of the Judgment, including but not limited to any allegation that this Settlement Agreement was induced by fraud, and any and all rights it may have to a stay of proceedings to enter and/or enforce the Judgment, as entered under the terms of this Settlement Agreement. The Settling Defendant expressly consents to the jurisdiction of the United States Bankruptcy Court for the Northern District of Illinois for the entry of the Judgment. Notice pursuant to this paragraph shall be made via e-mail to globalwide08@gmail.com

3.      **Claims Waiver**. The Settling Defendant agrees to waive any and all claims he has asserted against the Debtors or their estates including, without limitation, claims scheduled or filed in these bankruptcy cases and any claims arising from payment of the Settlement Sum pursuant to 11 U.S.C. § 502(d).

4.      **Effective Date.** This Settlement Agreement will become effective upon the first date on which all of the following conditions have been met (the "*Effective Date*"): (i) the full execution of this Settlement Agreement by each of the Parties; (ii) entry of a final, non-appealable

order approving this Settlement Agreement entered by the Bankruptcy Court; and (iii) the date on which the full amount of the Settlement Sum clears the Trustee's bank account.

5.    **Dismissal of Adversary Proceeding**.  Within five business days of the Effective Date of this Settlement Agreement, the Trustee will cause the Adversary Proceeding to be dismissed as against the Settling Defendant with prejudice with each party to bear its own costs.

6.    **Trustee's Release**.  As of the Effective Date, the Trustee, solely in her capacity as Chapter 7 trustee for the Debtors, hereby releases the Settling Defendant from any and all claims, demands, obligations, debts, and causes of action of every kind or nature, in law or equity, whether now known or unknown, vested or contingent, belonging to the Debtors or their estates as of the date of this Settlement Agreement including, without limitation, the claims for relief asserted or that could have been asserted in the Adversary Proceeding. Notwithstanding the forgoing, the Trustee's Release is not a release, waiver, or discharge of obligations of the Settling Defendant under this Settlement Agreement.

7.    **Settling Defendant's Release**.   The Settling Defendant hereby releases the Debtors, their estates, and the Trustee, solely in her capacity as the Chapter 7 Trustee for the Debtors, from any and all claims, demands, obligations, debts, and causes of action of every kind or nature, in law or equity, whether now known or unknown, vested or contingent, arising on or before the date of this Settlement Agreement including, without limitation, all claims filed or scheduled against the Debtors' estates and any claim arising from payment of the Settlement Sum pursuant to 11 U.S.C. § 502(h). Notwithstanding the forgoing, the Settling Defendant's Release is not a release, waiver, or discharge of obligations of the Trustee under this Agreement.

8.    **Bankruptcy Court Approval.**   Within seven (7) days after the full execution of this Settlement Agreement, the Trustee shall file a motion in the Bankruptcy Court seeking entry of an order approving this Settlement Agreement.

9.    **Counterparts.** This Settlement Agreement may be executed in counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same. This Settlement Agreement may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

10.    **Authority to Enter into Settlement Agreement.** The undersigned represent and warrant that they have full authority to execute this Settlement Agreement on behalf of their respective Party or client and have obtained all necessary approvals.  This Settlement Agreement is the resolution of disputed claims and nothing herein shall be deemed an admission against any Party.

11.    **Entire Agreement.**  This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

12.    **Governing Law.**  This Settlement Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of Illinois, without regard to the conflicts of law or principles thereof.

13. **No Admission of Liability.** This Agreement constitutes a compromise of disputed claims, and neither this Agreement nor any of its provisions, terms or conditions constitutes an admission of liability or wrongdoing on the part of any of the Parties. Neither can this Agreement and its provisions, terms or conditions be offered or received into evidence in any action or proceeding as evidence of an admission of liability or wrongdoing.

14. **Successors.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

**TRUSTEE:**

**KAREN R. GOODMAN,**
**CHAPTER 7 TRUSTEE FOR THE**
**ESTATES OF ARGON CREDIT,**
**LLC AND ARGON X, LLC**

By: *Karen R. Goodman*

Printed Name: *Karen R. Goodman*

Title: *Trustee*

**SETTLING DEFENDANT:**

**GARY ZUMSKI**

By: *Gary Zumski*
       Gary Zumski

4

## **EXHIBIT 1**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>ARGON CREDIT, LLC, *et al.*,<br><br>     Debtors. | Case No. 16-39654<br>(Jointly Administered)<br><br>Chapter 7<br><br>Honorable Deborah L. Thorne |
| KAREN R. GOODMAN, the duly appointed and serving Chapter 7 Trustee for the estates of Argon Credit, LLC and Argon X, LLC,<br><br>     Plaintiff,<br><br>v.<br><br>RAVIV WOLFE, *et al.*,<br><br>     Defendants. | 18-ap-00948 |

**CONSENT JUDGMENT**

Pursuant to the terms of the Settlement Agreement by and between Karen R. Goodman (the "*Trustee*"), not individually but solely as the Chapter 7 Trustee of the estates of Argon Credit, LLC ("*Argon Credit*") and Argon X, LLC ("*Argon X*" and, together with Argon Credit, the "*Debtors*") on the one side, and Gary Zumski (the "*Defendant*") on the other side, the Defendant hereby consents to entry of final judgment in favor of the Trustee and against the Defendant in the amount of $120,000.00 on Counts I, III, and XI of the Complaint, plus post-judgment interest at the applicable statutory rate in effect at the time of entry of this Consent Judgment and all post-judgment costs of collection or enforcement, including attorneys' fees. Defendant also consents to entry of final judgment in favor of the Trustee and against the Defendant on Count XII of the Complaint and any and all claims held by Defendant against the Debtors or the Debtors' estates is hereby disallowed pursuant to section 502(d) of the Bankruptcy Code unless and until the Defendant pays the full amount of this Judgment, plus applicable post-judgment interest and costs.

**ACKNOWLEDGED AND AGREED TO BY**:


**GARY ZUMSKI**

By: *Gary Zumski*
_____

Printed Name: _Gary Zumski_____

Title:_Member_____



Dated: _12/01_____, 2020


_____

UNITED STATES BANKRUPTCY
JUDGE