# EXHIBIT 1

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (this "*Settlement Agreement*") is made as of February 15, 2023, by and between Karen R. Goodman (the "*Trustee*"), the chapter 7 trustee in the bankruptcy cases of Argon Credit, LLC ("*Argon Credit*") and Argon X, LLC ("*Argon X*" together with Argon Credit, the "*Debtors*"), on the one side and Little Owl Argon, LLC (the "*Defendant*," and together with the Trustee, the "*Parties*") on the other side.

## RECITALS

**WHEREAS**, on December 16, 2016 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Illinois (the "*Court*"), which are being jointly administered as Case No. 16-39654;

**WHEREAS**, the Debtors' bankruptcy cases were converted from cases under chapter 11 to cases under chapter 7 on January 11, 2017;

**WHEREAS**, on January 11, 2017, Deborah K. Ebner was appointed the interim chapter 7 trustee of the Debtors' estates;

**WHEREAS**, on April 17, 2017, Deborah K. Ebner resigned as chapter 7 trustee and Eugene Crane (the "*Predecessor Trustee*") was appointed as interim chapter 7 trustee whose appointment was confirmed by the Bankruptcy Court on July 6, 2017;

**WHEREAS**, on June 1, 2020, the Trustee was appointed as the successor chapter 7 trustee after Mr. Crane's resignation;

**WHEREAS**, on May 25, 2017, Defendant filed proof of claim number 11 ("*Claim No. 11*") against Argon Credit asserting a claim for money loaned in the amount of $10,481,092.89;

**WHEREAS**, on May 30, 2017, Defendant filed proof of claim number 15 ("*Claim No. 15*") against Argon Credit asserting tort claims causing damages in excess of $9,650,000;

**WHEREAS**, the Trustee is vested with, *inter alia*, the authority to pursue certain causes of action on behalf of the Debtors' estates, including the avoidance and recovery of transfers under chapter 5 of the Bankruptcy Code;

**WHEREAS**, the Trustee asserts that she holds certain claims against the Defendant under state and federal law, including claims under the Bankruptcy Code;

**WHEREAS**, on December 14, 2018, the Predecessor Trustee filed a complaint against the Defendant, among others, asserting claims for, among other things, recharacterization of debt to equity under state and federal law and avoidance and recovery of transfers made by Argon Credit under chapter 5 of the Bankruptcy Code (collectively, the "*Adversary Claims*"), Case No. 18-00947 (Bankr. N.D. Ill.) (the "*Adversary Proceeding*");

**WHEREAS**, the Defendant denies the Trustee's allegations, has asserted certain defenses to the Adversary Claims, and has asserted counterclaims against the Debtors' estates (the "*Counterclaims*"); and

**WHEREAS**, the Parties have exchanged information, negotiated and now desire to resolve all matters respecting the Adversary Claims against the Defendant and Counterclaims against the Debtors' estates, upon the terms and conditions set forth below.

**NOW THEREFORE**, for good and valuable consideration, it is hereby stipulated, consented to and agreed by and between the Parties as follows:

1. **Settlement Sum.** The Defendant shall deliver to the Trustee the sum of $195,000.00 (the "*Settlement Sum*"), in full satisfaction of the Adversary Claims against the Defendant and in exchange for the release and agreement to cooperate described further herein.

2. **Payment of Settlement Sum.** The Settlement Sum shall be paid by the Defendant within two (2) business days of the entry of a final order approving this Settlement Agreement, which shall have become non-appealable. The Settlement Sum shall be paid by wire transfer in accordance with the instructions attached hereto as <u>Exhibit A</u>.

3. **Conditions Precedent to Settlement.** This Settlement Agreement shall become effective upon the first date (the "*Effective Date*") on which all of the following conditions have been met: (i) the execution of this Settlement Agreement by each of the Parties; and (ii) entry of a final, non-appealable order by the Court approving this Settlement Agreement in form and substance acceptable to the Parties; and (iii) payment of the Settlement Sum to the Trustee.

4. **Trustee's Release of Claims Against Defendant.** Upon the Effective Date, and subject to the provisions of this Settlement Agreement, the Trustee, on behalf of the Debtors' estates, shall be deemed to have released, waived, and discharged the Defendant from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law or in equity arising on or before the date of this Settlement Agreement, including, but not limited to, the Adversary Claims.

5. **Defendant's Release of Claims and Allowance of Claim No. 11.** Upon the Effective Date, and subject to the provisions of this Settlement Agreement, the Defendant shall be deemed to have released, waived and discharged the Trustee, the Trustee's predecessor trustees, the Debtors and their estates, and their respective professionals from any and all liabilities, obligations, actions, suits, judgments, claims, causes of action and demands, known or unknown, whatsoever at law or in equity arising on or before the date of this Settlement Agreement, including, but not limited to the Counterclaims, Claim No. 15, and any claim arising from payment of the Settlement Sum pursuant to 11 U.S.C. § 502(h). Notwithstanding the foregoing, the Defendant shall retain and shall not waive Claim No. 11, which shall be allowed as a non-priority unsecured claim upon the Effective Date.

6. **Reinstatement of Claims.** Notwithstanding anything contained to the contrary herein, if the Trustee is compelled by an order of a court of competent jurisdiction or required for any other reason to return, disgorge, or repay any portion of the Settlement Sum, or if the payment of any portion of the Settlement Sum is avoided by the Defendant or any other person or entity acting on behalf of the Defendant or its estate, then the releases given by each party to this Settlement Agreement shall be deemed ineffective, null and void and the full amount of the

Trustee's claims against the Defendant shall be reinstated without any further order of the Court, subject to credit for the payment made pursuant to paragraphs 1 and 2 herein that is not returned, disgorged, repaid, or avoided to the extent allowed by law. However, under such circumstance, the Defendant shall be entitled to assert any and all applicable defenses to the reinstated claim.

7. **Bankruptcy Court Approval.** Within two (2) days after the full execution of this Settlement Agreement, the Trustee shall file a motion with the Court seeking entry of an order approving this Settlement Agreement.

8. **Dismissal of Adversary Claims and Counterclaims.** Within seven (7) days after the Effective Date, the Trustee and Defendant shall file a stipulation dismissing the Adversary Claims against Defendant and Counterclaims against the Debtors' estates with prejudice.

9. **Withdrawal of Claim No. 15.** Upon the Effective Date, Claim No. 15 shall be deemed withdrawn by Defendant and reflected in the order approving this Settlement Agreement.

10. **Trustee's Cooperation with Defendant.** The Trustee shall reasonably cooperate with the Defendant in connection with any reasonable requests for copying and production of the Debtors' documents and electronically-stored information, at Defendant's expense, which Defendant will request in connection with Defendant's defense of claims asserted against Defendant in the litigation styled as *Fund Recovery Services, LLC v. RBC Capital Markets, LLC et al.*, 2022-L-009861 pending in Cook County, Illinois. Defendant shall be responsible for all attorneys' fees and costs incurred by the Trustee in connection with the Trustee's cooperation responsibilities under this paragraph. The Trustee will provide the Defendant thirty (30) days' notice of her intent to seek closure of the Debtors' bankruptcy case and the Defendant will have seven (7) days from the receipt of such notice to make any requests for documents and electronically-stored information pursuant to this paragraph 10. If no timely request is made, the Trustee's obligations under this paragraph shall terminate.

11. **Counterparts.** This Settlement Agreement may be executed in counterparts each of which shall be deemed an original, but all of which together shall constitute one and the same. This Settlement Agreement may be signed and transmitted electronically or by facsimile, which shall be deemed to have the full force and effect of original ink signatures.

12. **Authority to Enter into Settlement Agreement.** The undersigned represent and warrant that they have full authority to execute this Settlement Agreement on behalf of their respective Party or client and have obtained all necessary approvals. This Settlement Agreement is the resolution of disputed claims and nothing herein shall be deemed an admission against either party.

13. **Entire Agreement.** This Settlement Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

14. **Governing Law.** This Settlement Agreement shall be construed and enforced in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of Illinois, without regard to the conflicts of law or principles thereof.

15. **Successors.** This Settlement Agreement shall be binding upon and inure to the benefit of the Parties' respective assigns and successors, including trustees and receivers.

| KAREN R. GOODMAN, CHAPTER 7 TRUSTEE FOR THE ESTATES OF ARGON CREDIT, LLC AND ARGON X, LLC | LITTLE OWL ARGON, LLC |
|---|---|
| By: *[signature]* <br> Printed Name: Karen R. Goodman | By: *[signature]* <br> Printed Name: Jill Newman <br> Title: Manager |