**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: ) | Case No. 16-39654 |
| ) | (Jointly Administered) |
| ARGON CREDIT, LLC, *et al*, ) | |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | Hon. Deborah L. Thorne |
| ) | |
| ) | |

**SUPPLEMENTAL DECLARATION OF SHELLY A. DEROUSSE ON**
**BEHALF OF SMITH GAMBRELL & RUSSELL LLP AND ITS ATTORNEYS,**
**COUNSEL TO THE CHAPTER 7 TRUSTEE**

I, Shelly A. DeRousse, hereby declare under penalty of perjury:

1.　　I was a partner in the Bankruptcy, Reorganization and Financial Restructuring Practice Group of the law firm of Freeborn & Peters LLP ("Freeborn") and am now a partner with Smith Gambrell & Russell, LLP, located at 311 South Wacker Drive in Chicago, Illinois. In that capacity, I am authorized to submit this Supplemental Declaration, on behalf of Smith Gambrell & Russell LLP, formerly known as Freeborn, and Shelly A. DeRousse and Elizabeth L. Janczak (collectively, "SGR"), pursuant to Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), in further support of the *Motion of Trustee for Authority to Employ Special Counsel* (the "Application") in the chapter 7 cases of Argon Credit, LLC and Argon X LLC (collectively, the "Debtors").

2.　　I am duly admitted to practice law in the State of Illinois, the U.S. District for the Northern District of Illinois, and before this Court.

3.　　I make this Declaration from information derived from the business records of SGR. I will supplement this Declaration as required by Bankruptcy Rule 2014 if and when additional information becomes available concerning any relationship or connection between the

Debtors, their creditors or interest holders, and SGR based on information that comes to my attention.

## **Qualification of Professionals**

4. On July 11, 2017, the Court entered an order authorizing Eugene Crane, as chapter 7 trustee, to employ me and Freeborn as special counsel retroactive to June 1, 2017. On June 1, 2020, Karen Goodman was appointed as successor chapter 7 trustee after Mr. Crane's resignation. Freeborn and I continued to represent Ms. Goodman (the "Trustee"), as chapter 7 trustee.

5. On April 1, 2023, Freeborn and Smith Gambrell & Russell, LLP combined to form SGR. Shelly A. DeRousse and Elizabeth L. Janczak remain partners of SGR.

## **Services to be Rendered**

6. SGR will continue to provide a same range of services required to represent the Trustee in the course of the chapter 7 cases as special counsel, which may include:

   a. Advising the Trustee on legal issues as they arise;

   b. Advising the Trustee on motions and pleadings filed parties-in-interest and responding to the same;

   c. Investigating the Debtors' assets and pre-bankruptcy conduct;

   d. Analyzing the perfection and priority of the liens of the Debtors' secured creditors;

   e. Preparing, on behalf of the Trustee, all necessary motions, applications, pleadings, reports, responses, objections and other papers;

   f. Representing and advising the Trustee in analysis and pursuit of claims against the Debtors' insiders and Fund Recovery Services with fees to be charged on an hourly basis;

   g. Pursuing chapter 5 causes of action with fees to be charged on a contingency fee basis (the "Contingency Fees"), as previously been approved by the Court;

   h. Assisting and advising the Trustee in case administration, as necessary; and

   i. Providing such other services as are necessary and related to the above tasks.

**Hourly Rates of SGR's Professionals and Anticipated Expenses**

7. SGR will charge for its legal services the same hourly rates in accordance with its standard billing procedures as was charged by Freeborn. These rates range from $340 per hour for new associates to $1,050 per hour for senior partners. Paraprofessional services range from $175 per hour to $395 per hour.

8. SGR will continue to maintain detailed records of any actual and necessary costs incurred in connection with the aforementioned legal services. SGR intends to apply to the Court for compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, further orders of this Court and the guidelines established by the Office of the United States Trustee for all services performed and expenses incurred.

9. SGR understands that, notwithstanding any Court-approved procedures for interim compensation and reimbursement of expenses, any and all compensation for legal services rendered and expenses incurred on behalf of the Committee during the above-captioned cases shall be subject to Court approval, after notice and a hearing. SGR further understands that the sole source of such compensation shall be from the Debtors' bankruptcy estates.

**SGR is a "Disinterested Person" Under Section 101(14) of the Bankruptcy Code**

10. To the best of my knowledge, neither I, SGR, nor any partner or associate thereof, insofar as I have been able to ascertain and except as set forth below: (a) hold or represent any interest adverse to the Debtors or their estates, largest creditors, or equity security holders; or (b) represent any other entity in connection with these cases having an interest adverse to the Committee. Further, insofar as I have been able to ascertain, other than in connection with these cases or as set forth below, SGR has no connection (connection being defined as a familial or professional relationship) with the Debtors, their creditors, or any other party-in-interest herein, or

6230873v1/34825-0001

their respective attorneys or accountants, or the United States Trustee or any person employed in the Office of the United States Trustee, except as set forth below.  Accordingly, I believe SGR is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

11. SGR is conducting a continuing inquiry to ascertain whether there exists any situation which would affect, or appear to affect, SGR's status as a "disinterested person."  If additional disclosure is required, I will promptly file a supplemental declaration with this Court after this inquiry is completed.

12. SGR has not entered into any arrangement to share any compensation that may be awarded by the Court, except as permitted under section 504(b) of the Bankruptcy Code.  SGR further states, in accordance with Bankruptcy Rule 5002, that no attorney is a relative of the bankruptcy judge assigned to the Debtors' cases.

I state hereby under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:  April 26, 2023    /s/ Shelly A. DeRousse
Shelly A. DeRousse