**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| IN RE: | ) | Case No. 16-39654 |
|  | ) | (Jointly Administered) |
| ARGON CREDIT, LLC, *et al*, | ) |  |
|  | ) | Chapter 7 |
| Debtors. | ) |  |
|  | ) | Hon. Deborah L. Thorne |
|  | ) |  |
|  | ) | Hearing Date: January 17, 2024 at 10:45 a.m. |

**COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF
SMITH GAMBRELL & RUSSELL LLP AS SPECIAL COUNSEL TO THE TRUSTEE**

Name of Applicant:           Smith Gambrell & Russell LLP

Authorized to Provide        Karen R. Goodman, as chapter 7 trustee
Professional Services to:

Date of retention:           July 11, 2017 *nunc pro tunc* to June 1, 2017

Period for which
compensation and
reimbursement is sought:     April 1, 2023 through September 22, 2023

Amount of hourly compensation
sought as actual,
reasonable and necessary:          $17,251.00

Amount of reimbursement
sought as actual,
reasonable and necessary:          $144.60

This is an ___ interim _X_ final application

2

Prior Fee Applications Filed by Applicant:   Not by SGR. Prior applications by predecessor in interest – Freeborn & Peters LLP

| Hourly Fees & Expenses (Final Basis Through 3/31/2023) | | | | |
|---|---|---|---|---|
| Date Filed | Date Allowed | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
| 4/27/2023 | 5/18/2023 | $242,466.17 | $242,466.17 | $242,466.17 |

| Contingency Fees (Final Basis Through 3/31/2023) | | | | |
|---|---|---|---|---|
| Date Filed | Date Allowed | Total Requested Fees | Total Allowed Fees | Fees Previously Paid |
| 4/27/2023 | 5/18/2023 | $229,363.30 | $229,363.30 | $229,363.30 |

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-39654 |
| | ) | (Jointly Administered) |
| ARGON CREDIT, LLC, *et al*, | ) | |
| | ) | Chapter 7 |
| Debtors. | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: January 17, 2024 at 10:45 a.m. |

**FIRST AND FINAL APPLICATION OF SMITH GAMBRELL & RUSSELL LLP**
**AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE**

Smith Gambrell & Russell LLP ("*SGR*") as special counsel to Karen R. Goodman (the

"*Trustee*"), the duly appointed and serving chapter 7 trustee for the estates of Argon Credit, LLC

and Argon X, LLC (collectively, the "*Debtors*") submits this application (the "*Application*"), for

entry of an order: (a) for allowance and final approval of $17,251.00 in compensation for legal

services rendered by SGR to the Trustee for the period of April 1, 2023 through September 22,

2023 (the "*Fee Application Period*"), (b) for reimbursement of $144.60 for actual and necessary

expenses incurred by SGR during the Fee Application Period, and (c) authorizing the Trustee to

pay SGR compensation and reimbursement of expenses in the aggregate amount of $17,395.60,

representing all unpaid amounts requested herein.

**JURISDICTION AND VENUE**

1.      The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of

title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States

District Court for the Northern District of Illinois.  This is a core proceeding pursuant to section

157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections

1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

## BACKGROUND

3. On December 16, 2016 (the "*Petition Date*"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United State Code (the "*Bankruptcy Code*").

4. On January 11, 2017, the Debtors' bankruptcy cases were converted from cases under chapter 11 to cases under chapter 7.

5. Deborah K. Ebner was appointed the interim chapter 7 trustee of the Debtors' estates, but resigned on April 17, 2017.

6. Eugene Crane was appointed as interim chapter 7 trustee on April 17, 2017 and confirmed by the Court on July 6, 2017.

7. Mr. Crane was confirmed as the duly appointed chapter 7 trustee after litigating a disputed election of another chapter 7 trustee against Fund Recovery Services, LLC ("*FRS*"), the secured lender to Argon X and unsecured creditor of Argon Credit.

8. On July 11, 2017, the Court entered an order authorizing the Trustee to employ Shelly A. DeRousse and Freeborn & Peters LLP ("*Freeborn*") as special counsel retroactive to June 1, 2017 with respect to the following matters on the following bases:

 a. the disputed trustee election with fees to be charged on an hourly basis;

 b. analysis and pursuit of claims against the Debtors' insiders and FRS with fees to be charged on an hourly basis; and

 c. pursuit of chapter 5 causes of action with fees to be charged on a contingency fee basis (the "*Contingency Fees*").

(ECF No. 207).

9.      On June 1, 2020, the Trustee was appointed as the successor chapter 7 trustee after Mr. Crane's resignation.

10.     On July 30, 2020, the Court entered an order authorizing the Trustee to retain Ms. DeRousse and Freeborn on the same terms as previously approved with respect to Mr. Crane. (ECF No. 505). The scope of this retention included legal work performed at the request of the Trustee on an hourly basis, other than the Contingency Fee-related services.

11.     On April 1, 2023, Freeborn combined with SGR. Ms. DeRousse and her colleagues continued to represent the Trustee as attorneys of SGR.

12.     On April 26, 2023, Ms. DeRousse filed a supplemental declaration in support of her continued representation of the Trustee, disclosing all connections between SGR and parties-in-interest in these cases and representing that SGR continues to be disinterested.

13.     On May 18, 2023, the Court entered an order granting Freeborn's second and final fee application allowing Freeborn, on a final basis: (i) $239,768.00 in hourly fees; (ii) $229,363.30 in Contingency Fees; and (iii) $2,698.17 in expenses.

14.     As of the date of this Application, Freeborn has been paid in full on account of all fees and expenses owed to it. SGR has not received payment on account of any of the fees or expenses requested in this Application.

## **RELIEF REQUESTED**

15.     This Application reflects services rendered, and expenses incurred, by SGR as special counsel to the Trustee from April 1, 2023 through September 22, 2023, the Fee Application Period. This request represents SGR's first and final request for allowance and payment of

compensation and reimbursement of expenses for services rendered as special counsel to the Trustee relating to the hourly fees.

16.     For the Fee Application Period, SGR seeks final approval of compensation in the amount of $17,251.00 in hourly fees and $144.60 in reimbursable expenses, for a total of $17,395.60. SGR has not previously sought approval of fees and expenses incurred for the period of April 1, 2023 through September 22, 2023. SGR's billing statements are included in Group Exhibit A, attached to this Application.

## DISCUSSION

17.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . .  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

18.     The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal have recognized that:

[I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation.  It is easy to speculate in retrospect that the work could have been

4

done in less time or with fewer attorneys or with an associate rather than a partner. On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

19.     In reviewing the Application, the Court should be guided by the Seventh Circuit's instruction to ascertain whether such services were rendered and billed in accordance with the established market for legal services in similar matters:

[I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price.  It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . .  Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts.")

20.     In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS). *Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

21.     In evaluating the Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by SGR's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained,

5

the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases. *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

22.    SGR's hourly rates of compensation for its attorneys and para-professionals during the Fee Application Period range from $125 to $1,125 (however, no professional with an hourly rate in excess of $570 has performed services herein). Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise and standing for similar services in this jurisdiction. SGR consistently and consciously made every reasonable effort to represent the Trustee in the most economical, efficient and practical manner possible.

23.    A summary of the compensation requested herein regarding each of SGR's professionals and para-professionals is set forth below:

| Timekeeper | Title | Year of Illinois Bar Admission | Rate | Hrs. | Total |
|---|---|---|---|---|---|
| DeRousse, Shelly A. | Partner | 2001 | $ 570.00 | 3.6 | $ 2,052.00 |
| Janczak, Elizabeth L. | Partner | 2010 | $ 490.00 | 27.5 | $ 13,475.00 |
| Rower, Kirstin N. | Paralegal | N/A | $ 305.00 | 0.8 | $ 244.00 |
| Stadel, Eric H. | Litigation Technology Analyst | N/A | $ 400.00 | 1.0 | $ 400.00 |
| Webster, Jacqueline E. | Paralegal | N/A | $ 300.00 | 3.6 | $ 1,080.00 |
| | | | **Totals:** | **36.5** | **$ 17,251.00** |
| | | | **Blended Rate:** | | **$ 472.63** |

24.    No agreement or understanding exists between SGR and any other person for the sharing of compensation received or to be received in connection with these cases, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

25.    SGR reserves the right to correct, amend or supplement this Application, including to seek payment in the event this Application is not approved in full.

**SERVICES PERFORMED**

26.     SGR's hourly fee services fell into one of two categories: (1) general estate services, and (2) retention and fee application matters.

A.  General Estate Services

27.     During the Fee Application Period, Freeborn spent 29.1 hours at a cost of $13,874.00 on general estate matters specifically requested by the Trustee. Time in this category primarily includes time spent reviewing, analyzing, and resolving the final amount of FRS' claims for distribution purposes and preparing, filing, and litigating the motion to dismiss the Trustee from the *Kitchen v. Fund Recovery Services, LLC et al.* adversary proceeding, Case No. 21-00048.

B.  Retention and Fee Applications

28.     During the Fee Application Period, SGR spent 7.4 hours at a cost of $3,377.00 relating to retention and fee application matters. Time in this category primarily includes time spent preparing and filing Freeborn's second and final fee application, and preparing this Application.

**REIMBURSABLE EXPENSES**

29.     SGR seeks final approval of reimbursable expenses in the amount of $144.60. SGR incurred expenses during the Fee Application Period relating to postage for service of Freeborn & Peters LLP's final fee application.

30.     All expenses incurred by SGR in connection with its representation of the Trustee were ordinary and necessary expenses.  These expenses were billed in the same manner as SGR bills non-bankruptcy clients.

31.     SGR does not bill its clients or seek compensation in this Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions.  Such expenses are factored into SGR's hourly rates.  SGR has not

7

included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

## BENEFIT TO THE ESTATES

32.     During the Fee Application Period, SGR provided substantial assistance to the Trustee in connection with various estate matters including dismissal of the Trustee from the Kitchen Action, stipulating to the amount of FRS' claim for distribution purposes, and finalizing other open matters so that the estates can be closed and distributions made. Accordingly, SGR submits that its services have provided substantial benefits to the estates.

## NOTICE

33.     Twenty-one days' notice of this Application has been provided to the Debtors and their counsel, the Trustee, all other parties-in-interest that have requested pursuant to Bankruptcy Rule 2002, and all creditors identified on the Debtors' creditor mailing matrix.

**WHEREFORE**, SGR respectfully requests that the Court enter an order:

(a)     allowing SGR, on a final basis, $17,251.00 in compensation representing the hourly fees for the Fee Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b)     allowing SGR, on a final basis, $144.60 in reimbursable expenses for the Fee Application Period as chapter 7 administrative expenses of the Debtors' estates pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c)     authorizing payment to SGR of $17,395.60, representing all unpaid amounts requested herein for the Fee Application Period; and

(d)     granting such other and further relief as the Court deems just and proper.

Dated:  October 23, 2023

**KAREN R. GOODMAN, CHAPTER 7 TRUSTEE**

By: /s/ Elizabeth L. Janczak
   One of Her Attorneys

Shelly A. DeRousse, Esq.
Elizabeth L. Janczak, Esq.
SMITH GAMBRELL & RUSSELL LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:   312.360.6520
sderousse@sgrlaw.com
ejanczak@sgrlaw.com

*Counsel to the Trustee*

9